UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEXTEC APPLICATIONS, INC., ) | |
| Plaintiff, ) | |
| ) | Case No. 07 CV 6901 (RJH) (THK) |
| v. ) | |
| BROOKWOOD COMPANIES, INC., ) | **ANSWER OF DEFENDANT** |
| and THE HALLWOOD GROUP, INC., ) | **BROOKWOOD COMPANIES, INC.** |
| Defendants. ) | Electronically Filed |

Defendant Brookwood Companies, Inc. ("Brookwood") hereby responds to the allegations contained in the Complaint filed by Nextec Applications, Inc. ("Nextec") as set forth below:

1. Brookwood admits that Nextec is asserting a claim under the patent laws of the United States, Title 35, United States Code, and that the Federal courts have general jurisdiction over claims of this nature pursuant to 28 U.S.C. § 1338(a).  Except as specifically admitted, the allegations of Paragraph 1 are denied and, insofar as the plaintiff's Complaint is attempting to assert a claim for alleged infringement based on the manufacture and sale of products in satisfaction or partial satisfaction of contracts with the United States Government, this Court lacks subject matter jurisdiction over such claims pursuant to 28 U.S.C. § 1498(a).

2. Brookwood admits that its company offices are located in this District and that it has engaged in business activities within this judicial district.  Except as specifically admitted, the allegations of Paragraph 2 of the Complaint are denied.

3. Brookwood does not have knowledge or information sufficient to form a belief concerning the truth of the allegations made in Paragraph 3 of the Complaint and the same are, therefore, denied.

4. Admitted.

5. Admitted.

6. Brookwood's responses to the allegations contained in Paragraphs 1-5, above, are incorporated herein by reference.

7. Brookwood admits that the various patent numbers, respective titles, and respective issue dates as listed in Paragraph 7 of the Complaint appear to be accurate. Brookwood does not possess knowledge or information sufficient to form a belief concerning the truth of the allegation concerning the ownership of the various patent rights and the same are, therefore, denied.

8. Brookwood does not possess knowledge or information sufficient to form a belief concerning the truth of the allegations made in Paragraph 8 of the Complaint and the same are, therefore, denied.

9. Denied.

10. Brookwood's responses to the allegations contained in Paragraphs 1-9, above, are incorporated herein by reference.

11. Brookwood admits that the '051 patent was issued by the United States Patent and Trademark Office on May 23, 1995 and that a copy of the patent is attached to the Complaint as Exhibit A. Brookwood does not possess knowledge or information sufficient to form a belief concerning the truth of the allegations relating to the ownership of the patent as alleged in Paragraph 11, so that allegation, and any remaining allegations in Paragraph 11, are denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Brookwood's responses to the allegations contained in Paragraphs 1-15, above, are incorporated herein by reference.

17. Brookwood admits that the '245 patent was issued by the United States Patent and Trademark Office on January 25, 1999 and that a copy of the patent is attached to the Complaint as Exhibit B. Brookwood does not possess knowledge or information sufficient to form a belief concerning the truth of the allegation relating to the ownership of the patent as alleged in Paragraph 17, so that allegation, and any remaining allegations in Paragraph 17, are denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Brookwood's responses to the allegations contained in Paragraphs 1-21, above, are incorporated herein by reference.

23. Brookwood admits that the '172 patent was issued by the United States Patent and Trademark Office on February 9, 1999 and that a copy of the '172 patent is attached to the Complaint as Exhibit C. Brookwood does not possess knowledge or information sufficient to form a belief concerning the truth of the allegation relating to the ownership of the patent as alleged in Paragraph 23, so that allegation, and any remaining allegations in Paragraph 23, are denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Brookwood's responses to the allegations contained in Paragraphs 1-27, above, are incorporated herein by reference.

29. Brookwood admits that the '602 patent was issued by the United States Patent and Trademark Office on June 6, 2000 and that a copy of the '602 patent is attached to the Complaint as Exhibit D.  Brookwood does not possess knowledge or information sufficient to form a belief concerning the truth of the allegation relating to the ownership of the patent as alleged in Paragraph 29, so that allegation, and any remaining allegations in Paragraph 29, are denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Brookwood's responses to the allegations contained in Paragraphs 1-33, above, are incorporated herein by reference.

35. Brookwood admits that the '978 patent was issued by the United States Patent and Trademark Office on October 10, 2000 and that a copy of the '978 patent is attached to the Complaint as Exhibit E.  Brookwood does not possess knowledge or information sufficient to form a belief concerning the truth of the allegation relating to the ownership of the patent as alleged in Paragraph 35, so that allegation, and any remaining allegations in Paragraph 35, are denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted within the meaning of Rule 12(b)(6), Fed.R.Civ.P.

2. Insofar as plaintiff's Complaint attempts to assert a claim for the alleged infringement of any patent rights owned by Nextec based on the sale of any products in satisfaction or partial satisfaction of any contracts with the United States Government, this Court lacks subject matter jurisdiction over any such claims pursuant to 28 U.S.C. § 1498(a).

3. On information and belief, the claims asserted in this action from the patents-in-suit are invalid for failure to comply with one or more of the requirements of the United States Patent Act, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, defendant Brookwood prays for a judgment:

1. dismissing the Complaint against it with prejudice;

2. that this case be declared exceptional within the meaning of 35 U.S.C. § 285, thereby entitling Brookwood to a recovery of its costs including reasonable attorneys' fees; and

3. for such other relief as the Court deems just and proper.

Respectfully submitted,

ALSTON & BIRD LLP

By:   s/Amy S. Manning
     Thomas J. Parker
     Amy S. Manning
     ALSTON & BIRD LLP
     90 Park Avenue
     New York, NY 10016-1387
     Telephone: (212) 210-9400
     Facsimile: (212) 210-9444

     Blas P. Arroyo (NC Bar No. 9680)
     101 South Tryon Street, Suite 4000
     Charlotte, North Carolina 28280
     Telephone:  (704) 444-1000
     Facsimile:  (704) 444-1111

     Attorneys for Defendant
     BROOKWOOD COMPANIES, INC.