USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/19/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
NEXTEC APPLICATIONS, INC.,
a Georgia corporation,

        Plaintiff,

        v.

BROOKWOOD COMPANIES, INC.,
a Delaware Corporation; and
THE HALLWOOD GROUP, INC.,
a Delaware corporation,

        Defendants.
-------------------------------------------------------------x

ECF Case 07CV6901 (RJH)

**JOINT REPORT OF RULE 26(f) CONFERENCE** AND ORDER

    Pursuant to Rule 26(f), Fed. R. Civ. P., and the directive in the Court's Initial Scheduling Conference Notice and Order filed in this matter on September 17, 2007, counsel for Plaintiff Nextec Applications, Inc. ("Nextec") and Defendant Brookwood Companies, Inc. ("Brookwood") have conferred on several occasions in an effort to agree on a schedule for this matter. While counsel have reached agreement on a number of points, including a general framework for scheduling various deadlines in the action relative to the close of discovery, the parties disagree on the appropriate term for discovery.

    The following summarizes the information requested in the Initial Scheduling Conference Notice, and the parties' various points of agreement, for the Court's consideration in advance of the Scheduling Conference presently scheduled in this matter for November 16, 2007 at 10:30 a.m.

1.     Description of the Case:

    a.     The Attorneys of Record for each party are:

For Plaintiff Nextec:

Kesari Ruza, Esq.
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza 24th Floor
New York, New York 10112
Telephone: (212) 332-3828
Facsimile: (212) 332-3888
Lead Trial Attorney: Amar Thakur, Esq.

For Defendant Brookwood:

Thomas J. Parker, Esq.
ALSTON & BIRD LLP
90 Park Avenue
New York, New York 10016-1387
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
Lead Trial Attorney: Blas P. Arroyo, Esq.

b.    Basis for Federal Jurisdiction:

This action arises under the Patent Laws of the United States, Title 35, United States Code. This Court has jurisdiction over the claims for alleged patent infringement based on the manufacture and sale of the accused products to the "civilian market" pursuant to 28 U.S.C. § 1338(a). In its Answer, Brookwood has plead that jurisdiction over any claims for alleged infringement based on sales in satisfaction of contracts with the United States Government vest exclusively in the Court of Federal Claims pursuant to 28 U.S.C. § 1498(a). Nextec disagrees with Brookwood and contends that this Court has jurisdiction over all of the claims alleged in the Complaint.

c.    Claims Asserted in the Complaint:

Nextec asserts that Brookwood has infringed one or more claims of the patents identified in the Complaint (the "Patents-in-Suit") by manufacturing, offering for sale, and selling, without Nextec's authority, products embodying the claimed invention(s).

2

d.  Major Legal and Factual Issues in the Case:

As noted, this is an action by Nextec for the alleged infringement of five United States patents identified in the Complaint in this matter. These patents generally relate to fabrics that have been coated with a polymer material (i.e. silicone) that has been "shear thinned" to provide moisture resistance and related properties. The principal legal and factual issues in the case concern (i) whether or not Brookwood has manufactured fabric products that infringe the claims of the patents asserted by Nextec in this action; (ii) whether the patent claims asserted by Nextec are valid based on the requirements of the Patent Act, 35 U.S.C. § 1 *et. seq*; and, in the event Nextec were to prevail on the issues enumerated above, additional issues would include the amount of any damages that should be awarded to Nextec for any actual infringement.

e.  Relief Sought:

Nextec seeks a judgment that Brookwood has infringed each of the Patents-in-Suit, an award of damages for infringement of each of the Patents-in-Suit in an amount to be determined at trial, additional damages for willful infringement of each of the Patents-in-Suit in an amount to be determined at trial, a permanent injunction prohibiting Brookwood and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, from further infringement of each of the Patents-in-Suit, and such other and further relief as requested in the Complaint.

Brookwood seeks a dismissal of the plaintiff's claims for alleged infringement and additionally seeks a declaration that this is an "exceptional case" within the meaning of 35 U.S.C. § 285, thereby entitling Brookwood to recover its reasonable attorneys' fees incurred in the defense of this action.

2.  Proposed Case Management Plan:

The parties have agreed on the general parameters of the schedule relative to the discovery cut-off date. The parties disagree on the proposed cut-off date, however. Nextec proposes March 31, 2008 as the cut-off date for factual discovery, while Brookwood proposes August 30, 2008.

Brookwood believes that approximately ten months are needed in order to fully investigate and develop the issues in this case. As noted, the case involves five United States patents that are asserted in the Complaint. These five patents are actually part of a larger group of almost 25 patents claiming related subject matter, all of which have relevant prosecution histories that have to be considered and that will impact the relative scope of discovery that will have to be conducted. These patents claim priority from an application that was filed almost twenty years ago, on March 14, 1988, so that the events potentially bearing on the issues in this case span a relatively long time frame (beginning with the alleged invention). In addition the alleged developments described in the patents of interest were apparently made by predecessors in interest to the named plaintiff in the present action which will likely require discovery of third parties that is inherently more time consuming based on experience.

Nextec opposes setting such a lengthy period of discovery at the outset, and believes six months are adequate to complete fact discovery in this case. If, during the course of discovery it becomes apparent that more time is necessary, it can be appropriately addressed to the Court at that time.

The position of the parties may be addressed further at the conference presently scheduled for November 16, 2007. Meanwhile, the parties have agreed on the additional framework, relative to the discovery cut-off date adopted by the Court, as set forth below.

   a.  Pending motions: None.

4

    b.    Cutoff for joinder of additional parties: December 15, 2007.

    c.    Cutoff date for amendments to pleadings: December 15, 2007.

    d.    Schedule for completion of discovery:

        i.    Date for Rule 26(a)(1) disclosures: November 14, 2007

        ii.    Fact discovery completion date: ~~Disputed (see above).~~ May 15, 2008

        iii.    Date for Rule 26(a)(2) disclosures: ~~Forty-five (45) days prior to fact discovery cut-off.~~ June 13, 2008

        iv.    Date for delivery of expert reports: ~~Forty-five (45) days prior to fact discovery cut-off.~~ June 13, 2008

        v.    Date for delivery of rebuttal expert reports: ~~Thirty (30) days after service of opening expert reports.~~ July 11, 2008

        vi.    Expert discovery completion date: ~~Thirty (30) days following close of fact discovery.~~ August 15, 2008

    e.    Date for filing dispositive motions: ~~Sixty (60) days following close of fact discovery.~~ August 15, 2008

    f.    Date for filing final pretrial order: ~~Sixty (60) days after deadline for filing dispositive motions.~~ To be determined

    g.    Trial:

        i.    A jury trial has been requested;

        ii.    The probable length of trial is estimated at approximately 5 days; and

        iii.    As presently advised, this case is expected to be ready for trial on or after 30 days following the submission of Final Pretrial Conference Order.

3.    Consent to Proceed Before a Magistrate Judge: The parties do not consent to proceed before a Magistrate Judge.

4. Status of Settlement Discussions: The parties have not engaged in settlement discussions at this point. Counsel have conferred on the potential for settlement discussions, including the possibility of a mediated settlement conference in the matter, once at least initial discovery has been completed. Counsel for the parties will continue to confer on the appropriate timing for settlement discussions.

5. Additional Matters:

Brookwood proposes that the operation of Local Rule 33.3, which imposes limitations on the permissible scope of interrogatories, be suspended for purposes of this case. It is Brookwood's position that interrogatories are the most efficient mechanism for obtaining necessary information in patent cases, especially with respect to infringement contentions and to identify possible claim interpretation issues potentially requiring additional proceedings before the Court.

Nextec does not agree to waive the operation of Local Rule 33.3. It is Nextec's position that Local Rule 33.3 can only be suspended upon mutual agreement of the parties.

Dated: New York, New York
October 24, 2007

Respectfully Submitted,

_____
Kesari Ruza, Esq.
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza 24th Floor
New York, New York 10112
Telephone: (212) 332-3828
Facsimile: (212) 332-3888

*Attorneys for Plaintiff*
*Nextec Applications, Inc.*

6. A status conference shall be held on May 16, 2008 at 10:00 am.

_____
Thomas J. Parker, Esq.
Amy Manning, Esq.
ALSTON & BIRD LLP
90 Park Avenue
New York, New York 10016-1387
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Attorneys for Defendant*
*Brookwood Companies, Inc.*



SO ORDERED