USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/7/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

)
NEXTEC APPLICATIONS, INC.,            )
                                      )
            Plaintiff,                )   Case No. 07 CV 6901 (RJH)
                                      )
v.                                    )
                                      )   **STIPULATED PROTECTIVE ORDER**
BROOKWOOD COMPANIES, INC.,            )
and THE HALLWOOD GROUP, INC.,         )
                                      )
            Defendants.               )
                                      )

Upon stipulation of the parties for a Stipulated Protective Order ("Order") to preserve the confidentiality of important competitive information pursuant to Rules 26(c)(6) and (7) of the Federal Rules of Civil Procedure, and the Court being fully advised,

IT IS HEREBY ORDERED THAT:

1.      All "Confidential Information" belonging to a party which is produced or exchanged in the course of this litigation shall be used solely for purposes of this litigation and cannot be used for any other purpose whatsoever.

2.      "Confidential Information" as used herein means any type or classification of proprietary information which is designated as "Confidential" or "Secret - Counsel's Eyes Only" by the producing party, including but not limited to (a) confidential business information embodied in documents and things; and (b) information revealed during a deposition, or in response to a written discovery request.

The producing party will designate as "Confidential" or "Secret - Counsel's Eyes Only" only such information that it, in good faith, believes contains confidential information, i.e., information that is not otherwise publicly discernible, discoverable, or available.

JAN - 3 2008

3. "Secret – Counsel's Eyes Only" as used herein means and applies to: (a) any type of proprietary information, document, or thing that is "Confidential" as defined above, and the disclosure of which the producing party believes would cause substantial and/or irreparable harm to the producing party's business operations or interests; (b) data derived from such information, including any summaries, compilations, quotes, or paraphrases; and (c) any other oral, written, or recorded material which consists of or contains trade secrets (in accordance with New York law or any other applicable law).

4. "Document" or "Documents" as used herein mean and include, but are not limited to, records, exhibits, reports, samples, transcripts, video or audio recordings, computer files, disks, affidavits, briefs, pleadings, summaries, notes, abstracts, drawings, company records and reports, answers to interrogatories, responses to requests for admissions or document requests, and motions, including copies or computer-stored versions of any of the foregoing, as well as anything meeting the definition of a "writing" as used in Rule 26.3 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York and Fed. R. Evid. 1001.

5. "Qualified Person" as used herein means:

(a) All outside counsel of record in this litigation who are actively engaged in trial preparation in this case, and employees of such counsel to whom it is necessary that the material be disclosed for purposes of this litigation. The execution of this Order below by one member of each law firm involved in this matter shall bind the members and employees of that firm associated with this matter to the proscriptions of this Order against unauthorized disclosure or use of Confidential Information.

(b) Consultants and experts with whom counsel of record deems it necessary to consult for the preparation or trial of this case who have additionally read this Protective Order, agreed to be bound thereby, signed a document in the form of Exhibit "A"

2

attached hereto, and who have been identified to opposing counsel in accordance with the procedures outlined in this sub-paragraph. No Confidential Information shall be disclosed to the expert until at least seven business days have lapsed following notice to opposing counsel of the proposed disclosure to the expert which shall be accompanied by a complete identification of the expert witness including a resume or vita. If the opposing party objects to the disclosure, within seven (7) business days following notice, the parties shall work together to clarify and attempt to resolve any issues related to the proposed expert's participation in the action. In the event counsel are not successful in resolving the issues, then the objecting party shall have seven (7) additional business days in which to file an appropriate motion with the Court. In the event a timely objection is lodged, no disclosure shall take place until the issue is resolved by the Court or by further agreement of the parties. The party making the objection shall have the burden of proving the validity of the objection based on legitimate concerns over the potential unauthorized use or disclosure of confidential information or a material conflict of interest. Where the party is an individual, "independent technical expert" as used in this paragraph shall not include any other employee or agent of his employer, principal, or of the manufacturer with whom the party/individual is affiliated either as a distributor or otherwise. Independent technical experts may include truly independent accountants, statisticians, and economists.

      (c)     Court reporting personnel and personnel of other outside vendors having temporary custody of Confidential Information for purposes of making copies or providing professional services during the pendency of this action.

      (d)     The Court, its authorized personnel, and the jury.

      (e)     The producing party's deponents at their depositions.

      (f)     Any person who is designated as a Qualified Person by Order of this Court, or by agreement of the parties, after notice to all parties.

3

(g)    This Order shall not preclude a party from showing any deponent in this action documents or other materials designated as "Confidential" or "Secret - Counsel's Eyes Only" if said deponent was the author, sender, or a recipient of such documents or other materials or can otherwise be clearly demonstrated to have had prior access to or receipt of said documents or materials.

6.    This Order applies to all discovery responses in this case and any other documents or materials produced by a party (whether such disclosure is during the course of investigation, discovery, or motions, by order of the Court, in response to questions in a deposition, written interrogatories, requests for the production of documents and other tangible things and responses, requests for admission and responses, or any other discovery undertaken in this action) which has been designated as "Confidential" or "Secret - Counsel's Eyes Only" by marking substantially as follows:

"CONFIDENTIAL", or

"CONFIDENTIAL UNDER COURT PROTECTIVE ORDER", or

"SECRET - COUNSEL'S EYES ONLY"

In lieu of so marking the originals of documents produced for inspection, a party may so mark only the copies that are produced or exchanged for use. Unmarked documents may be produced for inspection and designation for copying without prejudice to the marking of the copies which are later produced.

7.    Information disclosed at the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, or by independent experts retained by a party for purposes of this litigation may be designated by that party as Confidential Information by indicating on the record at the deposition that the testimony is "Confidential" and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at such deposition as Confidential Information by giving all other

4

parties a written statement, within twenty (20) days of the party's receipt of the transcript, of the specific pages and lines of the transcript which contain Confidential Information. Each party shall then attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control. Each deposition transcript shall be treated as "Secret - Counsel's Eyes Only" for at least twenty (20) days after it has been received by counsel for all parties. If deposition testimony is designated as "Confidential" or "Secret - Counsel's Eyes Only" at a deposition, the reporter shall place a legend before and after the portion of the testimony so designated indicating where the "Confidential" or "Secret - Counsel's Eyes Only" material begins and ends. The reporter and/or videotape operator shall then place on the cover of any such transcript or videotape the words "Contains "Secret - Counsel's Eyes Only Information" or "Contains Confidential Information", as appropriate. Counsel for the parties shall then take appropriate steps to prevent such transcript or videotape so designated from being disclosed to any person, except as provided in this Order.

8.      Information designated as "Confidential" shall not be made available to persons other than Qualified Persons, personnel of the producing party, or individuals employed by a party with whom it is necessary to consult in order to prepare this matter for trial and limited only to those documents as to which consultation is required and to the period of actual consultation (i.e. copies shall not be retained). In addition, information designated as "Confidential" shall not be used other than directly for purposes of this litigation.

9.      Information designated as "Secret - Counsel's Eyes Only" shall not be made available to persons other than Qualified Persons as defined in paragraphs 5(a) – 5(f) hereof, except that "Qualified Persons" as defined in paragraph 5(a) hereof who are employees, officers, directors or otherwise directly related to a receiving party shall not have access to

such information. Information designated as "Secret - Counsel's Eyes Only" shall not be used other than directly for purposes of this litigation.

10.    Use or disclosure of Confidential Information beyond the terms of this Order is prohibited unless the party designating the information as Confidential Information has previously consented in writing to such disclosure, or the court, after notice to all parties, has ordered that such disclosure be made.

11.    The inadvertent or unintentional disclosure by a producing party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to specific information disclosed or as to any other information relating thereto or the same or related subject matter.

12.    A party shall not be obligated to challenge the propriety of a "Confidential" or "Secret - Counsel's Eyes Only" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. If any party to this litigation disagrees at any point in these proceedings with the designation by the producing party of information as Confidential Information, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be so resolved, the objecting party may seek appropriate relief from this Court.

13.    All transcripts of depositions, exhibits, discovery responses and other documents filed with the Court which have been designated as comprising or containing Confidential Information, and all pleadings and memoranda including such information or the substance thereof, shall be filed in sealed envelopes, or other appropriately sealed containers, on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the words "Confidential" or "Confidential Under Court Protective Order" or the like and a statement substantially in the following form:

6

> "This sealed envelope contains documents filed in this case by [name of party] and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court."

14.     Unless counsel agrees otherwise in writing, within sixty (60) days after the conclusion of this litigation, each original and every copy of each document which contains Confidential Information shall either be returned to the producing party or destroyed except that counsel may retain the originals of any transcripts and deposition exhibits for archival purposes. Insofar as the provisions of this and any other protective orders entered in this action restrict the communication and use of information produced thereunder, such orders shall continue to be binding after the conclusion of this litigation except that (a) there shall be no restriction on documents that are used as exhibits in Court (unless such documents were filed under seal) and (b) a party may seek written permission of the producing party or further order of the Court with respect to dissolution or modification of this or any other such Protective Order.

15.     Nothing in this Order shall bar or otherwise restrict any attorney or counsel herein from rendering advice to a client directly with respect to this litigation and, in the course thereof, referring or relying upon examination of Confidential Information; *provided*, however that in rendering such advice and in otherwise communicating with his client(s), the attorney shall not disclose the content or the source of any Confidential Information.

16.     Nothing in this Order in any manner defines the scope of discovery or the materials to be produced in this litigation.

17.     The provisions of this Order apply to all proceedings in this action and any related proceedings, including any arbitrations, settlement proceedings, and proceedings upon remand.

7

18. This Order supersedes any previous arrangement for confidentiality entered into by counsel for the parties. However, the obligations incurred under such prior agreements are not altered or suspended except as modified herein.

19. The Court retains jurisdiction even after termination of this action to enforce this Order.

20. In the event that this Order is not entered by the Court for any reason, the terms of this document shall nevertheless be binding on the parties and shall govern the use and disposition of any documents produced or information disclosed by a party pending the entry of the Order.

Dated: 1|7|08

United States District Judge

So stipulated this 25th day of December, 2007.

NEXTEC APPLICATIONS, INC.

By: _____
Kesari Ruza
Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza, 24th Floor
New York, NY 10112

Amar L. Thakur
Michael Murphy
Sheppard, Mullin, Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130

BROOKWOOD COMPANIES, INC.

By: _____
Thomas J. Parker
Amy S. Manning
ALSTON & BIRD, LLP
90 Park Avenue
New York, NY 10016-1387
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

Blas P. Arroyo
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Telephone: (704) 444-1000
Facsimile: (704) 444-1111

8

**Exhibit "A"**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| NEXTEC APPLICATIONS, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 07 CV 6901 (RJH) |
| ) | |
| v. ) | |
| ) | |
| BROOKWOOD COMPANIES, INC., ) | |
| and THE HALLWOOD GROUP, INC., ) | |
| ) | |
| Defendants. ) | |

AGREEMENT CONCERNING MATERIAL COVERED BY A PROTECTIVE ORDER

I, _____, solemnly swear that I have read and am familiar with

the terms of the Stipulated Protective Order ("Order") entered in the above-captioned action

(the "Action"), and agree to comply with and be bound by the terms and conditions of the

Order, unless and until modified by further order of the Court. I will not disclose to any

individuals, other than those specifically authorized by the Court or in the Order, any

documents or information designated as Confidential Information pursuant to the Order which

is disclosed to me. Nor will I copy, use or disclose any documents or information designated

as "Confidential" or "Secret-Counsel's Eyes Only" under the Order except for the purpose of

the Action and as authorized by the Order. I consent to the jurisdiction of said Court for

purposes of enforcing this Order.

Dated: _____       By: _____
                                       SIGNATURE

                              Print Name: _____

                              For: _____

                              Print Address: _____

9