USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/8/08

# ALSTON&BIRD LLP

Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000

704-444-1000
Fax: 704-444-1111
www.alston.com


RECEIVED MAR 27 2008 CHAMBERS OF RICHARD J. HOLWELL

Blas P. Arroyo

E-mail: blas.arroyo@alston.com

March 26, 2008

*Via Hand Delivery*

Honorable Richard J. Holwell
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007


RECEIVED CHAMBERS OF RICHARD J. HOLWELL

Re: *Nextec Applications, Inc. v. Brookwood Companies, Inc. et al.*
     USDC, SDNY – Case No. 07 CV 6901

Dear Judge Holwell:

This firm represents the defendant Brookwood Companies, Inc. ("Brookwood") in connection with the above-referenced action initiated by Nextec Applications, Inc. ("Nextec") in this District for alleged patent infringement. This letter concerns Nextec's violation of this Court's Order entered on February 20, 2008 directing Nextec to provide complete infringement contentions in this matter.

Brookwood recognizes that an Order of Reference was entered in this action on March 13, 2008 referring pending discovery disputes to Magistrate Judge Katz. Since the present matter concerns a continuing violation of this Court's previously-entered Order, however, it was considered more appropriate to first bring this matter to the Court's direct attention for its consideration, including consideration of appropriate relief in light of Nextec's previous noncompliance with respect to the same interrogatory response.

The Court's February 20, 2008 Order (Exhibit 1) was entered in light of Nextec's failure to respond to an interrogatory concerning Nextec's relevant infringement contentions in this matter, and as initially directed by the Court during the Scheduling Conference held in this matter on December 17, 2007. Despite the Court's express approval of the proposed scope of Brookwood's interrogatory, Nextec did not, in fact, provide a substantive response when due in late January. Rather, Nextec objected on an ostensible basis that the Court had actually rejected during the Scheduling Conference held on December 17th (i.e. Nextec proposed during the Conference that discovery be limited to patent claim interpretation issues only).

In its Order of February 20, 2008, the Court directed Nextec to respond to Interrogatory No. 1 with information available to it by February 27, 2008. The Court also directed

Honorable Richard J. Holwell
March 26, 2008
Page 2

Brookwood to provide Nextec with samples of various fabric products requested by Nextec in responsive correspondence to the Court, so that Nextec could evaluate those fabrics and provide Brookwood with any additional and complete infringement contentions by the date additionally specified in the same Order, March 21, 2008. On February 27, Brookwood supplied Nextec's counsel with samples of 14 fabrics manufactured by Brookwood that it understood might be considered potentially relevant based on information provided by Nextec. Each of the samples was identified by a respective Bates number.

On February 29, 2008, Nextec wrote to the Court complaining that Brookwood had not provided specific names on the fabric samples supplied by Brookwood and that the size of the samples (1-½ yards each) was potentially inadequate for Nextec's purposes. Brookwood responded on March 3, 2008 (Exhibit 2) with assurances that, should additional fabric be needed, Nextec could request the fabric from Brookwood based on an explanation of the nature of the test it needed to perform and the related sample requirements for that test. As for the request for product names, Brookwood pointed out that the fabrics bore Bates numbers and could be suitably identified on that basis for purposes of complying with the Court's Order.

In the subsequent weeks since its letter, Brookwood received no request from Nextec for additional fabric samples or otherwise. On March 21, 2008 Nextec served its Second Supplemental Response to the interrogatories subject to the Court's Order of February 20, 2008 (Exhibit 3). After presenting a litany of standard objections, Nextec's response indicated it would reveal its infringement contentions *only* upon the disclosure of the commercial names associated with Brookwood's various fabrics. In other words, Nextec did *not* provide the supplementation required by the Court's Order and has refused to provide that supplementation except on the conditions specified in its response.

In a telephone conference on March 25, 2008 counsel for Brookwood attempted to break the impasse by explaining that the fabrics were produced in the same form as they are maintained in the ordinary course of business. Brookwood additionally offered to disclose the product names (for whatever benefit Nextec believes that would provide) if Nextec would at least disclose to Brookwood the number of fabrics it had determined to be allegedly infringing based on its evaluation prior to any disclosure of product names. Nextec refused Brookwood's offer of compromise and continues to refuse to disclose its contentions as required by the Court's Order.

Under the facts and circumstances of this case as summarized above, it is apparent that Nextec has not complied with the Court's Order of February 20, 2008 which expressly directed Nextec to supplement its interrogatory response with its complete infringement contentions by March 21, 2008 based on the evaluation of the fabrics supplied by Brookwood.

At the time this issue first arose, Brookwood identified authorities to the Court (and Nextec) supporting grants of appropriate relief where a party disregards a Court's Order to provide appropriate infringement contentions, including the possible dismissal of the party's claims pursuant to Rules 37(b)(2) and/or 37(d), Fed.R.Civ.P. *See Refac Int'l. Ltd. v. Hitachi Ltd. et al.*, 921 F.2d 1427, 1250-51 and 1255 (Fed. Cir. 1990) (dismissing claims for failure to respond to interrogatories); *see also Daval Steel Prods. v. M/V Fakredine et al.*, 951 F.2d 1357,

Honorable Richard J. Holwell
March 26, 2008
Page 3

1363 (2nd Cir. 1991) (affirming sanctions based on failure to comply with an oral order of the court).

Despite its express awareness of these authorities, Nextec has again failed to comply with this Court's directives. Under these circumstances, Brookwood submits that this Court would be justified in dismissing Nextec's claims in this action in their entirety. On the other hand, Brookwood proposes an alternative remedy for the Court's consideration, in addition to an appropriate Order compelling immediate compliance with the existing Order. In particular, and as the record in this case also reflects, Brookwood has for some time sought formal confirmation that Nextec's claims under any product patent asserted in this action cannot extend to the provision of fabrics supplied by Brookwood for ultimate supply to the United States Government in light of the express provisions of 28 U.S.C. §1498(a).

While the jurisdictional impact of 29 U.S.C. §1498(a) on the permissible claims in this action was conceded by Nextec's counsel during the Initial Scheduling Conference on December 17, 2007, for whatever reason Nextec subsequently has refrained from entering into a voluntary stipulation to that effect. This would eliminate the need for a separate motion for summary judgment on what should be an undisputed issue. A proposed form of stipulation that could serve the basis for an Order is attached as Exhibit 4. Brookwood believes there is no reasonable basis for refusing to enter into this stipulation and that an Order based on the content of the draft stipulation is entirely correct as a matter of law.

Accordingly, and in light of the foregoing, Brookwood solicits a pre-motion conference with the Court for the purpose of considering appropriate relief for Nextec's continuing noncompliance with this Court's previous Orders. Brookwood further proposes that, in addition to requiring immediate disclosure of Nextec's infringement contentions as required by the existing Order, that the Court additionally enter an Order based on the terms of Brookwood's proposed stipulation to clarify relevant jurisdictional issues under 28 U.S.C. §1498(a).

The Court's assistance in resolving these issues is respectfully solicited and appreciated.

Respectfully submitted,

Blas P. Arroyo

BPA:ch
cc: Honorable Theodore H. Katz (via hand delivery)

*Via e-mail*
Kesari Ruza, Esq.
Sheppard Mullin Richter & Hampton
Attorney for Plaintiff
kruza@sheppardmullin.com

LEGAL02/30747765v1

*[Handwritten note:]* All discovery matters have been referred to the Magistrate Judge

SO ORDERED

[signature]
USDJ
4/1/08