# ALSTON&BIRD LLP

Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000

704-444-1000
Fax:704-444-1111
www.alston.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/17/08

Blas P. Arroyo                                              E-mail: blas.arroyo@alston.com

April 8, 2008

*Via Hand Delivery*

Honorable Richard J. Holwell
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RECEIVED
APR  9 2008
CHAMBERS OF
RICHARD J. HOLWELL

Re:    *Nextec Applications, Inc. v. Brookwood Companies, Inc. et al.*
       USDC, SDNY – Case No. 07 CV 6901

Dear Judge Holwell:

This firm represents the defendant Brookwood Companies, Inc. ("Brookwood") in the present matter initiated by the plaintiff Nextec Applications, Inc. ("Nextec") in this District for alleged patent infringement. Please accept this letter as a request for a Pre-Motion Conference, under Paragraph 3(A) of this Court's Individual Practices, for leave to file a motion for partial summary judgment based on jurisdictional grounds.

Brookwood is a leading supplier of specialized fabrics, including a wide variety of coated fabrics, for use in various applications. Brookwood (directly and through relevant predecessors) has been a leading supplier of coated fabrics having weather-resistant properties for use in manufacturing apparel, as well as outdoor gear (such as backpacks and tents), for many years. Brookwood is also a leading supplier of fabrics for use in manufacturing apparel for use by the United States military.

As the Court may recall, during the Initial Scheduling Conference held in this matter on December 17, 2007, Brookwood raised a potential jurisdictional issue in this matter based on 28 U.S.C. §1498(a) which concerns claims for alleged patent infringement where the accused products are manufactured pursuant to a government contract. In particular, Brookwood pointed out its understanding (based on Nextec's discovery requests) that the specific products accused by Nextec in this action of allegedly infringing its patent rights were fabrics supplied to apparel manufacturers for use in satisfying a specific government contract with the United States Army. As explained during the conference, any action for recovery of monetary damages based on the alleged infringement of a United States patent covering a product must be pursued in the United States Court of Federal Claims under the express provisions of 28 U.S.C. §1498(a). *See W.L. Gore & Associates v. Garlock, Inc.*, 842 F.2d 1275, 1282-83 (Fed.

Honorable Richard J. Holwell
April 8, 2008
Page 2

Cir. 1988) ("In short, use or manufacture for the United States is immune from suit for patent infringement in the district courts against the user or manufacturer.").

It was Brookwood's understanding that Nextec's counsel conceded the point during the Scheduling Conference, that Nextec could not recover in the present action for the sale of products for use in satisfying a government contract. Since that time, however, Nextec has appeared to attempt to back pedal from its initial blanket concession. On the other hand, in relevant correspondence to the Court commenting on the form of a stipulation proposed by Brookwood on the issue, Nextec also conceded that the incorporation in the relevant contract of the Federal Acquisition Regulation 52.227-1 limits potential infringement claims in the present action at most to patent claims covering methods of manufacture (not products, *per se*) and further conceded that Section 1498(a) applies to goods that are "manufactured for, accepted by, and delivered to the Federal government." Exh. 1, Letter dated 3/6/08, p. 2, ¶ 1. Nextec then faulted Brookwood for failing to produce evidence showing that *all* of the fabrics it manufactures were actually delivered to and accepted by the Federal government. *Id.* at ¶ 2.

Of course, what Nextec cannot dispute is that, for any yards of fabric delivered by Brookwood to a garment manufacturer for use in satisfying a government contract, any action for recovery of monetary damages related to those sales based on a product patent may only be brought in the United States Court of Federal Claims (as Nextec apparently still concedes). Accordingly, Brookwood's proposed motion for partial summary judgment will serve to substantially streamline the issues involved in this action and may lead to a resolution of the case in its entirety.

Brookwood also believes that these issues are straightforward and remains of the view that they may be resolved by stipulation without requiring formal motion practice. A copy of the most recent form of the stipulation proposed by Brookwood, together with its responsive letter of March 7, 2008, is enclosed for the Court's ease of reference (Exh. 2). This draft incorporates specific language based on Nextec's criticisms of previous drafts and should be acceptable to Nextec.

In light of the foregoing, a Pre-Motion Conference for the purpose of determining whether appropriate language may be fashioned to resolve these issues by stipulation or, in the event they cannot be resolved by agreement, to establish a schedule for the submission of Brookwood's proposed motion for partial summary judgment is respectfully solicited.

Respectfully submitted,

Blas P. Arroyo

BPA:ch
Enclosures
cc:    Honorable Theodor A. Katz

A pre-motion conference shall be held on Thursday April 24, 2008 at 10:00 am

SO ORDERED:
Date: 4/11/08

Richard J. Holwell, U.S.D.J.

Honorable Richard J. Holwell
April 8, 2008
Page 3

Lisa Lewis, Esq.
Sheppard Mullin Richter & Hampton
Attorney for Plaintiff
llewis@sheppardmullin.com

LEGAL02/30765617v1