UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEXTEC APPLICATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BROOKWOOD COMPANIES, INC., and THE HALLWOOD GROUP, INC., <br><br> Defendants. | Case No. 07 CV 6901 (THK) (RJH) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

TABLE OF CONTENTS

Page

I. FACTUAL BACKGROUND ................................................................................................. 1

II. ARGUMENT: CLAIMS ASSERTED BY NEXTEC AGAINST FABRICS SOLD IN FURTHERANCE OF A GOVERNMENT CONTRACT CANNOT BE MAINTAINED IN THIS DISTRICT ................................................................................................................. 3

    A. Legal Standards Governing Jurisdiction Over Claims Against Government Contractors. ................................................................................................................. 3

    B. Establishing "Authorization or Consent" Under Section 1498(a) .......................... 4

    C. The Fabrics Sold By Brookwood Are Encompassed By The Operative Provisions Of Section 1498(a) ................................................................................................... 5

III. CONCLUSION .................................................................................................................... 6

TABLE OF AUTHORITIES

PAGE

**Cases**

*Madey v. Duke University*,
  413 F.Supp. 2d 601 (M.D.N.C. 2006). ............................................................................... 6

*Richmond Screw Anchor Company* v. United States,
  275 U.S. 331 (1928).............................................................................................................. 4

*TVI Energy Corp. v. Blane*,
  806 F.2d 1057 (Fed. Cir. 1986) ...................................................................................... 4, 6

*W.L. Gore & Associates v. Garlock, Inc.*,
  842 F.2d 1275 ....................................................................................................................... 4

**Regulations**

28 U.S.C. §1498(a) ................................................................................................... 1, 3, 4, 5, 6

Defendant Brookwood Companies, Inc. ("Brookwood") has moved the Court for the entry of partial summary judgment against selected claims asserted by plaintiff Nextec Applications, Inc. ("Nextec") in the present action for alleged patent infringement. In particular, Brookwood requests the entry of an Order dismissing any claims asserted by Nextec in this action for the alleged infringement of any product claims in the asserted patents-in-suit based on the sale of fabrics in furtherance of a government contract in light of the express terms of 28 U.S.C. §1498(a).

## I.     FACTUAL BACKGROUND

This action was initiated by Nextec for the alleged infringement of five United States patents.[1] The patents asserted by Nextec relate generally to the application of materials to fabrics to produce weather-resistant fabrics. More specifically, the patents describe the use of a technique referred to as "shear thinning" in which the viscosity of a highly viscous coating material is reduced through the action of multiple "shearing" stations in order to cause the polymer (typically silicone) to flow into the fabric. In order to obtain the patents asserted in this action, Nextec distinguished the claimed techniques (and resulting fabrics) from conventional coated fabrics, on which coatings were applied using known knife blade coating apparatuses, on the basis that prior techniques relied on the use of solvents in the coating formulations in order to facilitate their application.

Brookwood is a leading supplier of specialty fabrics, including consumer and industrial fabrics, that are used in a wide variety of settings. Brookwood, directly and through relevant predecessors, has been engaged in the manufacture of fabrics, including coated fabrics, for over 40 years. Montie Decl. ¶ 2. Coated fabrics manufactured by Brookwood and its predecessors

---

[1] The patents asserted by Nextec are U.S. Patent Nos. 5,418,051 (originally assigned to Fabric Coating Corporation of Carlsbad, CA); 5,856,245, 5,869,172; 6,071,602; and 6,129,978.

have been used for many years to manufacture products for a variety of outdoor applications where weather resistant properties are required, including the manufacture of tents, backpacks and protective outer wear, such as rain gear, for use in a variety of military, as well as consumer, applications. Montie Decl. ¶ 2. Brookwood and its relevant predecessors have also been leading suppliers to the United States for many years and believe that it is one of the largest suppliers of woven nylon fabrics used by the United States Government. *Id*. at ¶3.

It is Brookwood's understanding that Nextec's claims in this action relate in substantial part to the provision by Brookwood of coated fabrics used in the manufacture of apparel for ultimate supply to the United States Military. More specifically, these fabrics were supplied by Brookwood to apparel manufacturers for use in manufacturing protective outer wear that is part of the so-called "Generation III Extended Cold Weather Clothing System" used by the Military, as also referred to as simply "Gen III." Montie Decl. ¶¶ 5-6. The specific contract at issue, No. W911QY-07-D0003, was awarded to Atlantic Diving Supply, Inc. ("ADS") of Virginia Beach, VA as the prime contractor effective December 20, 2006. *Id*.

The particular fabrics supplied by Brookwood were used in the manufacture of garments referred to as the co-called "Level V" and "Level VII" jackets and trousers. The fabrics supplied by Brookwood were used as face fabric and liners for these garments. Montie Decl. ¶ 8. The commercial documents, such as purchase orders related to Brookwood's relevant fabric shipments, typically refer to the specific government contract with ADS. Montie Decl. ¶ 9 and Exh. B (Order from Propper International). The fabrics shipped in response to these orders were accompanied by a form certifying compliance of the fabrics with standardized tests required by the U.S. government contract with ADS. A representative Department of Defense Form 1222

- 3 -

related to a representative shipment also accompanies Mr. Montie's Declaration. Montie Decl. ¶ 10 and Exh. C.

A relevant excerpt from the December 20, 2006 contract with ADS is attached to the Montie Declaration as Exhibit A. Montie Decl. ¶ 5. The excerpt lists the various standard clauses that were incorporated by reference in the contract (see page 57). The relevant provisions incorporated in the ADS contract include the standard "authorization and consent" clause, Section 52.227-1. *Id*.

The coating techniques utilized by Brookwood in the manufacture of the accused fabrics are conventional, and correspond to processes that have been used by Brookwood for many years in the manufacture of similar fabrics having weather resistant properties. As a result, the claims of these patents cannot be properly interpreted to reach the accused Brookwood products, or those patents are invalid (since Brookwood's relevant prior practices precede any relevant work on the part of Nextec). In addition, and as discussed further below, substantially all of the claims asserted in this action cannot be asserted in this Court as a matter of law. As a result, the grant of the relief requested by Brookwood through the present motion has the potential to substantially streamline and narrow the claims and issues asserted in the present action.

## II. ARGUMENT
## CLAIMS ASSERTED BY NEXTEC AGAINST FABRICS SOLD IN FURTHERANCE OF A GOVERNMENT CONTRACT CANNOT BE MAINTAINED IN THIS DISTRICT

**A.    Legal Standards Governing Jurisdiction Over Claims Against Government Contractors**

It is well settled that the manufacture or use of an alleged invention by or on behalf of the United States is immune from suit in the district courts of the United States pursuant to the express provisions of 28 U.S.C. §1498(a):

> Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or a lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture.

*Id.*; *Richmond Screw Anchor Company* v. United States, 275 U.S. 331, 343 (1928) ("The purpose of the amendment was to relieve the contractor entirely from liability… and to limit the owner of the patent and his assignees… to suit against the United States in the Court of Claims for the recovery of his reasonable and entire compensation for such use and manufacture.").

The Statute also specifically provides that the "use or manufacture" encompassed by the provision includes activities by a contractor, sub-contractor or "any person, firm or corporation for the Government and with the authorization or consent of the Government." 28 U.S.C. §1498(a); *see also W.L. Gore & Associates v. Garlock, Inc.*, 842 F.2d 1275, 1282-83 ("The patentee takes his patent from the United States subject to the government's eminent domain rights to obtain what it needs from manufacturers and to use the same.").

### B.     Establishing "Authorization or Consent" Under Section 1498(a)

The "authorization or consent" of the Government necessary to invoke the operation of Section 1498(a) may be express or implied. *See TVI Energy Corp. v. Blane*, 806 F.2d 1057, 1060 (Fed. Cir. 1986) (finding authorization through government's bidding procedure requiring demonstration of the accused products as part of the bidding process). While the operation of the Statute may be invoked through a finding of implied consent, it is more common for the relevant authorization to be provided explicitly in the governing contract.

The most common vehicle for establishing the necessary "authorization or consent" is through the incorporation in the contract of relevant provisions from the Federal Acquisition

Regulation, Title 48 of the Code of Federal Regulations. The most common authorization and consent provision is found in Section 52.227-1(a) and provides the following, with appropriate emphasis supplied:

> The Government authorizes and consents to all use and manufacture, in performing this contract *or any subcontract at any tier*, of any invention (1) *embodied in the structure or composition of any article the delivery of which is accepted by the Government under this contract* or (2) used in machinery, tools, or methods where use necessarily results from compliance by the contractor or a subcontractor with (i) specifications or written provisions forming a part of this contract or (ii) specific written instructions given by the Contracting Officer directing the manner of performance.

*Id*.

As the above-referenced language specifies, in the case of inventions "embodied in the structure or composition of any article" the government's authorization or consent applies to any articles accepted by the Government under the contract. In the case of "machinery, tools or methods," the party must additionally demonstrate that the Government provided specific directions to utilize the method, for example, or that the governing specifications require the use of the patented method. *Id*.

The present motion is directed to fabrics that were manufactured by Brookwood, approved by relevant inspectors for use in the manufacture of garments, and thereafter used in the manufacture of garments that were ultimately delivered to the United States Government for its use.

### C.  The Fabrics Sold By Brookwood Are Encompassed By The Operative Provisions Of Section 1498(a)

As noted in the immediately preceding section, Section 52.227-1(a), as incorporated by reference in the relevant contract, provides the Government's blanket authorization or consent to utilize "any invention" that is "embodied in the structure or composition of any article, the

delivery of which is accepted by the Government." Montie Decl. ¶ 5 and Exh. A (p. 57). By virtue of the incorporation of this provision in the relevant contract, and the related operation of 28 U.S.C. §1498(a), any claim by Nextec for the alleged infringement of a product claim from the asserted patents for any fabrics furnished pursuant to the contract must be brought and maintained in the United States Court of Federal Claims. *TVI Energy Corp. v. Blane*, 806 F.2d at 1059-60; *see also Madey v. Duke University*, 413 F.Supp. 2d 601, 608 (M.D.N.C. 2006).[2]

As noted, the operative authorization and consent clause in this setting expressly applies to any alleged invention that is "embodied in the structure or composition of any article, the delivery of which is accepted by the Government," under the contract. In this case, the fabrics manufactured by Brookwood to the Level V and VII specifications were inspected and approved by a government representative prior to shipment to garment manufacturers. Montie Decl. ¶ 11. In addition, and insofar as Brookwood is aware, all of these fabrics were actually used in the performance of the relevant contract with ADS. Montie Decl. ¶¶ 11-12. As a result, any claim for damages based on the alleged infringement of any product claims contained in the patents-in-suit relating to these fabrics can only be brought in the United States Court of Federal Claims under the controlling authorities summarized previously.

### III.   CONCLUSION

In light of the foregoing, the entry of an appropriate Order dismissing any claims asserted by Nextec in the present action for the alleged infringement of any product claims in the asserted

---

[2] "By choosing the scope of its consent in its selection of the contract language, the Government may control the extent of patent infringement it chooses to authorize, and the corresponding liability it chooses to accept. As noted above, given the purposes of Section 1498, this authority should be broadly construed to allow the Government to consent to patent infringement in order to obtain desired goods, services, or research for the United States, with appropriate royalties paid to the patent holder in a suit against the Government in the Court of Federal Claims for this taking."

patents-in-suit, based on the manufacture and sale by Brookwood of any fabrics delivered in furtherance of United States Government Contract No. W911QY-07-D0003, effective December 20, 2006. Accordingly, Brookwood respectfully seeks an appropriate Order dismissing these claims as a matter of law.

Dated: June 30, 2008

    New York, NY

        Respectfully submitted,

        ALSTON & BIRD LLP

        By:   s/ Thomas J. Parker
        Thomas J. Parker
        Amy S. Manning
        ALSTON & BIRD, LLP
        90 Park Avenue
        New York, NY 10016-1387
        Telephone: (212) 210-9400
        Facsimile: (212) 210-9444

        Blas P. Arroyo
        Bank of America Plaza
        101 South Tryon Street, Suite 4000
        Charlotte, North Carolina 28280
        Telephone:  (704) 444-1000
        Facsimile:  (704) 444-1111

        Attorneys for Defendant
        BROOKWOOD COMPANIES, INC.