# EXHIBIT "E"

AO88 (Rev. 12/07) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WISCONSIN

NEXTEC APPLICATIONS, INC.

V.

BROOKWOOD COMPANIES, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07 CV 6901
Southern District New York

TO:   ORC Industries
      2700 Commerce Street, La Crosse, WI 54603     (608) 781-7727

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Johns, Flaherty & Collins, 205 5th Ave. S., Suite 600, La Crosse, WI 54601 | DATE AND TIME July 25, 2008 |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE Johns, Flaherty & Collins, 205 5th Ave. S., Suite 600, La Crosse, WI 54601 | DATE AND TIME June 16, 2008 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Plaintiff | DATE May 23, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joe Veenstra, Johns, Flaherty & Collins, S.C.
205 5th Ave. S., Suite 600, La Crosse, WI 54601   (608) 784-5678

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | May 23, 2008 | 2700 Commerce St. La Crosse, WI 54603 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Todd Bahnob, VP, ORC Industries, Inc. | In Person |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Emily Cannon | Law Clerk |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  5/23/2008
DATE

SIGNATURE OF SERVER

600 Exchange Building, 205 5th Ave S
ADDRESS OF SERVER

La Crosse, WI 54602

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

## ATTACHMENT A - DOCUMENT REQUESTS

### I.

### <u>DEFINITIONS</u>

1.      As used herein, the terms "PERSON" and "PERSONS," and the possessive

forms of those terms, mean and include natural PERSONS, corporations, partnerships,

limited partnerships, associations, organizations, joint ventures, governmental units or

entities, and any other kind of business or other entity.

2.      As used herein, the terms "ORC INDUSTRIES," and "YOU," and the

possessive forms of those terms ("ORC INDUSTRIES and "YOUR"), mean and refer to

ORC Industries and includes all of its employees, partners, representatives, attorneys,

accountants, subsidiaries, divisions, merged or acquired predecessors, present and former

officers, agents, and all other persons, including past or present employees, acting or

purporting to act on their behalf.

3.      As used herein, the term "BROOKWOOD" means and refers to defendant

Brookwood Companies, Inc. and includes all of its employees, partners, representatives,

attorneys, accountants, subsidiaries, divisions, merged or acquired predecessors, present

and former officers, agents, and all other persons, including past or present employees,

acting or purporting to act on their behalf.

4.      As used herein the term, "ADS" means and refers to ADS, Inc. (a/k/a

Atlantic Diving Supply, Inc.) and includes all of its employees, partners, representatives,

attorneys, accountants, subsidiaries, divisions, merged or acquired predecessors, present

and former officers, agents, and all other persons, including past or present employees, acting or purporting to act on their behalf.

5.    As used herein, "NEXTEC" means plaintiff Nextec Applications, Inc.

6.    As used herein, "NEXTEC PATENTS" means and refers, collectively and individually, to United States Patents Nos.: 5,418,051 (entitled "Internally Coated Webs" and issued May 23, 1995); 5,856,245 (entitled "Articles of Barrier Webs" and issued January 5, 1999); 5,869,172 (entitled "Internally-Coated Porous Webs With Controlled Positioning of Modifiers Therein" and issued on February 9, 1999); 6,071,602 (entitled "Controlling the Porosity and Permeation of a Web" and issued on June 6, 2000); and 6,129,978 (entitled "Porous Webs Having a Polymer Composition Controllably Placed Therein" and issued on October 10, 2000).

7.    As used herein, the term "GEN III" means and refers to the Generation III Extended Cold Weather Clothing System.

8.    As used herein, the term "GEN III MATERIAL" means and refers to material provided by YOU for inclusion in the GEN III, including but not limited to any prototypes, variations, versions, or improvements to such material.

9.    As used herein, the phrase "ANYONE ACTING ON YOUR BEHALF" means and refers to any present and former agents, representatives, employees, attorneys, investigators, and other persons acting under YOUR authorization, employment, direction, or control, whether employed or retained on a full-time, part-time, independent contractor, commission, or other basis.

10.    Consistent with Local Rule 26.3(c)(2), the term "DOCUMENTS" is used in the broadest possible sense and means and refers to, without limitation, all "documents" and other items, including tangible things, identified in or within the scope of FED. R. CIV. P. 34(a) and the 1970 Advisory Committee Note thereto, and all forms of "writings" and "recordings" as defined in FED. R. EVID. 1001(1), and includes any reduction to tangible form, including electronic, computer, magnetic, flash, or other electronic memory or storage, of communications, information, or data, including any written, recorded, or filmed graphic matter of any kind or nature (including metadata), however produced or reproduced, and including originals, drafts, and non-identical copies, wherever located.  This term includes, but is not limited to, letters, books, contracts, agreements, correspondence, computer tapes, computer disks, storage devices, printouts, keypunch cards, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, telecopies, facsimile reproductions or "faxes," factual compilations, electronic data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, checks, ledgers, catalogs, brochures, pamphlets, press releases, advertisements, magazines, publications, invoices, minutes, photographs, microfilm, microfiche, films, personnel files, quotes, stenographic notes, computer discs, e-mail and e-mail data, spreadsheets, html files, server log files, word-processing files and data, telephone records, schedules, bids, voice recordings, transcriptions, and lab notebooks.  This definition applies to all documents on the particular subject in YOUR

possession, custody, or control, or that of ANYONE ACTING ON YOUR BEHALF, irrespective of who generated, prepared, received, sent, or signed the DOCUMENTS.

11.    As used herein, the word "COMMUNICATION" means any transmission of information from one PERSON to another, including, without limitation, by personal meeting, telephone, facsimile, and e-mail.

12.    As used herein, the terms "RELATING TO," "RELATED TO" or "RELATE TO" mean containing, alluding to, responding to, connected with, regarding, discussing, involving, showing, describing, analyzing, commemorating, reflecting, identifying, incorporating, referring to, or in any way pertaining to.

13.    As used herein, the term "INCLUDING" means including, without limitation.

## II.
## INSTRUCTIONS

1.    Use of conjunctions, the terms "and" and "or" are to be construed in their broadest possible manner and each include the term "and/or".

2.    These requests call for all DOCUMENTS, INCLUDING electronically stored information and tangible things on the particular subject (a) in YOUR possession, custody or control, (b) in the possession, custody or control of ANYONE ACTING ON YOUR BEHALF, irrespective of who generated, prepared, received, sent, or signed the documents or tangible things.

3.    In accordance with the provisions of FED. R. CIV. P. 34(b), DOCUMENTS responsive to these requests shall be produced as they are kept in the usual course of

-4-

business, or shall be organized and labeled to correspond with the categories set forth in these requests. When produced as kept in the ordinary course of business or as organized and labeled to correspond with the categories set forth in these requests, the DOCUMENTS and tangible things shall be produced with the folders (or copies thereof) kept by the person who had the DOCUMENTS in his, her, or its possession, custody or control so that Defendant will know who had the DOCUMENTS or things in his, her, or its possession, custody or control. Please produce DOCUMENTS in such a manner as will facilitate their identification with the particular request or category of requests to which they are responsive. File folders with tabs or labels identifying DOCUMENTS must be produced intact with the DOCUMENTS. DOCUMENTS attached to each other should not be separated. Selection of DOCUMENTS from files and other sources shall be performed in a manner sufficient to ensure that the source of each DOCUMENT may be determined, if necessary.

4.    Partial Production. Whenever a DOCUMENT is not produced in full, please state with particularity the reason or reasons it is not being produced in full and describe, to the best of YOUR knowledge, information and belief, and with as much particularity as possible, those portions of the DOCUMENT which are not produced and the reasons therefore. If a deposition transcript or other DOCUMENT cannot be produced because it is proprietary or believed to be proprietary, please produce an invoice thereof or otherwise provide information sufficient for NEXTEC to obtain such transcript or other DOCUMENT.

5.    Documents Withheld.  If any DOCUMENTS are withheld because the request therefor is objected to, then specify with particularity as to each DOCUMENT:

    a.    Legal reason for withholding;

    b.    Portion of request, i.e., request number or numbers, to which withheld DOCUMENT is responsive;

    c.    Parties to the DOCUMENT, e.g., addressors and addressees;

    d.    Date of DOCUMENT;

    e.    Subject matter of the DOCUMENT;

    f.    Length in pages of the DOCUMENT;

    g.    Location of the DOCUMENT; and

    h.    Custodian of the DOCUMENT.

6.    Orderly Response.  Please produce DOCUMENTS in such a manner as will facilitate their identification with the particular request or category of requests to which they are responsive.  File folders with tabs or labels identifying DOCUMENTS must be produced intact with the DOCUMENTS. DOCUMENTS attached to each other should not be separated.  Selection of DOCUMENTS from files and other sources shall be performed in a manner sufficient to ensure that the source of each DOCUMENT may be determined, if necessary.

7.    Duty to Produce Continues.  Pursuant to Fed. R. Civ. P. 26(e) these discovery requests are intended to be continuing in nature so as to require supplemental or amended responses or answers, or production of additional DOCUMENTS, if any additional information or DOCUMENTS are obtained in the future.  Such supplemental

-6-

or amended responses or answers or such production of additional DOCUMENTS shall be furnished within ten (10) days of the date on which any additional information or DOCUMENT is obtained.

    8.    Inability to Produce.  If any or all of the documents identified herein are no longer in the possession, custody or control of YOU because of destruction, loss or any other reason, then please describe the DOCUMENT and the reason it no longer remains in YOUR possession, custody or control.

## III.
## DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

    All DOCUMENTS RELATING TO materials provided to YOU by BROOKWOOD RELATED TO Government Contract No. W911QY-07-D-003.

### REQUEST FOR PRODUCTION NO. 2:

    All DOCUMENTS RELATING TO materials provided to YOU by any party other than BROOKWOOD RELATED TO Government Contract No. W911QY-07-D-003.

### REQUEST FOR PRODUCTION NO. 3:

    All DOCUMENTS RELATING TO materials provided to ADS (including intermediary agents of ADS) RELATED TO Government Contract No. W911QY-07-D-003.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS RELATING TO segregation of materials received from BROOKWOOD from materials received from NEXTEC RELATED TO Government Contract No. W911QY-07-D-003, INCLUDING DOCUMENTS showing: (i) materials were segregated as they were received by YOU; (ii) materials remained segregated throughout the manufacturing process; (iii) any measures YOU took to keep the final garments segregated while in YOUR inventory; (iv) measures YOU took to provide notice to a receiving party that would allow the receiving party to distinguish between garments made with BROOKWOOD materials from garments made with NEXTEC materials; and (v) requests from ADS or BROOKWOOD to specifically cull BROOKWOOD materials from any garments that might reach the commercial market.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS RELATING TO BROOKWOOD materials under the trade name(s) Agility, Eclipse, Ecology, and/or Cougar.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS sufficient to show, on a monthly basis, all materials provided to YOU by BROOKWOOD from January 1, 2001 through to the present.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS RELATING TO NEXTEC materials under the trade names Praetorian and Glacier.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS RELATING TO sales, offers to sell, and/or provision of materials RELATED TO GEN III to ADS or any other party(ies), INCLUDING

DOCUMENTS RELATED TO: (i) sales for commercial end use indirectly through ADS or any other third party; (ii) sales for commercial end use through YOU directly; (iii) sales for end use by the United States Government end use indirectly through ADS or any other third party; (iv) sales for end use by the United States Government end use through YOU directly; (v) all yards of materials sold, offered for sale and/or provided (INCLUDING the material source(s)); and (vi) inquiries by any third party regarding the sale of materials RELATED TO Gen III for military or commercial purposes.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS RELATING TO sales, offers to sell, and/or provision of materials RELATED TO Government Contract No. W911QY-07-D-003 to ADS or any other party(ies), INCLUDING DOCUMENTS RELATED TO: (i) sales for commercial end use indirectly through ADS or any other third party; (ii) sales for commercial end use through YOU directly; (iii) sales for end use by the United States Government end use indirectly through ADS or any other third party; (iv) sales for end use by the United States Government end use through YOU directly; (v) all yards of materials sold, offered for sale and/or provided (INCLUDING the material source(s)); and (vi) inquiries by any third party regarding the sale of materials RELATED TO Gen III for military or commercial purposes.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS RELATING TO purchase of materials RELATED TO GEN III, INCLUDING agreements directing YOU to purchase materials from any particular supplier, any agreement between YOU and BROOKWOOD RELATING TO

the purchase of materials, any agreements as to how savings on material purchases would be retained by YOU or shared with other parties, any agreements with BROOKWOOD that tie the purchase of materials RELATED TO GEN III to the purchase of any other BROOKWOOD materials.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS RELATING TO purchase of materials RELATED TO Government Contract No. W911QY-07-D-003, INCLUDING agreements directing YOU to purchase materials from any particular supplier, any agreement between YOU and BROOKWOOD RELATING TO the purchase of materials, any agreements as to how savings on material purchases would be retained by YOU or shared with other parties, any agreements with BROOKWOOD that tie the purchase of materials RELATED TO Government Contract No. W911QY-07-D-003 to the purchase of any other BROOKWOOD materials.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS RELATING TO sales, offers to sell, prices of, delivery times for, and/or provision of articles incorporating any materials provided by BROOKWOOD (INCLUDING BROOKWOOD materials under the trade name(s) Agility, Eclipse, Ecology, and/or Cougar).

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS RELATING TO tracking of materials provided by BROOKWOOD, from January 1, 2001, through to supply of those materials to any of YOUR customer(s).

-10-

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS RELATING TO or commemorating COMMUNICATIONS between YOU and any PERSON or third party regarding the underlying facts or subject matter of the litigation between NEXTEC and BROOKWOOD entitled *Nextec Applications, Inc. v. Brookwood Companies, Inc., et al.* Southern District of New York Case 07CV6901 (RJH) and/or the claims raised in that litigation.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and any PERSON or third party regarding the NEXTEC PATENTS.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS RELATED TO GEN III, INCLUDING specifications, technical literature, product descriptions, and sales and marketing materials and INCLUDING all such DOCUMENTS YOU sent to or received from (directly, indirectly or through counsel) any PERSON or third party.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS RELATING TO or commemorating COMMUNICATIONS between YOU and any PERSON or third party RELATING TO GEN III, INCLUDING ADS and/or BROOKWOOD.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS RELATED TO GEN III MATERIAL, INCLUDING specifications, technical literature, product descriptions, and sales and marketing materials.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS RELATED TO the creation, design, manufacture, specifications, use and/or sale of GEN III MATERIAL.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS YOU sent to or received from (directly, indirectly or through counsel) any PERSON or third party, INCLUDING ADS and/or BROOKWOOD, RELATING TO GEN III MATERIAL.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS RELATING TO or commemorating COMMUNICATIONS between YOU and any PERSON or third party, INCLUDING ADS and/or BROOKWOOD, RELATING TO GEN III MATERIAL.

**REQUEST FOR PRODUCTION NO. 22:**

DOCUMENTS sufficient to identify YOUR inventory of GEN III MATERIAL, quarterly from January 1, 2005 to present, INCLUDING inventory on hand, in transit to YOU or a third party, and work in progress.

# EXHIBIT "F"

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEXTEC APPLICATIONS, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>BROOKWOOD COMPANIES, INC.,<br>and THE HALLWOOD GROUP, INC., )<br><br>Defendants. ) | Case No. 07 CV 6901 (RJH)<br><br>**NOTICE OF DEPOSITION TO<br>ATLANTIC DIVING SUPPLY, INC.** |

PLEASE TAKE NOTICE that, pursuant to Rules 30(b)(6) and 45, Fed. R.Civ.P.,

Defendant Brookwood Companies, Inc. ("Brookwood") will take the deposition of Atlantic

Diving Supply, Inc. ("ADS") by the officer, director, managing agent, or other person who

consents to testify on its behalf, with respect to the subject matter set forth below.  The

deposition will take place on August 14, 2008 at 10:00 a.m. at the offices of Womble

Carlyle Sandridge & Rice PLLC, 8065 Leesburg Pike, Tysons Corner, VA 22182.

ADS has been requested to designate one or more officers, managing agents or other

persons who consent to testify on its behalf and who is or are knowledgeable with respect

to the general handling and disposition of garments manufactured from fabrics supplied by

Brookwood Companies, Inc. in furtherance of Government Contract No. W911QY-07-D-

0003.

The deposition will be taken for any use permitted by the Federal Rules of Civil

Procedure and will be recorded by stenographic and audiovisual means.  You are invited to

attend and examine the witness(es) to the extent permitted by law.

ALSTON & BIRD LLP

By: _____
Thomas J. Parker
Alston & Bird LLP
90 Park Avenue
New York, NY 10016-1387
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

Blas P. Arroyo
Alston & Bird LLP
Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Telephone:  (704) 444-1000
Facsimile:  (704) 444-1111

Attorneys for Defendant

BROOKWOOD COMPANIES, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the **NOTICE OF DEPOSITION TO ATLANTIC DIVING SUPPLY, INC.** was served on the plaintiff by depositing a copy thereof in the United States mail, post prepaid addressed to the following:

Charles LeGrand
Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza, 24th Floor
New York, NY 10112

Amar L. Thakur
Jon E. Maki
Michael Murphy
Sheppard, Mullin, Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130

This 5th day of August, 2008.

By Counsel

# EXHIBIT "G"

CHARLES A. LEGRAND (CL-5320)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza, 24th Floor
New York, New York 10112
Telephone: (212) 332-3800
Facsimile: (212) 332-3888

-and-

AMAR L. THAKUR, Cal. Bar No. 194025
DANIEL N. YANNUZZI, Cal. Bar No. 196612
JON E. MAKI, Cal. Bar No. 199958
MICHAEL MURPHY, Cal. Bar No. 234695
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 200
San Diego, California 92130
Telephone: (858) 720-8900
Facsimile: (858) 509-3691

Attorneys for Plaintiff
NEXTEC APPLICATIONS, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEXTEC APPLICATIONS, INC., a Georgia corporation, <br><br>         Plaintiff, <br><br>     v. <br><br> BROOKWOOD COMPANIES, INC., a Delaware corporation, <br><br>         Defendant. | Case No. 07CV6901 (RJH) <br><br> **PLAINTIFF'S OBJECTION TO DEFENDANT'S NOTICE OF DEPOSITION OF ATLANTIC DIVING SUPPLY, INC.** |

Plaintiff Nextec Applications, Inc. ("Nextec"), hereby objects to Defendants' Notice of

Deposition of Atlantic Diving Supply, Inc. ("ADS") (the "Notice") as stated below:

## <u>OBJECTION TO NOTICE OF DEPOSITION</u>

1.    Plaintiff objects to the Notice on grounds that the deposition is noticed for Thursday, August 14, 2008 in Tysons Corner, Virgina, the same day as Nextec's 30(b)(6) deposition of Brookwood in New York, New York.  Throughout this case, Brookwood has insisted that depositions not be "double tracked" and to date Nextec has never gone forward with multiple depositions in different locations on the same day as a result of Brookwood's objections.  Nextec's 30(b)(6) deposition of Brookwood has not been taken off calendar or rescheduled and will proceed as scheduled on August 14, 2008.  The ADS deposition should be taken off calendar as violative of the parties' agreement not to double track depositions.

2.    Plaintiff objects to the Notice on grounds that it does not provide reasonable and sufficient notice to Plaintiff under Federal Rule of Civil Procedure Rule 30.  Furthermore, Brookwood's notice and chosen deposition date does not provide sufficient time for any testimony given at the ADS deposition to be used by Nextec in its opposition to Brookwood's motion for partial summary judgment, due August 15, 2008, but would allow Brookwood to use such testimony in its reply to that opposition.  The timing and undue delay of the Notice is intentionally calculated to prejudice Nextec and create an unfair advantage to Brookwood.

3.    Plaintiff objects to the Notice on the grounds that it has already initiated a subpoena, including document requests and deposition appearance, to ADS.  As Brookwood is aware, ADS has objected to Nextec's subpoena and has not yet produced documents pursuant to it.  Nextec continues to work with ADS to achieve an acceptable scope of the subpoenaed documents.  If such an agreement cannot be reached, Nextec may be forced to file a motion to compel production.  Brookwood's deposition notice attempts to supersede Nextec's subpoena despite the fact that such a deposition would be wholly incomplete and fruitless without prior production of documents called for in Nextec's subpoena duces tecum.  Nextec's subpoena takes priority over Brookwood's notice for the parties' and witnesses' convenience, the principle of judicial economy and the interests of justice which support that ADS should not be dragged into deposition twice when Brookwood currently has notice that essential

-2-

documents have not been produced.  Nextec will seek a protective order and/or the costs associated with an additional attorney's time and expense for attending the deposition noticed for the exact same date and time as Nextec's 30(b)(6) deposition and with the additional expense of having to re-depose ADS after receiving the subpoenaed documents.

Dated:  San Diego, California
        August 7, 2008

                        Respectfully submitted,

                        SHEPPARD MULLIN RICHTER & HAMPTON LLP

                        By:  _____
                             CHARLES A. LEGRAND (CL-5320)

                             30 Rockefeller Plaza, Suite 2400
                             New York, New York  10112
                             Telephone:    (212) 332-3800
                             Facsimile:    (212) 332-3888
                             E-mail:       clegrand@sheppardmullin.com

                             -and-

                             AMAR L. THAKUR (admitted *pro hac vice*)
                             DANIEL N. YANNUZZI (admitted *pro hac vice*)
                             JON E. MAKI (admitted *pro hac vice*)
                             MICHAEL MURPHY (admitted *pro hac vice*)
                             12275 El Camino Real, Suite 200
                             San Diego, CA 92130
                             Telephone:    (858) 720-8900
                             Facsimile:    (858) 509-3691
                             E-mail:       athakur@sheppardmullin.com
                                           jmaki@sheppardmullin.com
                                           mmurphy@sheppardmullin.com

                        Attorneys for Plaintiff
                        NEXTEC APPLICATIONS, INC.

W02-WEST:6JEM1\400982525.2

OBJECTION TO NOTICE OF DEPOSITION OF
ATLANTIC DIVING SUPPLY, INC.