CHARLES A. LEGRAND (CL-5320)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza, 24th Floor
New York, New York 10112
Telephone: (212) 332-3800
Facsimile: (212) 332-3888

-and-

AMAR L. THAKUR, Cal. Bar No. 194025 (*Pro Hac Vice*)
DANIEL N. YANNUZZI, Cal. Bar No. 196612 (*Pro Hac Vice*)
JON E. MAKI, Cal. Bar No. 199958 (*Pro Hac Vice*)
MICHAEL MURPHY, Cal. Bar No. 234695 (*Pro Hac Vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 200
San Diego, California 92130
Telephone: (858) 720-8900
Facsimile: (858) 509-3691

Attorneys for Plaintiff
NEXTEC APPLICATIONS, INC.

**REDACTED FOR PUBLIC FILING**

**CONTAINS CONFIDENTIAL INFORMATION TO BE FILED UNDER SEAL PURSUANT TO STIPULATED PROTECTIVE ORDER SO ORDERED JANUARY 7, 2008**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEXTEC APPLICATIONS, INC., a Georgia corporation,<br><br>Plaintiff,<br><br>v.<br><br>BROOKWOOD COMPANIES, INC., a Delaware corporation,<br><br>Defendant. | Case No. 07CV6901 (RJH)<br><br>**PLAINTIFF'S RESPONSE AND COUNTERSTATEMENT TO DEFENDANTS' LOCAL CIVIL RULE 56.1 STATEMENT** |

Plaintiff Nextec Applications, Inc. ("Nextec") sets forth herein its General Objections and Specific Responses to the Local Rule 56.1 Statement of Defendant Brookwood Companies, Inc. ("Brookwood").

## GENERAL OBJECTIONS

Defendant has failed to comply with the requirements of Local Rule 56.1, which mandates that "[e]ach statement by the movant ... pursuant to Rule 56.1(a) ... must be followed

by [a] citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e)." S.D.N.Y. L.R. 56.1(d). Contrary to this rule, Defendant's Rule 56.1 Statement repeatedly relies upon citations to statements or documents which are not admissible evidence, or provides no citation at all.

"If [a movant] fails to set forth adequate assertions of undisputed facts [in its Local Rule 56.1 statement], <u>supported by admissible evidence in the record</u>, summary judgment must ... be denied ... ." *Derienzo v. Metro. Transp. Auth.*, 404 F. Supp. 2d 555, 558 (S.D.N.Y. 2005) (*citing Giannullo v. City of N.Y.*, 322 F.3d 139, 140-41 (2d Cir. 2003)), *vacated on other grounds*, 237 F. App'x 642 (2d Cir. 2007) (emphasis in Original); *see also New York 10-13 Ass'n, Inc. v. City of N.Y.*, No. 98 Civ. 1425 (JGK), 2000 WL 1376101, at *11 (S.D.N.Y. Sept. 22, 2000) ("Failure to comply with Local Rule 56.1 would be a sufficient reason to deny the motion for summary judgment."); *Riley v. Town of Bethlehem*, 5 F. Supp. 2d 92, 93-94 (N.D.N.Y. 1998) (denying motion for summary judgment for failure to supply record citations supporting statement of material facts); *Grant v. City of N.Y.*, No. 91 Civ. 4266, 1992 WL 77562, at *4 (S.D.N.Y. Mar. 25, 1992) (same); *Gear, Inc. v. L.A. Gear Cal., Inc.*, 637 F. Supp. 1323, 1333 (S.D.N.Y. 1986) (same).

## SPECIFIC RESPONSES

1. Undisputed for purposes of this motion.

2. Disputed to the extent that "Brookwood is a leading supplier of specialty fabrics" as this is a statement of opinion, not fact, for which the declarant lacks personal knowledge and is therefore unsupported by any citation to admissible evidence in violation of Local Civil Rule 56.1(d). Also disputed to the extent that "Brookwood, directly and through relevant

predecessors, has been engaged in the manufacture of specialty industrial fabrics for over 40 years" as the declarant lacks personal knowledge and is therefore unsupported by any citation to admissible evidence in violation of Local Civil Rule 56.1(d).

3. Disputed to the extent that "Brookwood and its relevant predecessors have also been leading suppliers to the United States for many years" as this is a statement of opinion, not fact, for which the declarant lacks personal knowledge and is therefore unsupported by any citation to admissible evidence in violation of Local Civil Rule 56.1(d). Also disputed to the extent that Brookwood "believes that it is one of the largest suppliers of woven nylon fabrics used by the United States Government" as speculation for which the declarant lacks personal knowledge and is therefore unsupported by any citation to admissible evidence in violation of Local Civil Rule 56.1(d).

4. Disputed as to "Nextec's claims in this action relate in substantial part to the provision by Brookwood of coated fabrics used in the manufacture of apparel for ultimate supply to the United States Military pursuant to a government contract." Nextec's claims relate to any and all fabrics made, used, sold or offered for sale by Brookwood during the term of the patents in suit which meet every limitation of the patent claims asserted in this action. Brookwood fabrics currently accused of infringement include fabrics sold directly to retailers for commercial purposes as well as fabrics ostensibly for supply to the United States Military pursuant to a government contract but that were sold commercially. [See Exhibit 16 to LeGrand declaration (BR04032, BR04033-BR04050, BR04051-BR04059). See also Exhibit 3 to LeGrand declaration (Rell-Young Deposition 214:4-13). See also LeGrand declaration ¶ 13 and Exhibit 12 attached thereto]. Also disputed as to "[m]ore specifically, these fabrics were supplied by

Brookwood to apparel manufacturers for use in manufacturing protective outer wear that is part of the so-called 'Generation III Extended Cold Weather Clothing System' used by the Military…." Brookwood does not control the use of the fabrics once delivered to apparel manufacturers. See Exhibit 13 to LeGrand declaration (Deposition of David Fredella 20:23 – 21:15). Mr. Montie's declaration lacks foundation and violates the best evidence rule regarding alleged communications with only one apparel manufacturer, Propper International, regarding restrictions on the sale of such fabric. [See Exhibit 2 to LeGrand declaration (Montie deposition – 82:2-17)].

5.  Undisputed for purposes of this motion.

6.  Undisputed for purposes of this motion except to the extent "[t]he fabrics" suggests that **all** such fabrics "supplied by Brookwood were used in the manufacture of referred to as the co-called (sic) 'Level V' and 'Level VII' jackets and trousers" which is disputed. See Exhibit 16 to LeGrand declaration (BR04032, BR04033-BR04050, BR04051-BR04059). Mr. Montie's declaration actually states "[p]art of the particular fabrics produced by Brookwood that I understand are involved in this dispute with Nextec are referred to as the so-called 'Level V' and 'Level VII' garments." See Montie Declaration ¶ 8. Thus, even Defendant's own declarant acknowledges that not all such fabrics were supplied for Level V and Level VII jackets and trousers.

7.  Disputed to the extent that "[t]he commercial documents related to Brookwood's relevant fabric shipments, typically refer to the specific government contract with ADS" as this is a generalized statement, for which the declarant lacks personal knowledge, rather than a short

-4-

and concise statement of a material fact and is unsupported by admissible evidence in violation of Local Civil Rule 56.1(a) & (d). It is further disputed because in many instances Brookwood did not refer to the specific government contract with ADS. [See Exhibit 17 to the LeGrand declaration]. It is further disputed as to "Brookwood's relevant fabric shipments" inasmuch as generalized statements of what "typically" happened with "representative" forms and shipments are insufficient to establish undisputed material facts in violation of Local Civil Rule 56.1(a) & (d).

8.  Undisputed, except to the extent "standard 'authorization and consent'" differs from "basic authorization and consent" referenced in Alternate I or Alternate II paragraphs of Title 48 of the Code of Federal Regulations, Section 52.227-1.

9.  Disputed to the extent that all fabrics manufactured by Brookwood to the Level V and VII specifications were inspected and approved by a government representative prior to shipment to garment manufacturers. This is a generalized statement for which the declarant lacks foundation and personal knowledge and is unsupported by admissible evidence in violation of Local Civil Rule 56.1(a) & (d).

10. Disputed. The entirety of the statement is not a fact but speculation for which the declarant lacks personal knowledge and foundation.[1] The statement is therefore unsupported by any admissible evidence in violation of Local Civil Rule 56.1(d). Specifically, "Brookwood's understanding" demonstrates the lack of foundation and personal knowledge of the declarant for

---

[1] *See also* Plaintiff's Motion to Strike filed concurrently herewith.

the statement in Paragraph 10. It is further disputed that all fabrics manufactured by Brookwood to the government specifications and accused of infringement were used to manufacture garments that were supplied to ADS for use in satisfaction of government contract number W911QY-07-D0003 because Nextec's counsel purchased a garment from ADS' online store made by DJ Manufacturing with Brookwood's fabric. [See LeGrand declaration ¶ 13 and Exhibit 12 thereto]. It is further disputed that all fabrics manufactured by Brookwood to the government specifications, accused of infringement, and supplied to ADS for use in satisfaction of government contract number W911QY-07-D0003 were delivered to the government and accepted by the government. *Id.* It is further disputed that all fabrics manufactured by Brookwood to the government specifications and accused of infringement were delivered to garment manufacturers but some instead became seconds potentially used for other purposes. [See Exhibit 2 to LeGrand declaration (Montie deposition Montie Deposition – 83:3 – 84:3)].

## ADDITIONAL MATERIAL FACTS IN DISPUTE

11.     Fabrics manufactured by Brookwood to the government specifications, accused of infringement, are incorporated into GEN III garments . [See Exhibit 14 to LeGrand declaration (Fredella Deposition 26:12 – 27:14)].

12.     Garment manufacturers such as ███████████████████████████████████████████████. [See *Id.* (Fredella Deposition 54:23 – 55:6)].

13.     ADS sells GEN III ECWCS garments commercially on the Internet [https://onlinestore.adstactical.com] and fabrics manufactured by Brookwood to the government

REDACTED FOR
PUBLIC FILING

specifications and accused of infringement have been sold commercially by ADS. [See Exhibits 11 and 12 to LeGrand declaration].

14. Specifically, GEN III garments made with Brookwood fabric accused of infringement and assembled by DJ Manufacturing were purchased from ADS' website store. [See Exhibit 12 to LeGrand declaration]. Thus, GEN III garments made with Brookwood fabric accused of infringement were not delivered to and accepted by the government. [See *Id.*].

15. Brookwood's conversations with garment manufacturers regarding the use of Brookwood fabric for ███████████ do not constitute binding oral contracts restricting or prohibiting the ███████████ of fabrics manufactured by Brookwood to the government specifications and accused of infringement. [See Exhibit 2 to LeGrand declaration (Montie deposition, 81:19 – 82:17; 92:21 – 93:20)].

16. The Federal Government has not accepted all liability for infringement of Nextec's article claims under FAR 52.227-1(a)(1). [See Exhibits 6, 7, and 8 to LeGrand declaration].

17. Garments made with Brookwood fabric accused of infringement are also available for commercial sale by ORC. [See Exhibit 9 to the LeGrand declaration].

**REDACTED FOR PUBLIC FILING**

Dated: August 15, 2008

        Respectfully submitted,

        SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: _/s/_____
        CHARLES A. LEGRAND (CL-5320)

        30 Rockefeller Plaza, Suite 2400
        New York, New York 10112
        Telephone:  (212) 332-3800
        Facsimile:  (212) 332-3888
        E-mail:  clegrand@sheppardmullin.com

        -and-

        AMAR L. THAKUR (admitted *pro hac vice*)
        DANIEL N. YANNUZZI (admitted *pro hac vice*)
        JON E. MAKI (admitted *pro hac vice*)
        MICHAEL MURPHY (admitted *pro hac vice*)
        12275 El Camino Real, Suite 200
        San Diego, CA 92130
        Telephone:  (858) 720-8900
        Facsimile:  (858) 509-3691
        E-mail:  athakur@sheppardmullin.com
                dyannuzzi@sheppardmullin.com
                jmaki@sheppardmullin.com
                mmurphy@sheppardmullin.com

        Attorneys for Plaintiff
        NEXTEC APPLICATIONS, INC.

W02-WEST:6JEM1\400963233.1