CHARLES A. LEGRAND (CL-5320)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza, 24th Floor
New York, New York  10112
Telephone:  (212) 332-3800
Facsimile:  (212) 332-3888

-and-

AMAR L. THAKUR, Cal. Bar No. 194025 (*Pro Hac Vice*)
DANIEL N. YANNUZZI, Cal. Bar No. 196612 (*Pro Hac Vice*)
JON E. MAKI, Cal. Bar No. 199958 (*Pro Hac Vice*)
MICHAEL MURPHY, Cal. Bar No. 234695 (*Pro Hac Vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 200
San Diego, California  92130
Telephone:  (858) 720-8900
Facsimile:  (858) 509-3691

Attorneys for Plaintiff
NEXTEC APPLICATIONS, INC.

**REDACTED FOR PUBLIC FILING**

**CONTAINS CONFIDENTIAL INFORMATION TO BE FILED UNDER SEAL PURSUANT TO STIPULATED PROTECTIVE ORDER SO ORDERED JANUARY 7, 2008**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEXTEC APPLICATIONS, INC., a Georgia corporation,<br><br>                Plaintiff,<br><br>v.<br><br>BROOKWOOD COMPANIES, INC., a Delaware corporation,<br><br>                Defendant. | Case No. 07CV6901 (RJH)<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER 28 U.S.C. 1498(a)** |

## TABLE OF CONTENTS

I.  INTRODUCTION ..................................................................................................1

II.  BACKGROUND ...................................................................................................2

III. ARGUMENT .........................................................................................................6

    A.  Standard of Law – Rule 56(d)....................................................................6

    B.  Application of Section 1498 Depends on the Language of the Federal Contract................................................................................7

    C.  Brookwood Has Failed to Produce Factual Evidence Showing that Any Specific Fabrics Were Delivered to or Accepted by the Federal Government...................................................................................9

    D.  Brookwood's Motion Will Not Streamline the Current Litigation ............13

IV. CONCLUSION....................................................................................................14

## TABLE OF AUTHORITIES

**Cases**

Anderson v. Liberty Lobby, Inc.,
  477 U.S. 242 (1986) ............................................................................................6

Celotex Corp. v. Catrett,
  477 U.S. 317 (1986) ............................................................................................6

Freeman v. Arpaio,
  125 F.3d 732 (9th Cir. 1997) ..............................................................................6

Lujan v. National Wildlife Federation,
  497 U.S. 871 (1990) ..........................................................................................13

Madey v. Duke University,
  307 F.3d 1351 (Fed. Cir. 2002) .......................................................................8, 9

Madey v. Duke University,
  413 F. Supp. 2d 601 .........................................................................................7, 8

Manville Sales Corp. v. Paramount Systems, Inc.,
  917 F.2d 544 (Fed. Cir. 1990) .............................................................................9

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
  475 U.S. 574 (1986) ............................................................................................6

Systron-Donner Corp. v. Palomar Scientific Corp,
  239 F. Supp. 148 (N.D. Cal. 1965) ...................................................................10

Svenson Environmental Services, Inc. v. Shaw Environmental, Inc.,
  477 F.3d 1361 (Fed. Cir. 2007) ...........................................................................7

**Statutes**

28 U.S.C. §1498(a) .......................................................................................................1

## OPPOSITION

## I. INTRODUCTION

In the late 1980's, Michael Caldwell invented a new type of coated fabric. This new fabric was based upon the novel application of a shear-thinnable thixatropic polymer. The benefits of Mr. Caldwell's invention were a fabric that was breathable, water-resistant, relatively light, relatively abrasion resistant and yet felt very much like the untreated fabric. Mr. Caldwell filed several patents covering the fabric, methods of making it, and the systems used to make it. Mr. Caldwell's patents are assigned to Nextec Applications, Inc. ("Nextec") and form the heart of Nextec's business.

Defendant Brookwood Companies, Inc. ("Brookwood"), is a direct competitor of Nextec. Seeing the value of Nextec's technology, Brookwood  (*See* Declaration of Charles LeGrand in Support of Opposition ("LeGrand Decl.") ¶2, Exh. 1 at 89:17 – 90:1; 154:15 – 155:5.) (*see* id.), (*See* LeGrand Decl. ¶8, Exh. 7 at BR10309.) Brookwood then set about producing its own knock-off fabrics and released those fabrics into the stream of commerce.

Brookwood now requests that the Court insulate it from its misdeeds. In limited circumstances, Title 28 Section 1498(a) ("Section 1498") will shift patent infringement liability to the Federal Government. Brookwood alleges, without support, that all the fabric it produced to meet the specifications of Government Contract W911QY-07-D0003 (the "0003 Contract") falls within the protection of Section 1498 because (according to Brookwood) those fabrics were accepted by and delivered to the Federal Government. But Brookwood has failed to produce any evidence showing that any infringing fabric was actually delivered to the Federal Government, or

W02-WEST:6MRM1\400936227.7

**REDACTED FOR PUBLIC FILING**

even that Brookwood required its customers to deliver infringing fabrics only to the Federal Government. Thus, Brookwood misconstrues the law, ignores key facts, and asks the Court to improperly provide an advisory opinion under Federal Rule of Civil Procedure 56(d). Accordingly, Nextec respectfully requests that the Court deny Brookwood's Motion for Partial Summary Judgment in its entirety.

## II.  BACKGROUND

Nextec manufactures several patented breathable water-resistant fabrics. These fabrics are sold to several garment manufacturers that then use the fabrics to produce a wide variety of consumer goods. These goods include windshirts, parkas, and tents.

One of Nextec's customers for these goods was ORC Industries, Inc. ORC provided garments manufactured with Nextec's patented fabrics to the United States' Special Forces. Garments made from Nextec's patented fabrics were chosen by U.S. Special Forces because the garments performed well in actual field tests. In 2005, Brookwood began providing infringing fabric to ORC. And garments allegedly made with these infringing fabrics are still offered to the general public on ORC's website. (*See* LeGrand Decl. ¶10, Exh. 9.)

Because Nextec's patented fabrics performed so well in the field, the Army looked at Nextec's fabrics when developing the specifications for its next generation of an extreme cold weather clothing system ("ECWCS"). This new generation of ECWCS became known as "GEN III." The GEN III ECWCS consists of seven layers (or levels) and the performance specifications for Level V and Level VII were based largely upon Nextec's field tested fabrics. (*See* LeGrand Decl. ¶4, Exh. 3 at 171:18-24, 176:5 – 178:3).

This created a problem for Brookwood. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (*Id.*). ▇▇▇▇▇

**REDACTED FOR PUBLIC FILING**

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■ (*See* LeGrand Decl. ¶4, Exh. 3 at 90:23 – 91:7.) ■■■

■■■■■■■■■■■■■■■ (*See* LeGrand Decl. ¶5, Exh. 4 at 226:14-23.)

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■ (*See* LeGrand Decl. ¶¶6, 8, 9, Exhs. 5, 7, 8 at BR10309, 10508, 15491, and 15493 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■ (*See* LeGrand Decl. ¶8, Exh. 7 at BR10309.) ■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■ (*See* LeGrand Decl. ¶9, Exh. 8 at BR10508.) ■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ (*See Id.*)

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■



▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. (*See* LeGrand Decl. ¶3, Exh.2 at 219:4 – 221:2). ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (*See Id.* at 224:24 – 232:14). ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Atlantic Diving Supply, Inc. (a/k/a ADS, Inc.) ("ADS") received the award to provide the GEN III ECWCS to the Army as the prime contractor under the 0003 Contract. ADS subcontracted cutting and sewing of the garments to various third parties including Propper International, Inc., Sterlingwear of Boston, Inc., DJ Manufacturing Corp., Wild Things, Inc. and Creative Apparel, Inc. (collectively the "Garment Makers"). Initially, ADS had requested that Nextec supply its patented fabrics for use in the garments constituting Levels V and VII of the GEN III ECWCS. However, ADS then turned to Brookwood so that it could purchase the patented fabrics at a lower price. (*See* LeGrand Decl. ¶11, Exh. 10).

Prior to the filing of this suit, ADS and Brookwood intended to provide military specification garments, made according to the 0003 Contract, to the civilian marketplace. It is

uncontroverted that ADS supplies garments made to the GEN III ECWCS specifications to the general public. Indeed, ADS's online store advertises "If you are a civilian, don't sweat it! ADS offers our non-government/military customers the same broad spectrum of equipment at competitive prices." (LeGrand Decl. ¶12, Exh. 11.) Indeed, counsel for Nextec have even purchased a Level VII GEN III ECWCS Parka from ADS' online store. (LeGrand Decl. ¶13, Exh. 12.)

Under the law, Brookwood bears the burden of producing evidence that all infringing yardage it claims is protected by Section 1498 was accepted by and delivered to the Federal Government. But Brookwood, ADS, and several of the Garment Makers have all been asked to produce evidence and/or testimony regarding tracking systems used to identify garments made with Brookwood fabrics and showing delivery of those garments to the Federal Government. To date, no evidence of such identification or delivery has been produced. Nor has Brookwood provided the Court with evidence that any fabric it delivers to the Garment Makers is later delivered to ADS and from ADS delivered to the Federal Government.

Thus, there is a disputed issue of fact regarding the quantity of Brookwood fabric delivered to the Federal Government. Moreover, Brookwood has failed to provide the Court with any evidence from which the Court can fashion an order under Rule 56(d). Indeed, what Brookwood seeks is an impermissible advisory opinion. Accordingly, Brookwood has failed to meet even its initial evidentiary burden under Rule 56(d) and the Court should deny Brookwood's Motion.

## III. ARGUMENT

### A. Standard of Law – Rule 56(d)

Summary adjudication (or partial summary judgment) is permitted under Rule 56(d) and is treated under the same standards as a motion for summary judgment brought under Rule 56(c). Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the Defendant meets this initial burden, then the burden shifts to the non-moving party to "go beyond the pleadings and by her own affidavits, or by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). However, at all times, all inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Finally, when granting a motion under Rule 56(d) the Court shall "make an order specifying the facts that appear without substantial controversy[.]"

Here, summary judgment is not appropriate because Brookwood has failed even to meet its initial burden, there are genuine issues of material fact in dispute before the Court that

highlight Brookwood's liability for its infringement, and Brookwood has failed to request an order specifying what facts appear without substantial controversy.

B.  <u>Application of Section 1498 Depends on the Language of the Federal Contract</u>

In limited circumstances, Section 1498(a) shifts liability for patent infringement from a contractor to the Federal Government. Section 1498(a) states:

> Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof of lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for recovery of his reasonable and entire compensation for such use and manufacture. …
>
> For the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the Government and <u>with the authorization or consent</u> of the Government, shall be construed as use or manufacture for the United States.

28 U.S.C. §1498(a) (emphasis added)

The Federal Circuit has defined use "for the United States" as "use that is both 'for the Government' *and* 'with the authorization and consent of the Government.'" *Svenson Environmental Services, Inc. v. Shaw Environmental, Inc.*, 477 F.3d 1361, 1365 (Fed. Cir. 2007) (emphasis in the original).

Determining whether the Government has authorized and consented to liability for infringement under Section 1498 requires a detailed inquiry into the language and circumstances of the relevant government contract. "By choosing the scope of its consent in its selection of the contract language, the Government may control the extent of patent infringement it chooses to authorize, and the corresponding liability it chooses to accept." *Madey v. Duke University*, 413

F.Supp.2d 601, 608 (M.D. North Carolina); *see also Madey v. Duke University*, 307 F.3d 1351, 1360 (Fed. Cir. 2002) ("[The relevant issue is] which uses fall within the scope of the ... grant and which uses are outside that scope.")

Here, Brookwood relies on the incorporation by reference of Federal Acquisition Regulation ("FAR") 52.227-1(a) into the 0003 Contract between ADS and the Federal Government. (*See* Def.'s Mem. of Points and Authorities at 5.)

FAR 52.227-1(a) states:

> The Government authorizes and consents to all use and manufacture, in performing this contract or any subcontract at any tier, of any invention described in and covered by a United States patent
>
> (1) embodied in the structure or composition of any article the delivery of which is accepted by the Government under this contract or
>
> (2) used in machinery, tools, or methods whose use necessarily results from compliance by the Contractor or a subcontractor with (i) specifications or written provisions forming a part of this contract or (ii) specific written instructions given the Contracting Officer directing the manner of performance.

In its motion, Brookwood has requested that the Court only rule on the article claims asserted by Nextec (*See* Def.'s Mem. of Points and Authorities at p. 1). Under FAR 52.227-1(a)(1), article claims are covered by Section 1498 only where the accused article (product) is delivered to and accepted by the Federal Government. Accordingly, Brookwood is liable in Federal District Court for importing, manufacturing, selling, and offering to sell, infringing fabric that is not ultimately delivered to the Federal Government.

C. <u>Brookwood Has Failed to Produce Factual Evidence Showing that Any Specific Fabrics Were Delivered to or Accepted by the Federal Government</u>

Although the language of Section 1498 reads as if the requirement were jurisdictional, in District Court, Section 1498 provides an affirmative defense upon which the accused infringer may bring a motion for summary judgment.[1] *See Manville Sales Corp. v. Paramount Systems, Inc.*, 917 F.2d 544, 554-555 (Fed. Cir. 1990). Because Brookwood is asserting an affirmative defense, the burden is on Brookwood to show that the Federal Government has accepted all liability for infringement of Nextec's article claims under FAR 52.227-1(a)(1).

To meet its burden, Brookwood must prove that all infringing yardage it placed into the stream of commerce was delivered to and accepted by the Federal Government. This is a heavy, fact intensive burden which Brookwood does not come close to meeting. Brookwood's entire motion relies upon two sentences.

> "In this case, the fabrics manufactured by Brookwood to the Level V and Level VII specifications were inspected and approved by a government representative prior to shipment to garment manufacturers. In addition, and insofar as Brookwood is aware, all of these fabrics were actually used in the performance of the relevant contract with ADS."

(Def.'s Mem. of Points and Authorities at 6.)
These sentences are speculative, self-serving, lack foundation, and fail to set forth facts sufficient to show Governmental liability.[2]

To prevail on its motion, Brookwood must produce uncontroverted evidence showing that all the fabric for which it seeks protection under Section 1498 was accepted by and delivered

---

[1] In contrast when a suit is brought against the Government in the Court of Federal Claims, Section 1498 is jurisdictional. *Madey v. Duke University*, 307 F.3d 1351, 1359 (Fed. Cir. 2002) (citing *Manville Sales Corp.*, 917 F.2d at 554-555 n.6).

[2] Nextec has concurrently filed evidentiary objections to and a motion to strike the declaration paragraphs cited in support of these sentences.

to the Federal Government. But, Brookwood's statements merely establish that Brookwood manufactured certain quantities of fabrics to meet Government specifications. Manufacturing a product to government specification is not sufficient – there must be evidence of delivery to the Government and evidence that the Government accepted that delivery.

Brookwood has not demonstrated by any competent evidence that all of the fabric accused of infringement that it delivers to the Garment Makers is later delivered to ADS and from ADS delivered to and accepted by the Federal Government. ████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ (*See* LeGrand Decl. ¶14, Exh. 13 at 25:23 – 27:15; 54:23 – 55:6.) ████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████ ████████████ (*See* LeGrand Decl. ¶12, Exh. 11.)

In *Systron-Donner Corp. v. Palomar Scientific Corp.*, the defendant sold accused products to both the government and non-government customers. *See* 239 F.Supp. 148, 149-150 (N.D. Cal. 1965). The defendant argued that it was immune from liability under Section 1498 because all its sales were intended for end-use by the government even though some sales had been made to non-governmental customers. Alternatively, the defendant argued that any non-governmental sales were insufficient to support liability and in any event were *de minimis*.

The district court rejected both of the contractor's arguments. The district court examined sales of six accused products. For those six products, the court found no evidence of intended government end-use and stated that Section 1498 did "not give exemption from infringement suit

to those who manufacture for other than government end use, i.e. use without 'authorization or consent' of the government." *Id.* at 150. The district court further determined that even "a single sale ... is sufficient to support an infringement action." *Id.* Thus, Brookwood is liable for any yardage provided to ADS, or any other third party, that is not then provided to the Federal Government.

Here, unlike the *Systron-Donner* defendant, Brookwood has not produced evidence that any quantity, lots, or rolls of infringing fabric were actually delivered to the Government. On the contrary, the testimony of Mr. Montie is unambiguous, ██████████████ ██████████████████████████████████████ (*See* LeGrand Decl. ¶3, Exh. 2 at 92:10 – 93:20.) ████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████ (*See* LeGrand Decl. ¶¶14, 15, Exhs. 13, 14██ ████████████████████████████████████████████ ██████████████████ (*See* LeGrand Decl. ¶14, Exh. 13 at 16:16-24.)

Furthermore, as in *Systron-Donner*, Brookwood delivered infringing fabric to DJ Manufacturing under "Commercial Invoices" that *do not* reference the 0003 Contract. (*See* LeGrand Decl. ¶18, Exh. 17.) And it is undisputed that ADS (the prime contractor) offers Level V and Level VII garments to the general public. (*See id.* at ¶12, Exh. 11.) It is also undisputed that counsel for Nextec purchased from ADS' online store a Level V jacket manufactured by

**REDACTED FOR PUBLIC FILING**

Propper International and a Level VII parka manufactured by DJ Manufacturing. (*See* id. at ¶13, Exh. 12.)

Brookwood, ADS, and Brookwood's customers have all been asked to produce evidence and testimony regarding the tracking systems used to segregate garments made with Brookwood fabrics from garments made with fabrics received from other sources and showing delivery of garments made with Brookwood fabrics to the Federal Government but to date, no evidence of such segregation and delivery has been produced. (*See* Exhibits A-E to the Maki Declaration; *see also* Maki Declaration ¶¶7-12)[3]. Without evidence of delivery to the Federal Government, Brookwood cannot meet its burden.

Furthermore, Brookwood has had every opportunity to gather information tracking its fabrics into the garments sold to ADS through the Garment Makers and showing what ADS did with them (if such information exists). But Brookwood has presented no such evidence. Brookwood also raised the issue (albeit without any supporting evidence) in its moving papers (*See* Def.'s Mem. of Points and Authorities at p. 6) and the declaration of Frank Montie (though Mr. Montie lacks personal knowledge to support his "understanding" of what became of the Brookwood fabrics and Nextec has moved to strike those statements). However, Brookwood either failed to request evidence from ADS showing delivery and acceptance, or ADS does not have such evidence. Because Brookwood failed to produce such evidence, it cannot shift liability to the Federal Government under Section 1498.

---

[3] A deposition of a representative from ADS took place on August 14, 2008 (one day before Nextec's opposition is due) pursuant to a Brookwood deposition notice and over Nextec's objection. (*See* Maki declaration ¶¶ 13-14 and Exhibits F & G thereto). The transcript is not available for citation and use in Nextec's opposition papers. (*See* Maki declaration ¶15). Furthermore, ADS has yet to produce any documents or appear for deposition pursuant to Nextec's subpoena and a motion to compel such documents and testimony may now be necessary. (*See* Maki declaration ¶11).

Furthermore, Brookwood should not be allowed to present additional new evidence in its reply papers. New evidence in reply briefs is limited to new material issues raised in opposition. *See e.g. Lujan v. National Wildlife Federation*, 497 U.S. 871, 894–895 (1990). Here, Nextec is merely responding to unsupported statements in the Montie declaration and Brookwood's Statement of Undisputed Material Facts. Brookwood has the burden of proof on delivery and acceptance and was aware well aware of the issue, raising it in its moving papers. The need for evidence of delivery and acceptance was also previously raised by Nextec in letters to Brookwood and this Court. (*See* LeGrand Decl. ¶16, Exh.15.) Thus, delivery and acceptance is not a new material issue. Rather, Brookwood has simply failed to properly provide the Court with evidence necessary to support its long-awaited motion.

Given the lack of evidence showing delivery to the Federal Government and acceptance of that delivery by the Federal Government, Brookwood has failed to meet its initial burden under Rule 56(d). Moreover, Nextec has presented the Court with evidence showing that Brookwood provides fabric to the Garment Manufacturers without any restrictions and that ADS provides garments made with patented and/or infringing fabrics to non-Governmental customers. Because all factual inferences must be made in favor of Nextec, Brookwood cannot prevail on its motion under Rule 56. Accordingly, the Court should deny Brookwood's motion in its entirety.

D.   Brookwood's Motion Will Not Streamline the Current Litigation

Brookwood claims that "the relief requested through the present motion has the potential to substantially streamline and narrow the claims and issues asserted in the present action." (Def.'s Mem. of Points and Authorities at 3.) This is disingenuous at best.

Nextec has currently identified six of Brookwood's products as infringing its patents. Of these six, only two are provided by Brookwood to the Garment Makers pursuant to the 0003 Contract. Thus, regardless of the Court's decision on the present motion, for the other four products the Court must construe all the patent claims at issue (both article and method claims) and the jury must apply all these claims to those four products.

With regards to the two products Brookwood contends fall under Section 1498, Brookwood only requests "entry of an Order dismissing ... any *product* claims in the asserted patents in suit[.]" (Def.'s Mem. of Points and Authorities at 1 (emphasis added).) Thus, even if the Court were to grant Brookwood's proposed order (which it should not), the Court must apply the asserted method claims (as well as the claims of the two new patents to be added) to those two products. Moreover, for any yardage that Brookwood does not prove was delivered to and accepted by the Federal Government, the Court must apply all claims (both product and method) to that yardage.

Contrary to Brookwood's assertions, granting Brookwood's proposed order will not streamline the case. The Court will still have to construe all the claims at issue and the jury will still need to apply those claims to the six products. Indeed, the case will become more complicated because the jury will also need to determine how much yardage that was manufactured by Brookwood was actually delivered to the Federal Government. Thus, despite Brookwood's assertion, judicial efficiency argues against granting Brookwood's proposed order.

## IV.    CONCLUSION

Brookwood has sold infringing products to Propper International, DJ Manufacturing, Sterlingwear of Boston, Wild Things, Creative Apparel, and ORC Industries. But Brookwood was failed to provide the Court with a single purchase order or supply agreement limiting further

sales of those products to the Federal Government or with evidence showing that the products it sold to Propper International, DJ Manufacturing, Sterlingwear of Boston, Wild Things, Creative Apparel, and ORC Industries were later provided only to the Federal Government.

If there is no downstream tracking of these products then Brookwood cannot prove that its products were only sold to the Federal Government. Without such proof Brookwood cannot prevail on its motion under the evidentiary strictures of Rule 56. Accordingly, Nextec respectfully requests that the Court deny Brookwood's motion in its entirety.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

Dated:   August 15, 2008

                    SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: _____
                AMAR L. THAKUR (admitted *pro hac vice*)
                DANIEL N. YANNUZZI (admitted *pro hac vice*)
                JON E. MAKI (admitted *pro hac vice*)
                MICHAEL MURPHY (admitted *pro hac vice*)
                12275 El Camino Real, Suite 200
                San Diego, CA 92130
                Telephone:   (858) 720-8900
                Facsimile:    (858) 509-3691
                E-mail:         athakur@sheppardmullin.com
                                  jmaki@sheppardmullin.com
                                  mmurphy@sheppardmullin.com

                and

Charles A. LeGrand (CL-5320)

30 Rockefeller Plaza, Suite 2400
New York, New York  10112
(212) 332-3800 (phone)
(212) 332-3888 (fax)


Attorneys for Plaintiff
NEXTEC APPLICATIONS, INC.