SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza, 24th Floor
New York, New York 10112
(212) 332-3800 (phone)
(212) 332-3888 (fax)

Attorneys for Plaintiff
NEXTEC APPLICATIONS, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
NEXTEC APPLICATIONS, INC.,                :
a Georgia corporation,                    :
                                          :
                      Plaintiff,          :           ECF Case 07-CV-6901 (RJH)
                                          :
                                          :
            v.                            :
                                          :           **MEMORANDUM OF LAW**
                                          :           **IN SUPPORT OF PLAINTIFF'S**
BROOKWOOD COMPANIES, INC.,                :           **MOTION TO STRIKE THE**
a Delaware Corporation.                   :           **DECLARATION OF FRANK**
                                          :           **MONTIE**
                      Defendant.          :
                                          :
------------------------------------------------------------x

## TABLE OF AUTHORITIES

**Page**

### Cases

*Adickes v. S.H. Kress & Co.*,
  398 U.S. 144, 90 S.Ct. 1598 (1970) ............................................................................ 2

*Allen v. Coughlin*,
  64 F.3d 77 (2nd Cir. 1995) ............................................................................ 8, 9, 10, 11

*Austracen (U.S.A.) Inc. v. Neptune Orient Lines, Ltd.*,
  612 F. Supp. 578 (S.D.N.Y. 1985) ........................................................... 3, 8, 9, 10, 11

*Barnett v. Howaldt*,
  757 F.2d 23 (2d Cir. 1985) ............................................................................................ 7

*Beyah v. Coughlin*,
  789 F.2d 986 (2d Cir. 1986) ..................................................................................... 2, 3

*Crown Heights Jewish Cmty. Council, Inc. v. Fischer*,
  63 F. Supp. 2d 231 (E.D.N.Y. 1999) ............................................................................ 6

*Dora Homes, Inc. v. Epperson*,
  344 F. Supp. 2d 875 (E.D.N.Y. 2004) .......................................................................... 5

*Franzon v. Massena Memorial Hosp.*,
  89 F. Supp. 2d 270 (N.D.N.Y. 2000) ............................................................................ 6

*Hester v. BIC Corp.*,
  225 F.3d 178 (2d Cir. 2000) .......................................................................................... 7

*Hollander v. Am. Cyanamid Co.*,
  172 F.3d 192 (2d Cir. 1999) .......................................................................................... 2

*ICC Indus., Inc. v. GATX Terminals Corp.*,
  690 F. Supp. 1282 (S.D.N.Y. 1988) .............................................................................. 3

*Kamen v. Am. Tel. & Tel. Co.*,
  791 F.2d 1006 (2d Cir. 1986) ........................................................................................ 3

*LaRouche v. Webster*,
  175 F.R.D. 452 (S.D.N.Y. 1996) .................................................................................. 2

*Nobel Ins. Co. v. Hudson Iron Works, Inc.*,
  111 F. Supp. 2d 373 (S.D.N.Y. 2000) .......................................................................... 3

*Raskin v. Wyatt Co.*,
  125 F.3d 55 (2d Cir. 1997) .......................................................................................... 2

*Sarno v. Douglas Elliman-Gibbons*,
  183 F.3d 155 (2d Cir. 1999) ........................................................................................ 5

*St. Pierre v. Dyer*,
  280 F.3d 394 (2d Cir. 2000) ............................................................................. 1, 2, 4, 5

*United States v. Grinage*,
  390 F.3d 746 (2d Cir. 2004) ........................................................................................ 6

*United States v. Private Sanitation Indus. Assoc. of Nassau/Suffolk, Inc.*,
  44 F.3d 1082 (2d Cir. 1995) ........................................................................................ 3

*United States v. Ross*,
  321 F.2d 61 (2d Cir. 1963) .......................................................................................... 5

**<u>Rules</u>**

Federal Rule of Civil Procedure 56 .................................................................................. 1, 2

Federal Rule of Civil Procedure 56(a) .................................................................................. 1

Federal Rule of Civil Procedure 56(c) .................................................................................. 1

Federal Rule of Civil Procedure 56(e) .................................................. 1, 2, 3, 4, 8, 9, 10, 11

Federal Rule of Evidence 602 .................................................................... 3, 4, 8, 9, 10, 11

Federal Rule of Evidence 701 ........................................................................ 6, 8, 9, 10, 11

Federal Rule of Evidence 702 ................................................................................ 8, 9, 10, 11

Federal Rule of Evidence 801 ................................................................................ 5, 6, 10, 11

Federal Rule of Evidence 802 .......................................................................................... 10, 11

Federal Rule of Evidence 1002 ...................................................................................... 5, 10, 11

## INTRODUCTION

In support of its Motion for Summary Judgment ("Defendant's Motion"), Brookwood Companies, Inc. relies on numerous inadmissible statements contained in the Declaration of Frank Montie ("Montie Decl." or "Montie Declaration"). The Montie Declaration puts forth incompetent assertions lacking in personal knowledge, speculation about the actions of parties other than the declarant, and hearsay to support Defendant's Motion. Accordingly, Plaintiff Nextec Applications, Inc. ("Nextec") respectfully requests that the Court strike the numerous inadmissible statements contained in the Montie Declaration.

## I.
## THE MONTIE DECLARATION MUST BE STRICKEN BECAUSE IT VIOLATES FEDERAL RULE OF CIVIL PROCEDURE 56(e) AND VARIOUS PROVISIONS OF THE FEDERAL RULES OF EVIDENCE

**A.     Standard For Admissibility Of Evidence On Summary Judgment**

A motion for summary judgment may not properly be granted unless the "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

"A summary judgment motion may be made with or without supporting affidavits, see Fed.R.Civ.P. 56(a); however, Rule 56 provides that if affidavits are submitted they '*shall* be made on personal knowledge, *shall* set forth such facts as would be admissible in evidence, and *shall* show affirmatively that the affiant is competent to testify to the matters stated therein,' Fed.R.Civ.P. 56(e)." *St. Pierre v. Dyer*, 280 F.3d 394, 404 (2d Cir. 2000) (emphasis added).

"The principles governing admissibility of evidence do not change on a motion for summary judgment. . . . Therefore, only admissible evidence need be considered by the trial

court in ruling on a motion for summary judgment. Because the purpose of summary judgment is to weed out cases in which there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law, it is appropriate for district courts to decide questions regarding the admissibility of evidence on summary judgment. . . . The resolution of evidentiary questions on summary judgment conserves the resources of the parties, the court, and the jury." *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997) (citations omitted).

Affidavits not complying with Rule 56(e) are properly the subject of a motion to strike and should not be considered by the Court in adjudicating a summary judgment motion. *See Hollander v. Am. Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999) (affirming the striking of an affidavit that "disregard[ed] the requirements of Rule 56(e)," was "riddled with inadmissible hearsay, conclusory statements and arguments, and information clearly not made on the affiant's personal knowledge," and "more resemble[d] an adversarial memorandum than a bona fide affidavit."); *see also LaRouche v. Webster*, 175 F.R.D. 452 (S.D.N.Y. 1996) (striking portions of affidavit that lacked personal knowledge or that asserted ultimate facts or legal conclusions).

When the movant has failed to properly submit admissible evidence to support a summary judgment motion, such motion must be denied. *See, e.g., Beyah v. Coughlin*, 789 F.2d 986, 989-90 (2d Cir. 1986) (holding that it was error to grant summary judgment on basis of affidavits not based on personal knowledge); *St. Pierre*, 280 F.3d at 404 ("if the motion for summary judgment is not made and supported as provided in Rule 56, the Rule does not impose on the party opposing summary judgment an obligation to come forward with affidavits or other admissible evidence of his own."); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160, 90 S.Ct. 1598, 1609-10 (1970) ("Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied *even if no opposing evidentiary matter is presented*.") (quoting Advisory Comm. Note on 1963 Amend. to

subdivision (e) of Rule 56) (emphasis in opinion); *see also Nobel Ins. Co. v. Hudson Iron Works, Inc.*, 111 F. Supp. 2d 373, 375 & n.2 (S.D.N.Y. 2000) (denying motion for summary judgment where affidavits containing factual assertions about which affiants had no personal knowledge were "insufficient as a matter of law").

### B.   Evidentiary Bases For Striking The Montie Declaration.

#### 1.   Mr. Montie Has No Personal Knowledge Of The Facts He Purports To Declare And Instead Bases His Statements On Speculation And Conjecture (Fed. R. Civ. P. 56(e); Fed. R. Evid. 602).

Pursuant to Fed. R. Civ. Proc. 56(e), declarations submitted in support of a motion for summary judgment must contain admissible evidence and be based on personal knowledge. *See United States v. Private Sanitation Indus. Assoc. of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995); *Beyah*, 789 F.2d at 989-90 (reversing the granting of summary judgment because the lower court, by considering an affidavit lacking personal knowledge, "did not enforce the requirements of Fed.R.Civ.P. 56(e)"); *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) ("it was improper for the district court" to have considered the affidavit because it contained "no information to indicate a basis in personal knowledge").

In addition, the requirement that the affiant aver on the basis of personal knowledge precludes the affiant from asserting mere expressions of his beliefs, asserting his understanding of the state of mind of others, or testifying as to what another person actually did without first-hand knowledge. *See ICC Indus., Inc. v. GATX Terminals Corp.*, 690 F. Supp. 1282, 1290 (S.D.N.Y. 1988) (excluding portion of affidavits "based in large part on [] speculation and conjecture"); *Austracen (U.S.A.) Inc. v. Neptune Orient Lines, Ltd.*, 612 F. Supp. 578, 586-87 (S.D.N.Y. 1985) (precluding affiant, without first-hand knowledge, to testify "as to what [another individual] actually did"). Affidavits offered in support of a motion for summary

judgment must present admissible evidence, and must not only be made on the personal knowledge of the affiant, but must show that the affiant possesses the knowledge asserted. *See* Fed. R. Civ. P. 56(e) ("Supporting [] affidavits . . . shall show affirmatively that the affiant is competent to testify to the matters stated therein"); *St. Pierre*, 280 F.3d at 404-05. Lastly, Mr. Montie is testifying as a lay witness and therefore under Federal Rules of Evidence 602, he "may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

As shown below, it is clear from the Montie Declaration that Mr. Montie does not have any personal knowledge of many of the purported "facts" set forth therein. Mr. Montie claims to have personal knowledge of what Atlantic Diving Supply, Inc. ("ADS"), and other third parties, did and did not do outside of Mr. Montie's presence. Mr. Montie fails, however, to establish any foundation for his statements or otherwise explain how he could have personal knowledge of such facts. For example, the Montie Declaration states that: "It is our understanding that specific fabrics supplied by Brookwood conforming to the Level V and Level VII specifications, in response to purchase orders from various sub-contractors under the ADS prime contract, have only been utilized in the manufacture of outerwear under the referenced contract." Montie Decl. ¶ 11. Mr. Montie does not have personal knowledge of what ADS or the sub-contractors did or did not do outside of his presence. As the Second Circuit recently stated in a similar circumstance:

> [Defendant's affidavit in support of summary judgment] proffered no factual observations as to any prior acknowledgement that might have occurred. If defendants sought summary judgment on the basis that in fact [plaintiff] had not, prior to the expiration of the prescription period, acknowledged his debt . . . , *it was incumbent on defendants to adduce admissible evidence to that effect, perhaps by obtaining discovery from [plaintiff] in which he so admitted, or by obtaining deposition testimony or affidavits from [other persons]*. Defendants adduced no such evidence.

*St. Pierre*, 280 F.3d at 405 (emphasis added). As such, the Court should strike Mr. Montie's statements not based upon his own personal knowledge.

### 2. Mr. Montie's Testimony About The Content Of Documents Violates The Best Evidence Rule (Fed. R. Evid. 1002).

Federal Rule of Evidence 1002 provides that "[t]o prove the content of a writing . . . the original writing . . . is required." Fed. R. Evid. 1002. A person may not testify, therefore, about the contents of a document if the document itself is available. In such circumstances, the document speaks for itself. *See e.g., United States v. Ross*, 321 F.2d 61 (2d Cir. 1963) (testimony "offered to prove the contents of a writing [] was within the best evidence rule").

Rather than letting the documents speak for themselves, Mr. Montie offers objectionable commentary concerning the contents of certain documents. For example, in paragraph 12 of the Montie Declaration, Mr. Montie testifies "ADS also has an agreement or understanding with each of the manufacturers that all resulting garments are to be sold exclusively to ADS." And, "we have an agreement with ADS that garments made from Brookwood supplied fabrics are to be used on in satisfaction of the relevant contract." However, Brookwood has failed to provide any of these alleged agreements and only offered Mr. Montie's testimony. Such testimony concerning the information contained in the documents is objectionable and must be stricken.

### 3. Mr. Montie Relies On Hearsay (Fed. R. Evid. 801).

"[I]t is well established that a 'hearsay affidavit is a nullity on a motion for summary judgment.'" *See Dora Homes, Inc. v. Epperson*, 344 F. Supp. 2d 875, 882 (E.D.N.Y. 2004) (citation omitted); *Sarno v. Douglas Elliman-Gibbons*, 183 F.3d 155, 160 (2d Cir. 1999) (plaintiff's inadmissible hearsay statement in his affidavit and his failure to procure an affidavit

from a person with personal knowledge of the facts necessitated summary judgment dismissing his complaint); *see also Franzon v. Massena Memorial Hosp.*, 89 F. Supp. 2d 270, 276-277 (N.D.N.Y. 2000) (excluding "smoking gun" evidence in summary judgment proceeding because such evidence contained in affidavit was inadmissible hearsay); Fed. R. Evid. 801. Moreover, testimony offered to prove the truth of information contained in a document or letter also is considered hearsay, and must be stricken from the Montie Declaration. *See, e.g., Crown Heights Jewish Cmty. Council, Inc. v. Fischer*, 63 F. Supp. 2d 231, 241, 247 (E.D.N.Y. 1999) (testimony based upon a "review of documents" was inadmissible hearsay in a summary judgment proceeding).

As shown below, the Montie Declaration claims that other parties made certain statements and took certain actions, but Mr. Montie submits no *direct* knowledge from these third parties. Moreover, Mr. Montie claims to testify about information contained in various documents. Such statements lack the requisite evidentiary foundation and constitute inadmissible hearsay and, thus, such portions of the Montie Declaration must be stricken.

### 4.   Mr. Montie Proffers Improper Opinion Testimony Not Rationally Based Upon His Perception As A Witness (Fed. R. Evid. 701).

Fed. R. Evid. 701 provides that "the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, [and] (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Fed. R. Evid. 701. "The burden is on the party wishing to introduce lay opinion testimony to establish the proper foundation." *United States v. Grinage*, 390 F.3d 746, 750-751 (2d Cir. 2004) (agent's testimony as to his interpretations of telephone calls he had reviewed went beyond permissible lay opinion testimony). A witness's personal

perception is a fundamental prerequisite to admissibility. *See Barnett v. Howaldt*, 757 F.2d 23, 26 (2d Cir. 1985) (witness must have personal knowledge of positioning of boom on barge for testimony that boom was negligently positioned to be admissible as lay opinion). Correspondingly, Lay opinion is inadmissible where the testimony is based upon mere speculation and conjecture. *See Hester v. BIC Corp.*, 225 F.3d 178, 184-185 (2d Cir. 2000) (coworkers' testimony that supervisor's treatment of employee was racially motivated was no more than "naked speculation," because none of coworkers were involved in corporation's decision-making process or had personal knowledge of it or of plaintiff's job performance).

As described above and shown below, much of Mr. Montie's testimony concerns events that he did not personally perceive. Instead, he improperly asserts speculation and conjecture. If Mr. Montie wanted to submit evidence concerning events outside his perception, he was obliged to obtain deposition testimony or discovery from persons competent to testify to such matters. Accordingly, most of Mr. Montie's testimony is without foundation and must be stricken.

## II.
## SPECIFIC OBJECTIONS TO THE STATEMENTS PUT FORTH IN THE MONTIE DECLARATION

Nextec asserts the following specific objections to the Montie Declaration:

1.   **Paragraph 9**

**Paragraph 9, 2nd – 4th sentences:**

> "Fabrics meeting these particular requirements have been sold by Brookwood for use only by the United States Government. Specifically, Brookwood made fabric shipments for this purpose to Propper International of St. Charles, MO under multiple purchase orders. Fabrics were also shipped to DJ Manufacturing Corp. of San Lorenzo, Puerto Rico; to Sterlingwear of Boston; to Wild Things of North Conway, New Hampshire; and to Creative

> Apparel of Belmont, Maine, all for use in manufacturing outwear supplied to ADS for ultimate supply to the United States Military."

**Objections:**

Nextec objects to and moves to strike this testimony because it lacks foundation and because it contains conclusory assertions. *See, e.g., Allen v. Coughlin*, 64 F.3d 77, 80 (2nd Cir. 1995). Brookwood has provided no documents or evidence showing that it sold the relevant fabrics to the United States Government or that it required any purchaser of the relevant fabrics to supply articles made with those fabrics to the United States Government.

2.   **Paragraph 11**

**Paragraph 11, 1st sentence:**

> "It is our understanding that the specific fabrics supplied by Brookwood conforming to the Level V and Level VII specifications, in response to purchase orders from various sub-contractors under the ADS prime contract, have only been utilized in the manufacture of outwear under the referenced contract."

**Objections:**

Nextec objects to and moves to strike this testimony because no evidence has been "introduced sufficient to support a finding that the witness has personal knowledge" regarding what ADS or any sub-contractors did or did not do, or how the specific fabrics were used by ADS or any sub-contractor. *See* Fed. R. Evid. 602; Fed. R. Civ. P. 56(e). Mr. Montie, without first-hand knowledge, is not the proper witness to testify concerning what ADS or any sub-contractor actually did. *See, e.g., Austracen*, 612 F. Supp. at 586-87. Similarly, Nextec objects to and moves to strike this testimony as inadmissible opinion testimony because it is not rationally based on the perception of the witness. *See* Fed. R. Evid. 701, 702. Nextec also objects to and moves to strike this testimony because it contains conclusory assertions. *See, e.g., Allen*, 64 F.3d at 80.

**Paragraph 11, 3rd sentence:**

> "It is also our understanding that the outwear made from Brookwood's fabrics were also accepted by the United States Military."

**Objections:**

Nextec objects to and moves to strike this testimony because no evidence has been "introduced sufficient to support a finding that the witness has personal knowledge" regarding what the United States Military did or did not do. *See* Fed. R. Evid. 602; Fed. R. Civ. P. 56(e). Mr. Montie, without first-hand knowledge, is not the proper witness to testify concerning what United States Military actually did. *See, e.g., Austracen*, 612 F. Supp. at 586-87. Similarly, Nextec objects to and moves to strike this testimony as inadmissible opinion testimony because it is not rationally based on the perception of the witness. *See* Fed. R. Evid. 701, 702. Nextec also objects to and moves to strike this testimony because it contains conclusory assertions. *See, e.g., Allen*, 64 F.3d at 80.

3.      Paragraph 12

**Paragraph 12, 1st sentence:**

> "Our understanding that the fabrics manufactured by Brookwood were actually used in satisfaction of the specified contract is based on discussions with our direct customers during which we informed them that these fabrics should only be used in furtherance of the referenced contract, and our further understanding that ADS also has an agreement or understanding with each of the manufacturers that all resulting garments are to sold exclusively to ADS."

**Objections:**

Nextec objects to and moves to strike this testimony because it lacks foundation and because it contains conclusory assertions. *See, e.g., Allen*, 64 F.3d at 80. Brookwood has

provided no documents or evidence showing how its direct customers used the fabrics manufactured by Brookwood.

Nextec objects to and moves to strike this testimony because no evidence has been "introduced sufficient to support a finding that the witness has personal knowledge" regarding whether ADS has an agreement or understanding with each of the manufacturers related to resulting garments. *See* Fed. R. Evid. 602; Fed. R. Civ. P. 56(e). Mr. Montie, without first-hand knowledge, is not the proper witness to testify concerning any alleged agreements or understandings between ADS and any garment manufacturers. *See, e.g., Austracen*, 612 F. Supp. at 586-87. Similarly, Nextec objects to and moves to strike this testimony as inadmissible opinion testimony because it is not rationally based on the perception of the witness. *See* Fed. R. Evid. 701, 702. Nextec also objects to and moves to strike this testimony because it contains conclusory assertions. *See, e.g., Allen*, 64 F.3d at 80.

Nextec further objects to and moves to strike this testimony as inadmissible hearsay because it is being offered to prove the truth of the information contained in the agreements referenced therein. *See* Fed. R. Evid. 801, 802. Finally, Nextec objects to and moves to strike this testimony for violating the Best Evidence Rule. *See* Fed. R. Evid. 1002.

**Paragraph 12, 3rd sentence:**

> "In addition, we have an agreement with ADS that garments made from Brookwood supplied fabrics are to be used only in satisfaction of the relevant contract."

**Objections:**

Nextec objects to and moves to strike this testimony as inadmissible hearsay because it is being offered to prove the truth of the information contained in the agreements referenced

therein. *See* Fed. R. Evid. 801, 802. Nextec further objects to and moves to strike this testimony for violating the Best Evidence Rule. *See* Fed. R. Evid. 1002.

### Paragraph 12, 4th sentence:

> "We understand that ADS segregates the garments from Brookwood fabrics from the garments made from fabrics of any other supplier in order to ensure that products made from our fabrics are only supplied in furtherance of the relevant contract."

### Objections:

Nextec objects to and moves to strike this testimony because no evidence has been "introduced sufficient to support a finding that the witness has personal knowledge" regarding whether ADS segregates garments made with Brookwood fabrics from garments made with other fabrics. *See* Fed. R. Evid. 602; Fed. R. Civ. P. 56(e). Mr. Montie, without first-hand knowledge, is not the proper witness to testify concerning any alleged segregation of garments by ADS. *See, e.g., Austracen*, 612 F. Supp. at 586-87. Similarly, Nextec objects to and moves to strike this testimony as inadmissible opinion testimony because it is not rationally based on the perception of the witness. *See* Fed. R. Evid. 701, 702. Nextec also objects to and moves to strike this testimony because it contains conclusory assertions. *See, e.g., Allen*, 64 F.3d at 80.

# III.
# CONCLUSION

Because the Montie Declaration contains significant speculation, improper opinion, hearsay, and assertions lacking in personal knowledge, the Montie Declaration is not credible, and the Court should not consider it as evidence in reviewing Brookwood's Motion. Accordingly, the Montie Declaration should be stricken from the record.

Dated:   New York, New York
         August 15, 2008

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: _____/s/_____

AMAR L. THAKUR (admitted *pro hac vice*)
DANIEL N. YANNUZZI (admitted *pro hac vice*)
JON E. MAKI (admitted *pro hac vice*)
MICHAEL MURPHY (admitted *pro hac vice*)
12275 El Camino Real, Suite 200
San Diego, CA 92130
Telephone:   (858) 720-8900
Facsimile:   (858) 509-3691
E-mail:      athakur@sheppardmullin.com
             jmaki@sheppardmullin.com
             mmurphy@sheppardmullin.com

and

Charles A. LeGrand (CL-5320)

30 Rockefeller Plaza, Suite 2400
New York, New York 10112
(212) 332-3800 (phone)
(212) 332-3888 (fax)

Attorneys for Plaintiff
NEXTEC APPLICATIONS, INC.