SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza, 24th Floor
New York, New York 10112
(212) 332-3800 (phone)
(212) 332-3888 (fax)

Attorneys for Plaintiff
NEXTEC APPLICATIONS, INC.

> **CONTAINS CONFIDENTIAL INFORMATION TO BE FILED UNDER SEAL PURSUANT TO STIPULATED PROTECTIVE ORDER SO ORDERED JANUARY 7, 2008**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

NEXTEC APPLICATIONS, INC.,
a Georgia corporation,

          Plaintiff,

          v.

BROOKWOOD COMPANIES, INC.,
a Delaware Corporation.

          Defendant.

--------------------------------------------------------------x

ECF Case 07-CV-6901 (RJH)(THK)

**MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S
MOTION TO DISREGARD
AND/OR STRIKE THE 30(B)(6)
DEPOSITION TESTIMONY OF
ATLANTIC DIVING SUPPLY,
INC. AND SECTIONS OF THE
AFFIDAVIT OF AMY S. COYNE
AND IN THE ALTERNATIVE
REQUEST FOR LEAVE TO
FILE A SUR-REPLY**

**REDACTED FOR
PUBLIC FILING**

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................1

II.    THE ADS TESTIMONY AND SECTIONS OF THE COYNE AFFIDAVIT
SHOULD BE STRICKEN ████████████████████████
████████████████ ...................................................................1

     A.     The Court Should Disregard and/or Strike the ADS Testimony Proffered
by Brookwood.....................................................................................2

     B.     Critical Statements in the Coyne Affidavit ████████████
████████████████████ Should Be
Disregarded and/or Stricken by the Court .................................................4

         1.    Paragraph 6. ..............................................................................4
         2.    Paragraph 14 ..............................................................................5
         3.    Paragraph 15 ..............................................................................6
         4.    Paragraph 16, Second Sentence ......................................................7

III.   ALTERNATIVELY, THE COURT SHOULD GRANT NEXTEC LEAVE TO
FILE A SUR-REPLY .............................................................................7

IV.   CONCLUSION.....................................................................................8

**REDACTED FOR
PUBLIC FILING**

TABLE OF AUTHORITIES

Cases

Federal Deposit Insurance Corp. v. National Union Fire Insurance Co.,
  205 F.3d 66 (2d Cir. 2000)................................................................................................1

Lawlor v. Gallagher Presidents' Report, Inc.,
  394 F. Supp. 721 (SDNY 1975)........................................................................................2

Litton Indus. v. Lehman Bros. Kuhn Loeb, Inc.,
  767 F. Supp. 1220 (SDNY 1991) .....................................................................................7

Pentagen Technologies International, LTD. v. CACI International, Inc.,
  1999 WL. 138923 (SDNY 1999)....................................................................................1, 6


Statutes

Title 48 C.F.R. Section 52.227-1(a)(1) ...................................................................................6

# I.
# INTRODUCTION

In support of its Motion for Partial Summary Judgment ("Defendant's Motion"),

Brookwood Companies, Inc. ("Brookwood") filed a reply brief that relies on new evidence ███

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████ Plaintiff Nextec Applications, Inc. ("Nextec") respectfully requests that

the Court disregard and/or strike the ██████████████████████████████████████

████████████████████████████████████ testimony ███████████████████

proffered by Brookwood.  In the alternative, Nextec respectfully requests that the Court allow

Nextec to examine the declarant and the basis of her testimony and to file a sur-reply to respond

to and address the flaws and inconsistencies in the newly submitted evidence.


██

## THE ADS TESTIMONY AND PORTIONS OF THE COYNE AFFIDAVIT
## SHOULD BE STRICKEN █████████████████████████████████████████████
███████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

REDACTED FOR
PUBLIC FILING

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████

**A.      The Court Should Disregard and/or Strike the ADS Testimony Proffered by Brookwood**

███████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

████████████████████████

Brookwood initially took the position that all ADS garments made with Brookwood fabrics were only sold to the Department of Defense under a specific federal contract. (*See* Def.'s Mem. of Points and Authorities in Support of Defendant's Motion at 6.) This position was important ████████████████ because, if true, under Title 28, Section 1498 ("Section 1498") Nextec's potential damages for those sales would potentially be available only through suit in the Court of Federal Claims and might be limited to a reasonable royalty without enhanced damages for willful infringement. ████████████████████████

████████████████████████████████████████████

████████████████████████████████████.

**REDACTED FOR PUBLIC FILING**



Unfortunately ██████████████, counsel for Nextec produced incontrovertible documentary evidence showing it purchased from ADS's online store a GEN III Level 7 parka manufactured by DJ Manufacturing Corp (*See* Coyne Affidavit Attachment 4.) That commercial purchase put the lie to ██████████████ Brookwood's initial position. ██████████████ ████████████████████████████████████████████ the Court should disregard and/or strike the ADS Testimony.

**REDACTED FOR PUBLIC FILING**

**B.**    <u>Critical ███████████████████████████████████████████████████████</u>
████████████████████████ <u>Should Be Disregarded and/or Stricken by the</u>
<u>Court</u>

Faced with undeniable and damning evidence revealing that ADS really did sell garments

containing Brookwood fabric in the commercial market, Brookwood ███████ cagily shifted

their position from "all" Brookwood fabrics being delivered to the government ████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████ Nevertheless, Brookwood ████████ once again failed to

provide any evidence ████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████

**1.    Paragraph 6.**

Paragraph 6 of the Coyne Affidavit states ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████ (Coyne

---

[1] ████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████

**REDACTED FOR
PUBLIC FILING**

Affidavit ¶6 (emphasis in original)). ████████████████████████████

████████████████████████████████, Brookwood ████

████ still failed to substantiate this statement with any documentary evidence showing that <u>any</u>

GEN III Extended Cold Weather Clothing System uniform ██████████████

████████████████████████████████ to the U.S. Government.

Indeed, the only substantiated evidence before the Court is that ADS sold a GEN III parka ████

████████████████████████████████████████████ in the

commercial market.

████████████████████████████████

████████████████████████████████████

███████████████████████████

███████████████████████████████████

███████████████████████████████████

█████████████████████████████████

████████████████████

2.    **Paragraph 14**

Paragraph 14 of the Coyne Affidavit states ██████████████████

███████████████████████████████████████

██████████████████████████████

████████████████████████████ Furthermore,

████████████████████████ is unsubstantiated – the

---
2  As a 30(b)(6) witness, Ms. Coyne was obligated to investigate and be prepared to testify
truthfully and accurately about the topics noticed. ██████████████████████
███████████████████████████████████
██████████████████████

**REDACTED FOR
PUBLIC FILING**

records ███████████████████████████████████ are not

proffered to support the ████████████, nor has Nextec had an opportunity to examine ████

████████████ this subject matter despite its subpoena covering these exact details.

    Moreover, it strains credibility and common sense that out of the at least ████ parkas sold

to the general public (*See* LeGrand Decl. ¶3, Exh. 2 at 27:11), counsel for Nextec happened to

purchase one of the very few ██████████████████████████████████

███████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

█████████████████████████████████

███████████████████████████

████████████████████████████████████

████ the Court should strike and/or disregard this testimony.

    **3.    Paragraph 15**

    Paragraph 15 of the Coyne Affidavit states: ████████████████████████

███████████████████████████████████

███████████████████████████████████

████████████████████████████ The testimony is

irrelevant because application of Section 1498 requires that the garments containing Brookwood

fabric be delivered to and accepted by the Federal Government. *See* Title 48 CFR Section

52.227-1(a)(1). The use of these ██████████████████████

████████ is still an infringing use that is not protected by Section 1498. ████████████

███████████████████████████████

**REDACTED FOR
PUBLIC FILING**

4.    **Paragraph 16, Second Sentence**

Paragraph 16, second sentence of the Coyne Affidavit states ███████████████

███████████████████████████████████████████████

███████████████████████████████████████

███████    This testimony is speculative and not from personal knowledge.    ████████████

██████████████████████████████████████████████

████

Furthermore, ████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████    the Court should strike and/or

disregard this testimony.

### III.
### ALTERNATIVELY, THE COURT SHOULD GRANT NEXTEC
### LEAVE TO FILE A SUR-REPLY

"Where new evidence is presented in a party's reply brief or affidavit in further support of its summary judgment motion, the district court should permit the nonmoving party to respond to the new matter prior to disposition of the motion." *Litton Indus. v. Lehman Bros. Kuhn Loeb, Inc.*, 767 F.Supp. 1220, 1235 (SDNY 1991) *rev'd on other grounds,* 967 F.2d 742 (2d Cir. 1992). Here, Brookwood waited until its reply brief to introduce both the ADS Testimony and the Coyne Affidavit.  Brookwood may argue that this evidence was not available to it for inclusion in its moving papers.  But, that would be disingenuous.

**REDACTED FOR
PUBLIC FILING**

██████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

Because Brookwood has filed extensive new evidence in support of its motion for summary judgment on reply, Nextec respectfully requests that the Court grant Nextec leave to challenge that new evidence and file a sur-reply to address the new evidence in the event that the Court does not disregard or strike that new evidence.

**IV.**
**CONCLUSION**

███████████████████████████████████████████████

██████████████████████████████████████

Brookwood failed to provide a single document showing that garments ████████████

████ were delivered to (and accepted by) the United States. ████████████

███████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████████████

**REDACTED FOR PUBLIC FILING**

██████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████ the Court should disregard and/or strike that

testimony.

Moreover, because there is evidence before the Court conclusively showing ████████

███████████████████████████████████████████████████

████████████████████████████████████████████

the Court should strike and/or disregard ADS's ████████████████████████

███████████████████████████████████████

████████ This is particularly true ██████████████████████████████████████

████████████████████████ in the context of supporting a motion for summary judgment

where all inferences of fact must be made in favor of the non-moving party – Nextec.

In closing, ██████████████████████████████████████████████████

████████████████████████████████████████ Nextec respectfully

requests that the Court either strike that evidence or, alternatively, grant Nextec leave to examine

that testimony and to file a sur-reply to address that new evidence.

//

//

//

//

//                                    **REDACTED FOR
                                       PUBLIC FILING**

//

Dated:  New York, New York
        September 5, 2008

                            SHEPPARD MULLIN RICHTER & HAMPTON LLP

                            By:  _____

                            AMAR L. THAKUR (admitted *pro hac vice*)
                            DANIEL N. YANNUZZI (admitted *pro hac vice*)
                            JON E. MAKI (admitted *pro hac vice*)
                            MICHAEL MURPHY (admitted *pro hac vice*)
                            12275 El Camino Real, Suite 200
                            San Diego, CA 92130
                            Telephone:    (858) 720-8900
                            Facsimile:    (858) 509-3691
                            E-mail:       athakur@sheppardmullin.com
                                          dyannuzzi@sheppardmullin.com
                                          jmaki@sheppardmullin.com
                                          mmurphy@sheppardmullin.com

                                     and

                            Charles A. LeGrand (CL-5320)

                            30 Rockefeller Plaza, Suite 2400
                            New York, New York  10112
                            (212) 332-3800 (phone)
                            (212) 332-3888 (fax)


                            Attorneys for Plaintiff
                            NEXTEC APPLICATIONS, INC.