SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza, 24th Floor
New York, New York  10112
(212) 332-3800 (phone)
(212) 332-3888 (fax)

Attorneys for Plaintiff
NEXTEC APPLICATIONS, INC.

---

**CONTAINS CONFIDENTIAL INFORMATION TO BE FILED UNDER SEAL PURSUANT TO STIPULATED PROTECTIVE ORDER SO ORDERED JANUARY 7, 2008**

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

NEXTEC APPLICATIONS, INC.,
a Georgia corporation,

                    Plaintiff,

        v.

BROOKWOOD COMPANIES, INC.,
a Delaware Corporation.

                    Defendant.

-----------------------------------------------------------------X

ECF Case 07-CV-6901 (RJH)(THK)

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF FRANK MONTIE [DOCKET NO. 61]**

W02-WEST:6MRM1\401018163.3

**Redacted for Public Filing**

TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................1

I.      BROOKWOOD IMPROPERLY SEEKS
       TO INTRODUCE INADMISSIBLE EVIDENCE .................................................2

II.     OBJECTIONS TO THE SPECIFIC  STATEMENTS PUT FORTH IN THE
       MONTIE DECLARATION .................................................................................4

       A.      Paragraph 9 ..............................................................................4

       B.      Paragraph 11 ............................................................................4

       C.      Paragraph 12 ............................................................................5

III.    CONCLUSION ...................................................................................................6

<u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Cases**

*Beyah v. Coughlin,*
   789 F.2d 986 (2d Cir. 1986) ........................................................................................... 3

*Carney v. United States Dep't of Justice,*
   19 F.3d 807 (2d Cir.1994) ..............................................................................................2

*Celotex Corp. v. Catrett,*
   477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) ....................................... 2

*DiMarco v. Rome Hosp. & Murphy Memorial Hosp.,*
   899 F.Supp. 91 (N.D.N.Y. 1995) ................................................................................... 2

*Nobel Ins. Co. v. Hudson Iron Works, Inc.,*
   111 F. Supp. 2d 373 (S.D.N.Y. 2000) ........................................................................... 3

*St. Pierre v. Dyer,*
   280 F.3d 394 (2d Cir. 2000) ............................................................................... 3, 5, 6, 7

## INTRODUCTION

Defendant Brookwood's Opposition to Nextec's Motion to Strike selected portions of the Declaration of Frank Montie ("Montie Decl.") is premised on an incorrect statement of the law, and asks the court to accept testimony that has been proven false by Nextec's evidence and by subsequent testimony provided by Brookwood itself. Brookwood contends that "Nextec cannot argue that the factual statements in the Declaration are supported by the declarant's personal knowledge, experience, and direct observations." (Opposition at 1.) Nextec agrees. The objected-to statements are based upon Mr. Montie's unsupported assumptions and not his personal knowledge, experience, or direct observation. (*See, e.g.*, Montie Decl. ¶11 ███████

███████████████████████████████████████████████████████

██████████████████████████████

Moreover, Mr. Montie's lack of knowledge is highlighted by evidence submitted to this Court by Nextec showing that counsel for Nextec purchased a garment made with Brookwood fabric and by the ██████████████████████████ submitted by Brookwood in support of its Motion for Partial Summary Judgment, both of which contradict Mr. Montie's "understanding[.]" (*Compare* Montie Decl. ¶11, *with* ████ Affidavit ¶¶5, 12 and Declaration of Charles A. LeGrand In Support of Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment Under 28 U.S.C. 1498(a) ("LeGrand Declaration"), ¶13 and Exh. 12;.) Given that Mr. Montie's statements have not been subject to cross-examination, are premised upon mere assumptions, are unsubstantiated by any documents, are refuted by Nextec's evidence, and are refuted by the ████ Affidavit, the Court should disregard and strike the objected-to portions of the Montie Declaration.

**Redacted for
Public Filing**

**I.**
**BROOKWOOD IMPROPERLY SEEKS**
**TO INTRODUCE INADMISSIBLE EVIDENCE**

As the party bringing a motion for summary judgment on which it bears the burden of proof at trial, Brookwood bears the burden of producing admissible evidence in support of its position. Brookwood failed to do this. Instead, Brookwood incorrectly argues that courts "routinely apply a more flexible approach when considering evidence presented in declaration form in the context of summary judgment, particularly when the witness is available to testify at trial or where there is additional corroborating evidence." (Opposition at 4.)

Brookwood is wrong. A review of the cases cited by Brookwood (and cases relied upon by those courts) reveals that such flexibility should be allowed only on behalf of the party opposing summary judgment. *See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)* (party opposing motion need not "produce evidence in a form that would be admissible at trial in order to avoid summary judgment"); *Carney v. United States Dep't of Justice,* 19 F.3d 807, 813 (2d Cir.1994) (hearsay affidavit by opposing party accepted); *DiMarco v. Rome Hosp. & Murphy Memorial Hosp.,* 899 F.Supp. 91 (N.D.N.Y. 1995) (hearsay affidavit of opposing party accepted because declarant was available to testify at trial.) This is logical because a witness is only available to testify and be cross-examined at trial when a court *denies* a motion for summary judgment. And if the Court were to rely on the Montie Declaration in granting Brookwood's motion, Nextec would be denied the ability to cross-examine Mr. Montie on his inaccurate testimony. Accordingly, the Court should not consider Brookwood's inadmissible evidence in support of its motion for partial summary judgment.

Moreover, when the movant has failed to properly submit admissible evidence to support a summary judgment motion, such a motion must be denied. *See, e.g., Beyah v. Coughlin,* 789

F.2d 986, 989-90 (2d Cir. 1986) (holding that it was error to grant summary judgment on the

basis of affidavits not based on personal knowledge); *St. Pierre v. Dyer*, 280 F.3d 394, 404 (2d

Cir. 2000)(affidavits submitted in support of a motion for summary judgment "*shall* be made on

personal knowledge, *shall* set forth such facts as would be admissible in evidence, and *shall*

show affirmatively that the affiant is competent to testify to the matters stated

therein[.],")(emphasis added); *see also, Nobel Ins. Co. v. Hudson Iron Works, Inc.*, 111 F. Supp.

2d 373, 375 & n.2 (S.D.N.Y. 2000) (denying motion for summary judgment where affidavits

containing factual assertions about which affiants had no personal knowledge were "insufficient

as a matter of law").

What is shocking is that Brookwood cites the deposition testimony of ████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████. But

Brookwood themselves admitted that same deposition testimony is inaccurate, and Brookwood

even submitted to the court an affidavit of ████████████ designated 30(b)(6) deponent)

████████████████ (*See* Affidavit of ████████████████"), ¶¶5, 12.)[1]

Thus, to support Mr. Montie's incorrect "understanding," Brookwood cites deposition testimony

that it knows is not true and was subject to a correcting affidavit. Given the circumstances, the

Court should at the very least disregard and strike the objected to portions of the Montie

Declaration.

---

[1] Brookwood ████ refer to the ███ Affidavit as "clarifying" ████ deposition
testimony. This is disingenuous ████████████████████████████████████

**Redacted for
Public Filing**

## II.
## OBJECTIONS TO THE SPECIFIC
## STATEMENTS PUT FORTH IN THE MONTIE DECLARATION

### A.      Paragraph 9

Paragraph 9 of the Montie Declaration states that Brookwood fabric was sold "for use

only by the United States Government." Paragraph 9 further states that Brookwood shipped

infringing fabric "all for use in manufacturing outwear supply to ADS for ultimate supply to the

United States Military." Not only does Mr. Montie fail to set forth the basis of these statements

or provide any documents or evidence substantiating the statements, but also the statements are

shown to be false by the evidence provided to this Court by Nextec and by the ███████ Affidavit

submitted by Brookwood itself. (*See* ███████ Affidavit ¶¶5, 12, and 13, Attachment 4.) Given the

evidence before the Court, there can be no doubt that Mr. Montie lacked personal knowledge of

his allegedly factual "understandings." Accordingly, the objected-to portions of Paragraph 9 of

the Montie Declaration should be disregarded and stricken from the record.


### B.      Paragraph 11

Paragraph 11 of the Montie Declaration states that it is "our understanding" (Mr. Montie

is presumably speaking for Brookwood) that Brookwood fabrics "have only been utilized in the

manufacture of outwear ... [that was] accepted by the United States Military." Again, Mr.

Montie fails to set forth the basis of these statements or provide any documents or evidence

substantiating the statements. These statements are also shown to be false by the evidence

provided to this Court by Nextec and by ████████████████████████████

██████████████

**Redacted for
Public Filing**

Incredibly, counsel for Brookwood cites the deposition testimony ███████ in support of its position, but fails to inform the Court that Brookwood itself also filed the ████ ████████████████████████ Given the inaccuracy of Mr. Montie's statements, he must lack personal knowledge – or he committed perjury. Accordingly, the Court should disregard and strike the objected to portions of Paragraph 11 of the Montie Declaration.

C.      **Paragraph 12**

Paragraph 12 of the Montie Declaration also sets forth Brookwood's alleged understanding based upon conversations with third parties, and an agreement with ADS. But, Brookwood again failed to produce any admissible evidence of its "understanding" regarding how its fabrics "were actually used" or that ADS actually "segregates the garments made from Brookwood fabrics from garments made from fabrics of any other supplier[.]" Thus, Brookwood failed in its obligation to place admissible evidence before this Court in support of its motion for partial summary judgment. *See St. Pierre*, 280 F.3d at 405 (reversing district court for granting summary judgment on inadmissible evidence)("[I]t was incumbent on defendants to adduce admissible evidence to [support its position].") Moreover, the actual evidence before this Court is that Brookwood fabrics were indeed used in garments provided to the general public, and that ADS does not segregate garments made with Brookwood fabrics from garments made with fabrics from other suppliers. *See, e.g.,* LeGrand Declaration, ¶13 and Exh. 12; ████ Affidavit ¶¶5, 12.

Brookwood has failed to place before the Court any affidavits from third parties regarding their use of Brookwood fabric, or even the alleged agreement referred to in the Montie Declaration. Given Brookwood's failure to place this evidence before the Court, and the

W02-WEST:6MRM1\401018163.3                    -5-                    **Redacted for Public Filing**

evidence of record showing that Mr. Montie's "understandings" are inaccurate at best, the Court should disregard and strike the objected-to portions of Paragraph 12 of the Montie Declaration.

## III.
## CONCLUSION

"[I]t was incumbent on defendants to adduce admissible evidence" in support of their motion for partial summary judgment. *St. Pierre v. Dyer*, 280 F.3d at 405. Brookwood failed to do this. Instead, they not only provided testimony that is not only unsupported by any admissible evidence, but that is also contradicted by other evidence they themselves submitted. Accordingly, under *St. Pierre v. Dyer*, the Court should disregard and strike the objected to portions of the Montie Declaration.

//

//

//

//

//

//

//

//

//

//

//

//

Dated:  New York, New York
        September 9, 2008


                    SHEPPARD MULLIN RICHTER & HAMPTON LLP

          By:         _____
                    AMAR L. THAKUR (admitted *pro hac vice*)
                    DANIEL N. YANNUZZI (admitted *pro hac vice*)
                    JON E. MAKI (admitted *pro hac vice*)
                    MICHAEL MURPHY (admitted *pro hac vice*)
                    12275 El Camino Real, Suite 200
                    San Diego, CA 92130
                    Telephone:   (858) 720-8900
                    Facsimile:   (858) 509-3691
                    E-mail:      athakur@sheppardmullin.com
                                 dyannuzzi@sheppardmullin.com
                                 jmaki@sheppardmullin.com
                                 mmurphy@sheppardmullin.com

                            and

                    Charles A. LeGrand (CL-5320)

                    30 Rockefeller Plaza, Suite 2400
                    New York, New York  10112
                    (212) 332-3800 (phone)
                    (212) 332-3888 (fax)


                    Attorneys for Plaintiff
                    NEXTEC APPLICATIONS, INC.