UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEXTEC APPLICATIONS, INC., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BROOKWOOD COMPANIES, INC., )<br>and THE HALLWOOD GROUP, INC., )<br>)<br>    Defendants. ) | Case No. 07 CV 6901 (RJH)<br><br>**MEMORANDUM IN SUPPORT OF BROOKWOOD COMPANIES' CONTINGENT MOTION FOR PARTIAL SUMMARY JUDGMENT ON DAMAGE-RELATED ISSUES** |

Thomas J. Parker
ALSTON & BIRD, LLP
90 Park Avenue
New York, NY 10016-1387
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

Blas P. Arroyo
Jitendra Malik
Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Telephone:  (704) 444-1000
Facsimile:  (704) 444-1111

Attorneys for Defendant

BROOKWOOD COMPANIES, INC.

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ............................................................................................................ i

TABLE OF AUTHORITIES .................................................................................................... i

I.   INTRODUCTION ..........................................................................................................1

II.  NEXTEC'S DAMAGE CLAIMS UNDER THE '841 AND '902
     PATENTS MUST BE DISMISSED AS A MATTER OF LAW .....................................2

III. CONCLUSION................................................................................................................5

# TABLE OF AUTHORITIES

Page

Cases:

*Richmond Screw Anchor Company v. United States*, 275 U.S. 331 (1928) ...............................2

*Sevenson Environmental Services, Inc. v. Shaw Environmental, Inc.*,
   477 F.3d 1361 (Fed. Cir. 2007) ...................................................................................................4

*TVI Energy Corp. v. Blane*, 806 F.2d 1057 (Fed. Cir. 1986).........................................................2

*W.L. Gore & Associates v. Garlock, Inc.*, 852 F.2d 1275 (Fed. Cir. 1988) ...............................2


Statutes

28 U.S.C. §1498(a) .........................................................................................................................2

Federal Acquisition Regulation, Title 48 of the Code of Federal Regulations,
   Section 52.227-1(a)....................................................................................................................3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEXTEC APPLICATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BROOKWOOD COMPANIES, INC., and THE HALLWOOD GROUP, INC., <br><br> Defendants. | Case No. 07 CV 6901 (RJH) <br><br> **MEMORANDUM IN SUPPORT OF BROOKWOOD COMPANIES' CONTINGENT MOTION FOR PARTIAL SUMMARY JUDGMENT ON DAMAGE-RELATED ISSUES** |

## I. INTRODUCTION

Defendant Brookwood Companies, Inc. ("Brookwood") has moved the Court, on a contingent basis, for partial summary judgment dismissing selected claims for alleged damages asserted by Nextec Applications, Inc. ("Nextec") in this action. As noted in Brookwood's Motion, these issues need not be reached in the event that Brookwood's concurrently filed and fully dispositive Motion for Summary Judgment of Noninfringement and Patent Invalidity is granted.

In the event that, for whatever reason, the Court does not dismiss Nextec's claims for infringement under the '841 and '902 patents asserted in this action, then any claim for alleged damages based on these patents must be dismissed pursuant to 28 U.S.C. §1498(a) in light of material positions taken by Nextec with respect to these claims. These claims must be dismissed on the same operative rationale as previously applied by the Court in dismissing Nextec's damage claims based on product claims in this action. *See* D.E. 81, Summary Judgment Order (1/6/09).

## II.  NEXTEC'S DAMAGE CLAIMS UNDER THE '841 AND '902 PATENTS MUST BE DISMISSED AS A MATTER OF LAW

As the record in this case reflects, the Court previously dismissed Nextec's claims in this action to the extent any claims were based on sales by Brookwood in furtherance of a specified government contract, and insofar as those claims were based on product claims from the patents-in-suit.  D.E. 81, Summary Judgment Order (1/6/09).  These claims were dismissed in light of the governing terms of the relevant contract and further in light of 28 U.S.C. §1498(a) which mandates that any such claims against a government subcontractor must be brought in the United States Court of Federal Claims.  28 U.S.C. §1498(a); *see also W.L. Gore & Associates v. Garlock, Inc.*, 852 F.2d 1275, 1282-83 (Fed. Cir. 1988) ("The patentee takes his patent from the United States subject to the government's eminent domain rights to obtain what it needs from manufacturers and to use the same."); *Richmond Screw Anchor Company v. United States*, 275 U.S. 331, 343 (1928) ("The purpose of the amendment was to relieve the contractor entirely from liability … and to limit the owner of the patent and his assignees … to suit against the United States in the Court of Claims for the recovery of his reasonable and entire compensation for such use and manufacture.").

The statute applies to any use or manufacture "by or for the United States," so long as the accused activity is performed "with the authorization or consent of the Government."  28 U.S.C. §1498(a).  The requisite authorization or consent may be either express or implied.  *See TVI Energy Corp. v. Blane*, 806 F.2d 1057, 1060 (Fed. Cir. 1986).

The Government's express "authorization or consent" to utilize third party patent rights in the performance of a government contract is typically established through the

incorporation in the relevant contract of operative provisions from the Federal Acquisition Regulation, Title 48 of the Code of Federal Regulations.  The most common authorization and consent provision is found in Section 52.227-1(a) of the FAR regulations and provides the following:

> The Government authorizes and consents to all use and manufacture, in performing this contract or any subcontract at any tier, of any invention (1) embodied in the structure or composition of any article the delivery of which is accepted by the Government under this contract or (2) used in machinery, tools, or methods where use necessarily results from compliance by the contractor or a subcontractor with (i) specifications or written provisions forming a part of this contract or (ii) specific written instructions given by the Contracting Officer directing the manner of performance.

*Id*.

Brookwood's original Motion for partial summary judgment on this issue, as granted by the Court, was premised on the first subparagraph from the above provision (i.e. consent to use any invention "embodied in the structure or composition of any article") since any product claims from the patents asserted by Nextec in this action were necessarily directed to the "structure or composition" of the article.  The present Motion is directed to patent claims implicating the second subparagraph of Section 52.227-1(a) as reproduced above (any inventions "used in machinery, tools, or methods") since the claims of the '841 and '902 patents are directed to a "system" (i.e. machine) and method of treatment, respectively.  Under this provision, the authorization and consent clause applies to any use of machinery or methods where the use "necessarily results from compliance by the contractor or subcontractor with (i) the specifications or written provisions forming a part" of the relevant contract.  *Id*.

In this case, Nextec has taken the position that it is necessary to practice the claims of the asserted '841 and '902 patents in order to satisfy the relevant specifications of the Government's "Gen III" apparel program. This position was espoused by Nextec's technical expert witness, Dr. Cole, and further incorporated into the analysis and opinion of Nextec's expert witness on the issue of alleged damages in this action. *See* Arroyo Decl., Exh. 8, Cole Depo. Tr. 416 (5-18); 417 (24) – 418 (8) and Exh. 28, Excerpt from Beutel Report at p. 4, ¶10 and note 9 ("Therefore, I have been asked to assume that the Level 5 and Level 7 fabric at issue cannot be produced without violating one or more of the claims of those patents. Accordingly, under this assumption, those patents are effectively individually necessary to produce the fabric at issue.").

Since it is Nextec's position that it is necessary to practice the methods and use the equipment encompassed by the '841 and '902 patents-in-suit in order to meet the specifications established by the Government for its Gen III program under the relevant contract, then any claim for damages related to Brookwood's performance under that contract must be dismissed as a matter of law in light of 28 U.S.C. §1498(a). *See Sevenson Environmental Services, Inc. v. Shaw Environmental, Inc.*, 477 F.3d 1361, 1367 (Fed. Cir. 2007) ("Notably, this language explicitly encompasses 'specifications' that are a part of the contract, as well as the base language of the contract itself."). This result is also entirely consistent with the same rationale applied by this Court in dismissing similar claims by Nextec based on any product claims from the patents-in-suit.

### III.  CONCLUSION

As noted, Nextec has taken the material position that it was necessary for Brookwood to utilize the system encompassed by the '841 patent, and to practice the

- 4 -

method of the '902 patent, in order to meet the specifications established by the Government for fabrics supplied as part of the Gen III program.  As a result, Nextec must bring any claim for alleged infringement of these patents in the United States Court of Federal Claims exclusively, and any claim asserted in this court based on sales in furtherance of the relevant contract must be dismissed as a matter of law pursuant to 28 U.S.C. §1498(a).

        Respectfully submitted,

        ALSTON & BIRD LLP

        By: _____
        Thomas J. Parker
        ALSTON & BIRD, LLP
        90 Park Avenue
        New York, NY 10016-1387
        Telephone: (212) 210-9400
        Facsimile: (212) 210-9444

        Blas P. Arroyo
        Jitendra Malik
        Bank of America Plaza
        101 South Tryon Street, Suite 4000
        Charlotte, North Carolina 28280
        Telephone:  (704) 444-1000
        Facsimile:  (704) 444-1111

        Attorneys for Defendant

        BROOKWOOD COMPANIES, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy the foregoing Memorandum In Support Of Brookwood Companies' Contingent Motion For Partial Summary Judgment On Damage-Related Issues was served on the plaintiff electronically and by overnight courier, addressed to the following:

>Sean J. Kirby
>Sheppard, Mullin, Richter & Hampton LLP
>30 Rockefeller Plaza, 24th Floor
>New York, NY 10112
>nextec@sheppardmullin.com

>Amar L. Thakur
>Jon E. Maki
>Michael Murphy
>Sheppard, Mullin, Richter & Hampton LLP
>12275 El Camino Real, Suite 200
>San Diego, CA 92130
>nextec@sheppardmullin.com

This 17th day of July, 2009.



By Counsel