SEAN J. KIRBY (SK-9511)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, New York  10112
Telephone:  (212) 853-8700
Facsimile:  (212) 853-8701


STEPHEN S. KORNICZKY, Cal. Bar No. 135532 (*Pro Hac Vice*)
DANIEL N. YANNUZZI, Cal. Bar No. 196612 (*Pro Hac Vice*)
MICHAEL MURPHY, Cal. Bar No. 234695 (*Pro Hac Vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 200
San Diego, California  92130
Telephone:  (858) 720-8900
Facsimile:  (858) 509-3691


Attorneys for Plaintiff
NEXTEC APPLICATIONS, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| NEXTEC APPLICATIONS, INC., a Georgia corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>BROOKWOOD COMPANIES, INC., a Delaware corporation,<br><br>        Defendant. | Case No. 07CV6901 (RJH)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE EXPERT REPORTS, REBUTTAL REPORTS AND TESTIMONY OF THOMAS COLASANTO AND PETER J. HAUSER (MOTION IN LIMINE NO. 1)** |

TABLE OF CONTENTS

Page

I.      INTRODUCTION ................................................................................................ 1

II.     OVERARCHING FAILINGS IN BROOKWOOD'S PROFFERED
        EXPERT TESTIMONY ....................................................................................... 2

III.    REQUIRED CONTENTS OF AN EXPERT REPORT ......................................... 5

IV.     OPINIONS REGARDING NON-ASSERTED PATENTS ..................................... 6

V.      THE STANDARD FOR THE ADMISSIBILITY OF EXPERT
        TESTIMONY ...................................................................................................... 8

VI.     SPECIFIC FAILINGS IN BROOKWOOD'S EXPERT REPORTS ..................... 10

        A.      Opinions of Colasanto and Hauser Regarding Brookwood's
                Purported Practicing of the Prior Art Must be Excluded ........................... 10

        B.      Opinions of Colasanto and Hauser Regarding the Rudman Patent
                and the Smith Patent Must be Excluded..................................................... 11

        C.      Opinions Regarding Comparisons between Brookwood's and
                Nextec's Fabric Coatings and Processes Must be Excluded ....................... 15

        D.      Brookwood's Expert Opinions Regarding Double Patenting Must Be
                Excluded .................................................................................................... 16

        E.      Brookwood's Expert Opinions Regarding Indefiniteness, Lack of
                Written Description or Lack of Enablement Must be Excluded ................ 17

VII.    CONCLUSION ................................................................................................. 18

## TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*Amazon.com, Inc. v. BarnesandNoble.com, Inc.*
239 F.3d 1343 (Fed. Cir. 2001).................................................................2, 15

*Baxter Healthcare Corp. v. Spectramed, Inc.*
49 F.3d 1575 (Fed. Cir. 1995)......................................................................10

*Citizens Financial Group, Inc. v. The Citizens National Bank of Evans City*
2003 U.S. Dist LEXIS 25977 (W.D. Pa. Apr. 23, 2003).........................10

*Club Car, Inc. v. Club Car (Quebec) Import, Inc.*
362 F.3d 775 (11th Cir. 2004) .....................................................................10

*Daubert v. Merrell Dow Pharms., Inc. ("Daubert II")*
43 F.3d 1311 (9th Cir. 1995) .........................................................................9

*Daubert v. Merrell Dow Pharms., Inc.*
509 U.S. 579 (1993)...................................................................................5, 8, 9

*DSU Medical Corp. v. JMS Co.*
296 F.Supp.2d 1140 (N.D. Cal. 2003) ...................................................10, 16

*Duro-Last, Inc. v. Custom Seal, Inc.*
321 F.3d 1098 (Fed. Cir. 2003)......................................................................3

*Enzo Biochem, Inc. v. Calgene, Inc.*
188 F.3d 1362 (Fed, Cir. 1999).................................................................2, 14

*General Elec. Co. v. Joiner*
522 U.S. 136 (1997).........................................................................................9

*Graham v. John Deere Co.*
383 U.S. 1 (1966)......................................................................................12, 13

*Juicy Whip, Inc. v. Orange Bang, Inc.*
292 F.3d 728 (Fed. Cir. 2002).......................................................................11

*KSR International, Inc. v. Teleflex, Inc.*
127 S.Ct. 1727 (2007)....................................................................................13

*Kumho Tire Co., Ltd. v. Carmichael*
526 U.S. 137 (1999)...............................................................................5, 8, 9, 15

*Loctite Corp. v. Ultraseal Ltd.*
  781 F.2d 861 (Fed. Cir. 1985)................................................................................4

*Ruiz v. A.B. Chance Co.*
  234 F.3d 654 (Fed. Cir. 2000)..............................................................................12

*Schmer v. Lab. Computer Sys., Inc.*
  308 F.3d 1304 (Fed. Cir. 2002)..............................................................................3

*Sheats v. Bowen*
  318 F. Supp. 640 (D. Del. 1970)............................................................................9

*Sunlight Saunas, Inc. v. Sundance Sauna, Inc.*
  427 F. Supp. 2d 1022 (D. Kan. 2006)....................................................................9

*Tate Access Floors v. Interface Architectural Res.*
  279 F.3d 1357 (Fed. Cir. 2002)............................................................................10

*United States v. Williams*
  506 F.3d 151 (2d Cir. 2007)...................................................................................9

*Zenith Labs. v. Bristol-Myers Squibb Co.*
  19 F.3d 1418 (Fed. Cir. 1994) .........................................................................4, 16

Statutes

35 U.S.C. § 102..........................................................................................3, 11, 12, 13

35 U.S.C. § 103..........................................................................................3, 11, 12, 13

35 U.S.C. § 112.............................................................................................................2

Other Authorities

Federal Rule of Civil Procedure 26 .............................................................................5

Federal Rule of Civil Procedure Rule 26(a)(2)(B) ..................................................5, 6

Federal Rule of Evidence 402....................................................................1, 4, 6, 7, 8, 16

Federal Rule of Evidence 403....................................................................1, 4, 6, 7, 8, 16

Federal Rule of Evidence 702...........................................................1, 4, 8, 9, 15, 16, 17

## I.     **INTRODUCTION**

This is a patent infringement action.  Nextec Applications, Inc. ("Nextec") asserts that Brookwood Companies, Inc. ("Brookwood") infringes Claim 1 of U.S. Patent No. 5,945,902 (the "'902 Patent") and Claims 1 and 57 of U.S. Patent No. 6,289,841 (the "'841 Patent") (collectively the "Asserted Claims") through Brookwood's method of making and system for making, among other things, its "Storm-Tec X-Treme" fabrics.  The '902 and the '841 Patents are collectively referred to as the "Asserted Patents."

Brookwood designated Mr. Thomas Colasanto ("Colasanto") and Dr. Peter J. Hauser ("Hauser") as experts in this case to testify regarding the validity and infringement of certain United States Patents including the Asserted Claims.  Colasanto produced an expert report dated January 4, 2009 (*See* Declaration of Sean Kirby in Support of Plaintiff's Motions in Limine ("Kirby Decl." Ex. 2) ("Colasanto Expert Report") and a rebuttal report dated February 25, 2009 (Kirby Decl. Ex. 3) ("Colasanto Rebuttal Report").  Hauser produced an expert report dated January 15, 2009 (Kirby Decl. Ex. 4) ("Hauser Expert Report") and a rebuttal report dated February 25, 2009 (Kirby Decl. Ex. 5) ("Hauser Rebuttal Report").  The expert and rebuttal reports of Colasanto and Hauser are collectively referred to as the "Expert Reports."

Nextec now moves to exclude Colasanto's and Hauser's "expert" testimony because the proffered testimony fails to satisfy Federal Rules of Evidence 402, 403, and 702.  Colasanto's and Hauser's analyses are fundamentally flawed, fail to address the Asserted Claims, and apply improper legal theories.  Accordingly, their proffered testimony is irrelevant, improper, overly confusing, unreliable and unhelpful to the jury.

## II.   OVERARCHING FAILINGS IN BROOKWOOD'S PROFFERED EXPERT TESTIMONY

In his expert and rebuttal reports, Colasanto purported to offer opinions regarding (1) Brookwood's alleged practicing of the prior art; (2) alleged invalidity of the Nextec's patents based on U.S. Patent Nos. 3,595,213 to Rudman (the "Rudman patent") and 3,434,875 to Smith et al. (the "Smith patent"); (3) alleged comparisons between Brookwood's and Nextec's apparatus and processes; (4) alleged invalidity of Nextec's patents for alleged failure to comply with 35 U.S.C. §112, *i.e.*, alleged indefiniteness, lack of written description or lack of enablement; and (5) alleged double patenting.  Hauser's expert and rebuttal reports are essentially concurring opinions of Colasanto's expert and rebuttal reports, respectively, and provide no substantial additions to Colasanto's reports.

The Expert Reports also purport to offer opinions regarding the validity and infringement of Nextec patents that will not proceed to trial, including U.S. Patent Nos. 5,418,051 (the "'051 patent") and 5,869,172 (the "'172 patent").  These opinions are irrelevant to issues related to the validity and infringement of the Asserted Claims.  *See Enzo Biochem, Inc. v. Calgene, Inc.*, 188 F.3d 1362, 1379 (Fed, Cir. 1999) ("[A] party may not avoid its burden of proof by making a blanket statement that its proofs with respect to one patent apply to another and not provide a formal analysis as to why that is true.); *see also Amazon.com, Inc. v. BarnesandNoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001) ("[I]nfringement and validity analyses must be performed on a claim-by-claim basis.").  Because the '051 and '172 Patents are no longer at issue, and bear claim terms different from the Asserted Claims, permitting testimony regarding the '051 and '172 Patents presents a danger of unfair prejudice by confusing or misleading the jury.

Furthermore, Colasanto's and Hauser's purported opinions regarding Brookwood's alleged practicing of the prior art are neither supported by the law nor substantiated by reliable

evidence.  None of the Expert Reports set forth any element-by-element comparison of any of the Asserted Claims to any alleged prior art nor to Brookwood's alleged coating practices prior to the invention dates of the Asserted Patents.  (*See* accompanying Plaintiff's Motion in Limine to Preclude Testimony Regarding Defendant's Practicing of Prior Art and to Strike Certain Portions of Expert Reports and Rebuttal Reports of Thomas Colasanto and Peter J. Hauser).  Nor, are there element-by-element comparisons to the alleged prior art patents that Brookwood purportedly practices – *i.e.*, the Rudman Patent.  (*See* Kirby Decl. Ex. 24 (Hauser Depo. at 50:16-51:2).)  As a result of these failures, this Court has already ruled that Brookwood cannot show that either the Rudman Patent or the Smith Patent anticipate the Asserted Claims.  *See* Dkt No. 118 at pp. 45-62.[1]  Brookwood's Expert Reports similarly fail to articulate a proper basis for any purported finding of obviousness.  Likewise, Colasanto's and Hauser's purported opinions

---

[1] This Court strongly criticized the adequacy of  Colasanto's expert report and both Colasanto's and Hauser's deposition testimonies in the Memorandum Opinion and Order of March 31, 2010 (Docket Entry 118, at 53 n.23) ("Mr. Colasanto's report is conclusory and is filled with vague generalizations for which he has failed to articulate an adequate basis of support.  *See Schmer* [*v. Lab. Computer Sys., Inc.*], 308 F.3d [1304,] 1315 [(Fed. Cir. 2002)] (invalidity cannot be established by conclusory testimony).  Second, the above-quoted excerpt from Mr. Colasanto's report reveals that in forming his opinion that the claims in question must be invalid in light of the prior art if the accused products are found to infringe those claims, Mr. Colasanto conflated two distinct bases for establishing patent invalidity: anticipation by prior art under 35 U.S.C.§ 102 (which requires a showing that the patented claim is anticipated by a *single* prior art reference) and obviousness under 35 U.S.C.§ 103 (in which a patent may be found invalid based on the combined teachings of various items of prior art).  *See Duro-Last, Inc. v. Custom Seal, Inc.*, 321 F.3d 1098, 1107 (Fed. Cir. 2003) ("obviousness and anticipation are related, but are legally distinct and separate challenges to a patent's validity"). . . . Because Mr. Colasanto's opinion of invalidity is premised on a conflation of the concepts of anticipation and obviousness, it does not appear that he has any basis to offer an independent opinion that the Asserted Claims are anticipated by a single item of prior art (as opposed to being rendered obvious by the combined teachings of the prior art).  Indeed, throughout his deposition, Dr. Colasanto conflated various items of prior art, suggesting that he had not properly determined that the Asserted Claims are anticipated by a single item of prior art. (Internal quotations of Colasanto's deposition transcript omitted).  As Dr. Hauser merely concurred in Mr. Colasanto's opinions and does not appear to have performed any independent analysis of his own—at least with respect to the Rudman Patent and the Smith Patent—his testimony is similarly inadequate.")

related to indefiniteness, lack of written description or lack of enablement are nothing more than conclusory assertions that fail to articulate any reason as to why each of the Asserted Claims is invalid for the lack of written description, for the lack of enablement, or for indefiniteness.

Similarly, both Colasanto and Hauser utterly fail to provide a proper non-infringement analysis in their Expert Reports.  Instead of comparing each element of each of the Asserted Claims against Brookwood's coating apparatus or process accused of infringement, Colasanto and Hauser relied on differences between Nextec's and Brookwood's respective processes and fabric coatings to support their non-infringement assertions.  However, this is legally improper. *See Zenith Labs. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994), *cert. denied*, 513 U.S. 995 (1994); *Loctite Corp. v. Ultraseal Ltd.*, 781 F.2d 861, 870 (Fed. Cir. 1985). ("As we have repeatedly said, it is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other version of the product or process; the only proper comparison is with the claims of the patent.").  Indeed, none of the Expert Reports provide any element-by-element comparisons between each of the Asserted Claims and accused process or apparatus, nor do they provide any infringement claim charts illustrating any differences between each of the Asserted Claims and each accused process or apparatus.

As even a cursory review illustrates, none of the invalidity and non-infringement analyses set forth in any of the Expert Reports are based upon reliable facts or data, nor are they the product of legally relevant and reliable principles and methods.  Thus, Colasanto's and Hauser's purported opinions fail to satisfy the requirements of Rules 402, 403 or 702 of the Federal Rules of Evidence, as well as the criteria for admissibility of expert testimony enunciated by the Supreme Court in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) and *Kumho Tire*

*Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).  Accordingly, all the expert reports and

testimonies of Colasanto and Hauser should be excluded in their entirety.

## III.  <u>REQUIRED CONTENTS OF AN EXPERT REPORT</u>

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure states that disclosure of expert

testimony "must be accompanied by a written report," and specifically requires that the written

expert report contain the following:

> (i)      a complete statement of all opinions the witness will
> express and the basis and reasons for them;
>
> (ii)     the facts or data considered by the witness in forming them;
>
> (iii)    any exhibits that will be used to summarize or support
> them;
>
> (iv)     the witness's qualifications, including a list of all
> publications authored in the previous 10 years;
>
> (v)      a list of all other cases in which, during the previous 4
> years, the witness testified as an expert at trial or by deposition;
> and
>
> (vi)     a statement of the compensation to be paid for the study
> and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

Thus, Rule 26 requires, among other things, that Brookwood's Expert Reports set forth

the entire testimony that Brookwood's experts will offer.  However, not only do the Expert

Reports fail to set forth legally supportable opinions, but they also fail to meet many of the other

requirements of Rule 26.  For example, none of the Expert Reports disclose the compensation to

be paid for their study and testimony in this case.  The curricula vitae of Colasanto and Hauser

also fail to disclose expert witness experience in the past four years or to indicate that they have

no prior expert witnessing experience.   (Kirby Decl. Exs. 5, 7). Colasanto's curriculum vitae

fails to disclose any publications or to indicate that he has had no publications in the past ten

years.  (Kirby Decl. Ex. 6).  Furthermore, in their opinions regarding Brookwood's alleged

practicing of the prior art, Colasanto and Hauser utterly fail to provide any facts, data or exhibits

to support their conclusion that Brookwood, or anyone else in the industry, had used such

"conventional" or "historical" fabric coating apparatus or process prior to the invention dates of

the Asserted Patents.  (See Kirby Decl. Ex. 2 [Colasanto Expert Report] ¶¶ 7, 8, 10-14, 16-22;

Kirby Decl. Ex. 3 [Colasanto Rebuttal Report] ¶¶ 19, 22-27; Kirby Decl. Ex. 4 [Hauser Expert

Report] ¶¶ 4-7; Kirby Decl. Ex. 5 [Hauser Rebuttal Report] ¶¶ 6, 8-16).  Therefore, the Expert

Reports fail to satisfy at least the formal requirements of Fed. R. Civ. P. 26(a)(2)(B).

## IV.     OPINIONS REGARDING NON-ASSERTED PATENTS

Among the patents asserted in the amended complaint only Claim 1 of the '902 patent and

Claims 1 and 57 of the '841 patent will proceed to trial.  In contrast, U.S. Patent Nos. 5,418,051

("the '051 patent"), 5,856,245 ("the '245 patent"), 5,869,172 ("the '172 patent"), 6,071,602 ("the

'602 patent") and 6,129,978 ("the '978 patent") (collectively "Non-Asserted Patents") are not

proceeding to trial.  These Non-Asserted Patents are irrelevant to the issues before the jury –

infringement and validity of the Asserted Claims – and introduction of such irrelevant testimony

risks confusing the jury.  Accordingly, sections of the Expert Reports that address Non-Asserted

Patents should be excluded under Federal Rule of Evidence 402 ("evidence which is not relevant

is not admissible") and/or Federal Rule of Evidence 403 ("evidence may be excluded if its

probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

issues, or misleading the jury").

In the Colasanto Expert Report, at least Paragraphs 10, 11, 23-25 and 27 contain specific

references to one or more of the Non-Asserted Patents which will not be tried before the jury.

(Kirby Decl. Ex. 1 ¶¶ 10, 11, 23-25 and 27).  These and accompanying paragraphs in Colasanto

Expert Report merely contain vague, unfounded generalizations of what the "Nextec patents"

cover and vague, unfounded conclusory allegations of invalidity of the "Nextec patents," in some instances referring to the '051 patent as an example of "Nextec patents."   (Kirby Decl. Ex. 1 ¶¶ 9-18, 22-25 and 27).  Nothing in these paragraphs addresses the Asserted Claims. The only claim chart attached to Colasanto Expert Report, Exhibit B, includes certain claims from Non-Asserted Patents but none of the Asserted Claims of the Asserted Patents.  (Kirby Decl. Ex. 18 [Colasanto Expert Report Ex. B]).

Thus, at least Paragraphs 10, 11, 23-25 and 27 and Exhibit B from the Colasanto Expert Report, and any other testimony regarding the Non-Asserted Patents, are irrelevant to the Asserted Claims to be tried and should be excluded under Fed. R. Evid. 402.  Furthermore, were these portions of the Colasanto Expert Report to be presented to the jury, they would confuse and mislead the jury by conflating the Non-Asserted Patents with the Asserted Claims, thereby creating significant undue prejudice to Nextec.  Therefore, even if these portions of Colasanto Expert Report and any testimony regarding the Non-Asserted Patents were marginally relevant to the Asserted Claims, they should be excluded under Fed. R. Evid. 403.  Accordingly, the Court should exclude Colasanto's testimony relating to Paragraphs 9-18, 22-25, 27, 28 of the Colasanto Report.

The Hauser Expert Report is essentially a concurring opinion of the Colasanto Expert Report and the only reference it contains to any patent claim is a specific reference to the '051 patent in Paragraph 8, which apparently alleges indefiniteness of claim 27 of the '051 patent. (Kirby Decl. Ex. 4 ¶ 8).  Because the entire Hauser Expert Report fails to provide any analysis of the Asserted Claims, it should be excluded in its entirety under Fed. R. Evid. 402 and/or 403 for the same reasons stated above with respect to the Colasanto Expert Report.

The Colasanto Rebuttal Report is also directed to the '051 and '172 patents, which are among the Non-Asserted Patents, but not to any of the Asserted Patents.  (*See* Kirby Decl. Ex. 3 ¶¶ 3, 8-11, 20-23).  Likewise, the Hauser Rebuttal Report contains numerous references to the '051 patent and is only directed to the '051 patent.  (Kirby Decl. Ex. 5 ¶¶ 3-6, 12-14).  Thus, both Colasanto Rebuttal Report and Hauser Rebuttal Report fail to contain any analysis at all of the Asserted Claims.  Accordingly, both rebuttal reports should be excluded in their entirety for irrelevancy under Fed. R. Evid. 402, or for significant unfair prejudice to Nextec under Fed. R. Evid. 403.

## V.      THE STANDARD FOR THE ADMISSIBILITY OF EXPERT TESTIMONY

Rule 702 of the Federal Rule of Evidence states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.  The Supreme Court has charged district courts with a "gatekeeping" function to ensure that testimony provided by an expert is both reliable and relevant.  *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 597 (1993) (The Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.")*.*  While *Daubert* dealt specifically with scientific testimony, the "gatekeeping" requirement applies to all expert testimony*.  See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, (1999).  In explaining the objective of *Daubert's* gatekeeping requirement on the part of the trial judge, the Supreme Court in *Kumho Tire* stated:

> It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the

> courtroom the **same level of intellectual rigor that characterizes the practice of an expert in the relevant field**.  Nor do we deny that, as stated in *Daubert*, the particular questions that it mentioned will often be appropriate for use in determining the reliability of challenged expert testimony.

*Kumho Tire*, 526 U.S. at 152 (emphasis added).

As the party proffering Colasanto's and Hauser's testimonies, Brookwood bears the burden of proving by a preponderance of the evidence that their testimonies are sufficiently reliable to be admitted under Fed. R. Evid. 702.  *See United States v. Williams,* 506 F.3d 151, 160 (2d Cir. 2007) ("[T]he proponent of expert testimony has the burden of establishing by a preponderance of the evidence that the admissibility requirements of Rule 702 are satisfied.").

Under *Daubert* principles, an expert cannot base his testimony on subjective belief or speculation.  *See, e.g., Sunlight Saunas, Inc. v. Sundance Sauna, Inc.*, 427 F. Supp. 2d 1022, 1030 (D. Kan. 2006) ("[T]he trial court also must determine whether the expert opinion is 'based on facts that enable the expert to express a reasonably accurate conclusion as opposed to conjecture or speculation.'").  Furthermore, "where expert testimony is based on a stated assumption there must be some evidence that the assumption is valid." *Sheats v. Bowen*, 318 F. Supp. 640, 644 (D. Del. 1970).  An expert's assurance that his methodology and supporting data are reliable will not suffice to carry this burden.  *Daubert v. Merrell Dow Pharms., Inc. ("Daubert II")*, 43 F.3d 1311, 1316 (9th Cir. 1995).  Indeed, neither *Daubert* nor the Federal Rules of Evidence "requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert."  *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).  Thus, Brookwood must show that the expert opinions of Colasanto and Hauser are supported by evidence, not by mere speculation.

Moreover, Brookwood must show that its proffered expert testimony is the result of a reliable methodology.  However, "[r]eliable methodology requires that the legal grounds used by

an expert … be legally acceptable." *DSU Medical Corp. v. JMS Co.*, 296 F.Supp.2d 1140, 1148

(N.D. Cal. 2003) (excluding testimony based on unprecedented legal theory); *see also Club Car,*

*Inc. v. Club Car (Quebec) Import, Inc.*, 362 F.3d 775, 780 (11th Cir. 2004) (excluding testimony

based on incorrect legal standard).  Here, Colasanto's and Hauser's proffered testimony is riddled

with applications of improper legal standards.  Analysis that uses an improper legal standard

does not assist (and may mislead) the jury, and must be excluded.[2]  *See Citizens Financial*

*Group, Inc. v. The Citizens National Bank of Evans City*, 2003 U.S. Dist LEXIS 25977 at *41-46

(W.D. Pa. Apr. 23, 2003) (excluding testimony based on legally incorrect standards).

## VI.   SPECIFIC FAILINGS IN BROOKWOOD'S EXPERT REPORTS

### A.   Opinions of Colasanto and Hauser Regarding Brookwood's Purported Practicing of the Prior Art Must be Excluded

Colasanto and Hauser opined that Brookwood is practicing the prior art. ].  (*see* Kirby

Decl. Ex. 2 [Colasanto Expert Report] ¶¶ 7-9, 14, 16, 18-22; Ex. 3 [Colansanto Rebuttal Report]

¶¶ 19, 22, 23, 25-27; Ex. 4 [Hauser Expert Report] ¶¶ 4-7; Ex. 5 [Hauser Rebuttal Report] ¶¶ 9,

11, 14-16).  The Federal Circuit has made it "unequivocally clear" that "there is no 'practicing

the prior art' defense to literal infringement." *Tate Access Floors v. Interface Architectural Res.*,

279 F.3d 1357, 1365 (Fed. Cir. 2002), citing *Baxter Healthcare Corp. v. Spectramed, Inc.*, 49

F.3d 1575, 1583, (Fed. Cir. 1995).  Because "practicing the prior art" is a legally improper

defense, the Court should exclude the Expert Opinions that Brookwood practices the prior art.[3]

---

[2]   Hauser even admitted in his deposition that he does not understand the legal process sufficiently enough to be able to determine whether something is valid or invalid." (*See* Kirby Decl. Ex. 24 (Hauser Depo.) at 61:17-61:21).

[3]   This is more thoroughly discussed in Nextec's Concurrent Motion in Limine to Preclude Brookwood from Introducing Argument, Testimony or Evidence that It Practices the Prior Art.

Similarly, "practicing the prior art" is not a legally proper means to demonstrate invalidity. Rather a patent defendant must show on an element by element basis that an asserted claim is anticipated by whatever prior art the defendant claims it allegedly practiced. When the asserted basis of invalidity is prior use, the party with the burden of proof must show that the subject of the barring activity met **each of the limitations of the claim**, and thus was an embodiment of the claimed invention. *Juicy Whip, Inc. v. Orange Bang, Inc.,* 292 F.3d 728, 738 (Fed. Cir. 2002) (emphasis added) (reversing jury's invalidation based upon prior use). Here, Brookwood's experts opined that Brookwood practiced the Rudman Patent. (*See* Kirby Decl. Ex. 24 (Hauser Depo. at 50:16-51:2.) However, the Expert Reports fail to set forth an element by element comparison between the Asserted Claims and the Rudman Patent (or any other patent). Furthermore, Hauser admitted in his deposition that his understanding that the KK-1 coater and the "historic Ken Reign Red fabric" existed in the 1980's was based on "a verbal discussion" and not "supported by any documentation." (Hauser Depo. at 32:34-33: 25). Accordingly, this Court correctly ruled that Brookwood cannot prove that the Rudman (or the Smith Patent) anticipate the Asserted Claims. *See* Dkt. No. 183 at pp. 45-62. Given this ruling, any expert testimony regarding Brookwood's practicing the prior art would not only be legally improper, it would also undermine the Court's prior ruling in this case. Accordingly, the Court should exclude expert testimony related to Brookwood's purported "practicing the prior art."

### B. Opinions of Colasanto and Hauser Regarding the Rudman Patent and the Smith Patent Must be Excluded

The Expert Reports identify the Rudman Patent and the Smith Patent as potentially invalidating prior art under 35 U.S.C. §102 and/or §103. As this Court previously noted, the Expert Reports are so poorly written that they conflate anticipation under Section 102 and obviousness under Section 103. *See* Dkt. No. 118 at 53, n.23. Given their inability to apply the

proper legal standards, the Court should exclude any testimony by Colasanto or Hauser purporting that the Rudman Patent and/or the Smith Patent render the Asserted Claims invalid under either Sections 102 or 103.  Notably, the Court has already granted Nextec's motion for summary judgment that the Asserted Claims "are not anticipated by the Rudman Patent and/or by the Smith Patent" under 35 U.S.C. § 102.  *See* Dkt No. 118 at 55.  Given this prior ruling, neither Colasanto nor Hauser should be permitted to testify that either the Rudman Patent or the Smith Patent anticipate the Asserted Claims.[4]

Similarly, the Expert Reports are incapable of proving by clear and convincing evidence that the Rudman Patent or Smith Patent render any of the Asserted Claims obvious under 35 USC §103.  Section 103 states that a patent is not valid if it is obvious in light of the prior art.  To prove that a patent is obvious a Court must consider (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) objective indicia of non-obviousness.  *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966); *see also Ruiz v. A.B. Chance Co*., 234 F.3d 654, 663 (Fed. Cir. 2000) ("[P]recedent clearly establishes that the district court must make Graham findings before invalidating a patent for obviousness.").  Here, Brookwood's Expert Reports fail to set forth, let alone analyze, any of these factors.

None of the Expert Reports apply the *Graham* factors to analysis of any of the **Asserted Claims**.  That is, there is no element-by-element discussion of the scope and content of the prior art (either the Rudman Patent or Smith Patent), there is no element-by-element comparison of the differences between the prior art and the Asserted Claims, there is no discussion of the level of

---

4   This issue is discussed in more detail in Nextec's Motion in Limine to Preclude Brookwood from Introducing Argument, Testimony or Evidence Suggesting that the Rudman Patent, Smith Patent or Ken Reign Fabric Anticipate the Asserted Patents.

skill in the art or how one of skill in the art would understand the prior art and differences

between the prior art and the Asserted Claims, nor is there any discussion addressing objective

indicia of non-obviousness.  All these factors are absent – factors that have been required by the

Supreme Court for the past forty-five years.  *See Graham v. John Deere Co.*, 383 U.S. at 17-18;

*KSR International, Inc. v. Teleflex, Inc.*, 127 S.Ct. 1727 (2007).  But here, there is simply no

evidence in any of the Expert Reports that would allow a reasonable jury to conclude that any of

the Asserted Claims would be rendered obvious by either the Rudman patent or the Smith patent,

or a combination or modification thereof, based on an analysis as to why one of ordinary skill in

the art would have combined the teachings of the Rudman patent and the Smith patent to arrive

at the invention, for example, or why any elements in the Asserted Claims undisclosed by the

Rudman and Smith patents would be obvious to one of ordinary skill in the art.  Instead,

Brookwood's Expert Reports merely make conclusory assertions that Nextec's patents are

obvious.  But "rejections on obviousness grounds cannot be sustained by mere conclusory

statements; instead, there must be some articulated reasoning with some rational underpinning to

support the legal conclusion of obviousness."  *KSR*, 127 S.Ct. at 1741.

　　　　For example, Brookwood's Expert Reports fail to set forth the scope and content of either

the Rudman Patent or the Smith Patent.  These reports similarly fail to provide any comparison

of either the Rudman patent or the Smith patent, or a combination thereof, against any of the

Asserted Claims.  Exhibit B of Colasanto Expert Report provides a claim chart regarding certain

claims from the Non-Asserted Patents, but in the "Notes" column, Colasanto fails to substantiate

invalidity on the ground of either anticipation under 35 U.S.C. § 102 or obviousness under 35

U.S.C. § 103.  Indeed, some of the narratives in the "Notes" column appear to be proposed claim

construction of some of the Non-Asserted Patents rather than invalidity assertions.  (*See* Kirby Decl. Ex. 18).

Moreover, the body of the Colasanto Expert Report fails to mention the Smith patent even once, and only contains vague, generalized references to the Rudman patent as an **example** of prior art.  (*See, e.g.,* Kirby Decl. Ex. 2 ¶¶ 11, 12, 15, 17).  The Colasanto Expert Report fails to provide any specific element-by-element comparison of the scope of disclosure of the Rudman patent to any of Nextec's patent claims, let alone any of the Asserted Claims.  The Colasanto Rebuttal Report suffers the same defect, with only a vague, generalized reference to the Rudman patent but without any rigorous invalidity analysis.  (*See* Kirby Decl. 3 Ex. B, ¶ 22).

The Hauser Expert Report and Hauser Rebuttal Report also suffer the same fatal flaws. In essence, Hauser's opinions regarding alleged invalidity of Nextec's patents are nothing more than a concurrence of Colasanto's opinions.  As the Court observed, "Dr. Hauser merely concurred in Mr. Colasanto's opinions and does not appear to have performed any independent analysis of his own—at least with respect to the Rudman Patent and the Smith Patent—his testimony is similarly inadequate."  (Docket Entry 118, at 53 n.23).

Moreover, what limited claim analysis appears in Brookwood's expert reports – *i.e.*, Exhibit B from the Colasanto Expert Report addresses Non-Asserted Claims that are neither identical nor similar to any of the Asserted Claims.  (*See* Kirby Decl. Ex. 2 [Colasanto Expert Report Ex. B])   Thus, assuming, *arguendo*, that Exhibit B of Colasanto Expert Report properly assessed the scope of the prior art, the Expert Reports are still woefully deficient for failing to provide an obviousness analysis based on either the Rudman patent or the Smith patent, or a combination or modification thereof to the Asserted Claims.  *See Enzo Biochem*, 188 F.3d at 1379 ("[A] party may not avoid its burden of proof by making a blanket statement that its proofs

-14-

with respect to one patent apply to another and not provide a formal analysis as to why that is true."); *see also Amazon.com, Inc. v. Barnesandnoble.com. Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001) ("[I]nfringement and validity analyses must be performed on a claim-by-claim basis.").

In summary, both Colasanto and Hauser have utterly failed to provide any invalidity analysis that is based upon sufficient facts or evidence and that is the product of reliable (or even legally supportable) principles and methods.  Furthermore, Colasanto and Hauser have both failed to demonstrate that they have applied reliable principles and methods to the facts of the case in their Expert Reports, and certainly have failed to demonstrate that they are capable of "employ[ing] in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."  *Kumho Tire*, 526 U.S. at 152.  Therefore, Colasanto's and Hauser's invalidity "opinions" fail all three prongs of Rule 702 of the Federal Rules of Evidence. Accordingly, the Court should exclude Brookwood's proffered Expert Testimony relating to the Rudman and Smith Patents.

## C.     Opinions Regarding Comparisons between Brookwood's and Nextec's Fabric Coatings and Processes Must be Excluded

Colasanto Rebuttal Report contains numerous statements comparing Brookwood's coating apparatus and process to Nextec's own commercial embodiments of the invention  .  (*See* Kirby Decl. Ex. 3 ¶¶ 24-27).  Specifically, Colasanto alleges that "there are material differences between the manufacturing process and compositions used by Brookwood, which are typical of a conventional coating process, and the mechanism and polymers used by Nextec in its process and as described in the patents in this action."  (Kirby Decl. Ex. 3 ¶ 27.).  Likewise, the Hauser Rebuttal Report also contains numerous statements comparing Brookwood's process to Nextec's process.  (Kirby Decl. Ex. 5, 7-11, 14-16).

Not only are such comparisons irrelevant to the issue of whether Brookwood's accused apparatus or process infringes any of the Asserted Claims, but also they are legally improper as a basis for asserting non-infringement.  *Zenith Labs. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994) ("As we have repeatedly said, it is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other version of the product or process; the only proper comparison is with the claims of the patent.").  As previously noted, "[r]eliable methodology requires that the legal grounds used by an expert … be legally acceptable."  *DSU Medical Corp. v. JMS Co.*, 296 F.Supp.2d 1140, 1148 (N.D. Cal. 2003).  Because, Colasanto's and Hauser's "opinions" comparing Brookwood's coating apparatus and process to the apparatus and process used by Nextec are legally improper, they fail to meet the reliable methodology requirement of FRE 702.

Similarly, Colasanto's and Hauser's "opinions" are irrelevant to the issues of infringement and invalidity of any of the Asserted Claims, and therefore also should also be excluded under Fed. R. Evid. 402.  And to the extent that they are deemed marginally relevant, their probative value is substantially outweighed by the danger of unfair prejudice to Nextec because such statements will confuse and mislead the jury into believing that infringement or validity of the Asserted Claims hinges upon a comparison between the patent owner's product or process and the accused infringer's product or process.  Thus, even if such "opinions" are deemed to have any relevancy, they should be excluded under Fed. R. Evid. 403.

### D.    Brookwood's Expert Opinions Regarding Double Patenting Must Be Excluded

The Colasanto Expert Report asserts that "there is also no material difference between practicing the steps of Claim 1 of the '792 patent [not asserted] and Claim 1 of the '902 patent." (Kirby Decl. Ex. 2 ¶ 28).  However, following a detailed and thorough analysis of these two

-16-

claims, this Court determined that "[t]he difference in scope between claim 1 of the '902 patent and claim 1 of the '792 patent is substantial."  (Docket Entry 118, Memorandum Opinion and Order, at 66).  Therefore, Colasanto and Hauser should be foreclosed from testifying that Claim 1 of the '792 patent has no material difference from Claim 1 of the '902 patent.  Permitting such testimony would permit Brookwood to ignore the Court's prior ruling on summary judgment.  Furthermore, the lack of any detailed comparison between claim 1 of the '792 patent and claim 1 of the '902 patent again demonstrates that Colasanto again failed to apply reliable principles and methods with the level of intellectual rigor that characterizes the practice of an expert in the relevant field.  Therefore, any testimony relating to double-patenting allegations, including conclusory statements comparing claim 1 of the '902 patent to claim 1 of the '792 patent, should be excluded under Fed. R. Evid. 702.

### E.    Brookwood's Expert Opinions Regarding Indefiniteness, Lack of Written Description or Lack of Enablement Must be Excluded

Brookwood's Expert Reports contain numerous statements that apparently relate to allegations of indefiniteness, lack of written description, or lack of enablement, for example, Paragraphs 23-27 of Colasanto Expert Report (Kirby Decl. Ex. 2 ¶¶ 23-27) and Paragraph 8 of Hauser Expert Report (Kirby Decl. Ex. 4 ¶ 8).  Except for Paragraph 26 of the Colasanto Expert Report, none of these statements are directed to any of the Asserted Claims, and are therefore irrelevant to any of the issues to be tried.

With regard to Claim 1 of the '841 patent, Colasanto merely makes a conclusory statement that "[t]here is no guidance provided in the patent" with respect to the terms "means for shear thinning" and "substantially reduce its viscosity."  (Kirby Decl. Ex. 2 ¶ 26).  However, the Colasanto Expert Report does not state why a person of ordinary skill in the art, by reading the specification of the '841 patent and applying his or her knowledge and experience in the field,

would fail to understand the scope of this claim.  Thus, again, Colasanto fails to demonstrate the level of intellectual rigor that characterizes the practice of an expert in analyzing why any of the Asserted Claims such as Claim 1 of the '841 patent would be indefinite or otherwise lacking in enablement or written description in the specification.  Accordingly, the Court should exclude Colasanto's testimony regarding any alleged failings in the claim language of Claim 1 of the '841 Patent.

## VII.    CONCLUSION

As the party seeking to introduce Colasanto's and Hauser's opinions, Brookwood bears the burden of proving by a preponderance of the evidence that their methodology is accepted, reliable and relevant, and that their opinions are supported by sufficient reliable evidence. Brookwood cannot meet this burden.  Substantial portions of the Expert Reports are not directed to specific claims, but instead to vague generalizations of "Nextec's patents," sometimes referring to some of the Non-Asserted Patents such as the '051 patent as an "example."  Moreover, Colasanto's and Hauser's invalidity analyses conflate anticipation with obviousness and merely assert that Brookwood purportedly practices the prior art.  These failings render their opinions legally improper, irrelevant, confusing and prejudicial.  Colasanto's and Hauser's statements comparing Brookwood's and Nextec's respective coating apparatus and processes are also improper, irrelevant, confusing and prejudicial.  Furthermore, Colasanto's opinions related to double patenting, indefiniteness, lack of enablement and lack of written description are merely conclusory statements without any factual support or rigorous expert analysis.

Given these fatal flaws, Nextec respectfully requests that the Court exclude Colasanto's and Hauser's reports and testimony in their entirety, or at the very least exclude their testimony regarding: (1) alleged practicing of the prior art; (2) alleged invalidity of the Asserted Patents based on U.S. Patent Nos. 3,595,213 to Rudman ("the Rudman patent") and 3,434,875 to Smith

-18-

et al. ("the Smith patent"); (3) alleged invalidity of the Asserted Patents based on alleged

indefiniteness or lack of written description or enablement; (4) alleged comparisons between

Brookwood's and Nextec's processes; and (5) alleged double patenting.

Dated:   September 12, 2011

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

By:   s/Stephen S. Korniczky
        STEPHEN S. KORNICZKY (admitted *pro hac vice*)
        DANIEL N. YANNUZZI (admitted *pro hac vice*)
        MICHAEL MURPHY (admitted *pro hac vice*)
        12275 El Camino Real, Suite 200
        San Diego, CA 92130
        Telephone:   (858) 720-8900
        Facsimile:   (858) 509-3691
        E-mail:   dayannuzzi@sheppardmullin.com
                 mmurphy@sheppardmullin.com

        and

        SEAN J. KIRBY (SK-9511)
        30 Rockefeller Plaza
        New York, New York  10112
        (212) 853-8700 (phone)
        (212) 853-8701 (fax)

        Attorneys for Plaintiff
        NEXTEC APPLICATIONS, INC.

-19-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of September, 2011, I caused copies of the following:

1.  NOTICE OF MOTION TO EXCLUDE EXPERT REPORTS, REBUTTAL REPORTS AND TESTIMONY OF THOMAS COLASANTO AND PETER J. HAUSER (MOTION IN LIMINE NO. 1)

2.  MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE EXPERT REPORTS, REBUTTAL REPORTS AND TESTIMONY OF THOMAS COLASANTO AND PETER J. HAUSER (MOTION IN LIMINE NO. 1); and

3.  DECLARATION OF SEAN J. KIRBY IN SUPPORT THEREOF, WITH EXHIBITS.

to be served by upon all counsel of record by the Court's Electronic Case Filing System;


And by electronic mail and U.S. Mail upon:

Ethan Horwitz, Esq.
King & Spalding LLP
1185 Avenue of the Americas,
New York NY 10036
*ehorwitz@kslaw.com*


_____*s/Sean J. Kirby*_____
Sean J. Kirby