SEAN J. KIRBY (SK-9511)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza, 24th Floor
New York, New York 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701

STEPHEN S. KORNICZKY, Cal. Bar No. 135532 (*Pro Hac Vice*)
DANIEL N. YANNUZZI, Cal. Bar No. 196612 (*Pro Hac Vice*)
MICHAEL MURPHY, Cal. Bar No. 234695 (*Pro Hac Vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 200
San Diego, California 92130
Telephone: (858) 720-8900
Facsimile: (858) 509-3691

Attorneys for Plaintiff
NEXTEC APPLICATIONS, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEXTEC APPLICATIONS, INC., a Georgia corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>BROOKWOOD COMPANIES, INC., a Delaware corporation,<br><br>    Defendant. | Case No. 07CV6901 (RJH)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE TESTIMONY REGARDING DEFENDANT'S PRACTICING OF PRIOR ART AND TO STRIKE CERTAIN PORTIONS OF EXPERT REPORTS AND REBUTTAL REPORTS OF THOMAS COLASANTO AND PETER J. HAUSER**<br>**[MOTION IN LIMINE NO. 17]** |

# I. INTRODUCTION

Plaintiff Nextec Applications, Inc. ("Nextec") respectfully requests this Court to preclude defendant Brookwood Companies, Inc. ("Brookwood") from offering any testimony, argument or evidence regarding its purported practicing of prior art.

Nextec further requests this Court to strike certain portions of the Expert Report of Thomas Colasanto (*See* Declaration of Sean Kirby in Support of Plaintiff's Motions in Limine ("Kirby Decl.") Ex. 2), the Rebuttal Report of Thomas Colasanto (Kirby Decl. Ex. 3), the Expert Report of Peter J. Hauser (Kirby Decl. Ex. 4) and the Rebuttal Report of Peter J. Hauser (Kirby Decl. Ex. 5)), regarding Brookwood's purported practicing the prior art. Specifically, Nextec requests this Court strike:

1) Paragraphs 7, 8, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21 and 22 of the Expert Report of Thomas Colasanto (Kirby Decl. Ex. 2 ¶¶ 7, 8, 10-14, 16-22);

2) Paragraphs 19, 22, 23, 24, 25, 26 and 27 of the Rebuttal Report of Thomas Colasanto (Kirby Decl. Ex. 3 ¶¶ 19, 22-27);

3) Paragraphs 4, 5, 6 and 7 of the Expert Report of Peter J. Hauser (Kirby Decl. Ex. 4 ¶¶ 4-7); and

4) Paragraphs 6, 8, 9, 10, 11, 12, 13, 14, 15 and 16 of the Rebuttal Report of Peter J. Hauser (Kirby Decl. Ex. 5, ¶¶ 6, 8-16).

## II. ARGUMENT

### A. Practicing the Prior Art is Not a Defense of Invalidity

Invalidation of a patent claim by "anticipation cannot be proved by merely establishing that one 'practices the prior art.'" *Zenith Elecs. Corp. v. PDI Commc'n Sys., Inc.*, 522 F.3d 1348, 1363 (Fed. Cir. 2008) (citing *Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F.3d 1357, 1364 (Fed. Cir. 2002)). In explaining the reason for not allowing the argument of "practicing the prior art" as a basis for invalidity, the Federal Circuit stated that "mere proof that the prior art is identical, in all material respects, to an allegedly infringing product cannot constitute clear and convincing evidence of invalidity," and that "[a]nticipation requires a showing that each element of the claim at issue, properly construed, is found in a single prior art reference."[1] *Zenith Elecs.*, 522 F.3d at 1363. Thus, because the defendant failed to show the relationship between the patent claim and the prior art, the Federal Circuit reversed the district court's grant of summary judgment of invalidity. *Id.* at 1364.

### B. Practicing the Prior Art is Not a Defense of Non-Infringement

Furthermore, "practicing the prior art" is not a valid defense to literal infringement. As early as 1995, in *Baxter Healthcare Corp. v. Spectramed, Inc.*, the Federal Circuit addressed the issue of practicing the prior art as a defense to literal infringement. 49 F.3d 1575 (Fed. Cir. 1995). There, the Circuit Court reviewed the district court's grant of JMOL in favor of the defendant on the ground that the defendant

---

[1] The Supreme Court recently issued its opinion affirming long-standing Federal Circuit precedents requiring that a defense of invalidity must be proved by clear and convincing evidence. *Microsoft Corp. v. i4i Ltd. P'ship*, ___ U.S. ___, 131 S. Ct. 2238, 2252 (2011).

was merely practicing the prior art and therefore could not have infringed the patent. The Circuit Court held that the district court's decision constituted reversible error. *Baxter Healthcare Corp. v. Spectramed, Inc.*, 49 F.3d 1575, 1583 (Fed. Cir. 1995).

The Federal Circuit affirmed its rejection of the practicing the prior art defense in *Tate Access Floors.* 279 F.3d 1357. In *Tate Access Floors* the defendant argued that its products "cannot literally infringe because they merely practice the prior art, or that which would have been obvious in light of the prior art," and attempted to use the "practicing the prior art" argument as a defense to literal infringement. *Tate Access Floors*, 279 F.3d at 1365. The Federal Circuit rejected this argument, noting that "claim language should generally be construed to preserve validity," and that "[p]rior art is relevant to literal infringement only to the extent that it affects the construction of ambiguous claims." *Id.* at 1367. "[T]he fact that the patentee happens to be practicing the prior art is irrelevant; it is the presence of the prior art and its relationship to the claim language that matters for invalidity." *Id.* Moreover, the Federal Circuit unequivocally stated that "our decision in *Baxter* directly forecloses [the defendant's] 'practicing the prior art' argument[.]" *Id.* at 1366. The Circuit Court recognized that the defendant's reliance on a "practicing the prior art" argument was merely a thinly veiled attempt to take advantage of the lower burden of proof for non-infringement. *Id.* at 1367 ("[A]ccused infringers are not free to flout the requirement of proving invalidity by clear and convincing evidence by asserting a 'practicing the prior art' defense to literal infringement under the less stringent preponderance of the evidence standard.").

### C. Testimony and Evidence Relating to Brookwood's Practicing of Prior Art Are Not Admissible

Without exception, the Federal Circuit has resoundingly rejected evidence of "practicing the prior art" as grounds for supporting both defenses of non-infringement and invalidity. In *Koito Mfg. Co., Ltd. v. Turn-Key-Tech, LLC*, 381 F.3d 1142 (Fed. Cir. 2004), the Federal Circuit stated that "this court has made clear that there is no 'practicing the prior art' defense to literal infringement," and that "[w]e therefore reject Koito's evidence of anticipation with respect to the prior art automobile lenses." *Id.* at 1153. Likewise, this Court should preclude Brookwood from offering any testimony, argument, or evidence regarding its purported practicing of prior art and strike the portions of the Expert Reports and Rebuttal Reports of Thomas Colasanto and Peter J. Hauser relating to Brookwood's purported practicing of prior art.

### III. CONCLUSION

Accordingly, Nextec respectfully requests that the Court grant Nextec's motion in limine to preclude Brookwood from offering any testimony, argument or evidence regarding its purported practicing of prior art. Nextec further respectfully requests that the Court strike the following portions of Expert Reports and Rebuttal Reports of Thomas Colasanto and Peter J. Hauser regarding Brookwood's purported practicing of prior art:

1) Paragraphs 7, 8, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21 and 22 of the Expert Report of Thomas Colasanto (Kirby Decl. Ex. 2 ¶¶ 7, 8, 10-14, 16-22);

2) Paragraphs 19, 22, 23, 24, 25, 26 and 27 of the Rebuttal Report of Thomas Colasanto (Kirby Decl. Ex. 3 ¶¶ 19, 22-27);

3) Paragraphs 4, 5, 6 and 7 of the Expert Report of Peter J. Hauser (Kirby Decl. Ex. 4 ¶¶ 4-7); and

4) Paragraphs 6, 8, 9, 10, 11, 12, 13, 14, 15 and 16 of the Rebuttal Report of Peter J. Hauser (Kirby Decl. Ex. 5 ¶¶ 6, 8-16).

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

Dated: September 12, 2011

SHEPPARD MULLIN RICHTER & HAMPTON LLP


By:   s/ Stephen S. Korniczky
     STEPHEN S. KORNICZKY (admitted *pro hac vice*)
     DANIEL N. YANNUZZI (admitted *pro hac vice*)
     MICHAEL MURPHY (admitted *pro hac vice*)
     12275 El Camino Real, Suite 200
     San Diego, CA 92130
     Telephone:   (858) 720-8900
     Facsimile:   (858) 509-3691
     E-mail:   dayannuzzi@sheppardmullin.com
           mmurphy@sheppardmullin.com

     and

     SEAN J. KIRBY (SK-9511)
     30 Rockefeller Plaza, Suite 2400
     New York, New York 10112
     (212) 653-8700 (phone)
     (212) 653-8701 (fax)

     Attorneys for Plaintiff
     NEXTEC APPLICATIONS, INC.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of September, 2011, I caused copies of the following:

1. NOTICE OF MOTION IN LIMINE TO PRECLUDE TESTIMONY REGARDING DEFENDANT'S PRACTICING OF PRIOR ART AND TO STRIKE CERTAIN PORTIONS OF EXPERT REPORTS AND REBUTTAL REPORTS OF THOMAS COLASANTO AND PETER J. HAUSER (MOTION IN LIMINE NO. 17)

2. MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE TESTIMONY REGARDING DEFENDANT'S PRACTICING OF PRIOR ART AND TO STRIKE CERTAIN PORTIONS OF EXPERT REPORTS AND REBUTTAL REPORTS OF THOMAS COLASANTO AND PETER J. HAUSER (MOTION IN LIMINE NO. 17); and

3. DECLARATION OF SEAN J. KIRBY IN SUPPORT THEREOF, WITH EXHIBITS.

to be served by upon all counsel of record by the Court's Electronic Case Filing System;

And by electronic mail and U.S. Mail upon:

Ethan Horwitz, Esq.
King & Spalding LLP
1185 Avenue of the Americas,
New York NY 10036
*ehorwitz@kslaw.com*

_____s/Sean J. Kirby_____
Sean J. Kirby