UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

NEXTEC APPLICATIONS, INC.,

                Plaintiff,

     – against –

BROOKWOOD COMPANIES, INC.

                Defendant.

------------------------------------------------x

07 Civ. 6901 (TPG)

OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/19/12

      Defendant moves to preclude testimony of plaintiff's expert, Dr. Christine Cole. Defendant seeks to preclude Dr. Cole's testimony concerning two separate expert reports, prepared in 2009 and 2012. With regard to the 2009 report, defendant moves to preclude Dr. Cole's testimony as to whether:

> (1) Brookwood's coating machine "shear thins" the coatings applied to its fabrics; (2) any alleged penetration and encapsulation of the fibers in Brookwood's fabric is caused by shear thinning (3) Brookwood's coating machine "substantially encapsulates" the fibers of the fabric; and (4) Brookwood must necessarily infringe the Nextec patents in order to meet the technical specifications contractually required by the U.S. Government.

      With regard to the 2012 report, defendant moves to preclude Dr. Cole's testimony regarding the so-called 52668 coating recently added to the case.

On both motions, defendant argues that Dr. Cole opinions are unsubstantiated assertions that do not meet the standard for the admissibility of expert testimony.

The Supreme Court has interpreted Fed. R. Evid. 702 to establish "a standard of evidentiary reliability" that expert testimony must meet to be admissible. Daubert v. Merrell Dow Pharms., 509 U.S. 579, 590 (1993). To ensure that expert testimony meets this standard, the court must determine "whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." Id. at 592. "This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Id. at 592-593. However, the court has "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999).

The court first holds that Dr. Cole is qualified to testify about the issues in this case. She is a leading academic at one of the few domestic institutions devoted to textile research. Defendant makes much of the fact that Dr. Cole has no experience in the commercial manufacture of fabric. Dr. Cole, however, has used "research scale" coating apparatuses more suited to the nature of her work. Deposition at p. 9. Defendant has provided no reason to believe that larger machines for industrial

- 3 -

production operate under different scientific principles than these smaller machines

Furthermore, the court believes that Dr. Cole has performed sufficient testing and analysis to permit her to testify in accordance with her reports.

SO ORDERED.

Dated: New York, New York
March 19, 2012

_____
Thomas P. Griesa
U.S.D.J.